UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**23-11160-B**

---

**BEFAITHFUL COKER**,
Appellant/Plaintiff

**SYLVESTER WARREN**, III, et al.,
Appellees/Defendant(s)

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
v. L.T. Case No. 3:22-cv-518-MMH-LLL

THE HONORABLE MARCIA M. HOWARD

---

# APPELLANT'S INITIAL BRIEF

---

Befaithful Coker, Pro se
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.com
386.697.6075

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO.: 23-11160-B

**BEFAITHFUL COKER**,
Appellant/Plaintiff,

v. L.T. Case No. 3:22-cv-518-MMH-LLL

**SYLVESTER WARREN**, III, et al.,
Appellees/Defendants.

APPELLANT'S CERTIFICATE OF INTERESTED
**PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26. 1-2, the following is a complete list of all trial judges, attorneys, person associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this castor appeal including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party that is known to the Appellant at this time.

1. 13th Street Home Sales, LLC — Legal Entity Related To Defendant/Appellee Kris Robinson

2. Ac Apparel Company LLC — Legal Entity Related To Defendants/Appellees Kris Robinson And Sylvester Warren

| | |
|---|---|
| 3. Adkins, Gwendolyn, P. | Counsel For Defendant/Appellee Christopher Todd Sampson |
| 4. Anewity Consulting Group LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 5. Annie Mattox Recreation Center, Inc. | Legal Entity Related To Defendants/Appellees Vanessa George, Sylvester Warren, City of Lake City Council, and Columbia County Board of County Commissioners |
| 6. Armistead, William B. | Counsel For Defendant/Appellee Christopher Todd Sampson |
| 7. Axxess Development LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 8. Biewend, Jennifer C. | Counsel For Defendant/Appellee Kris Robinson |
| 9. Blow Ryderwood LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 10. BMW Housing Solutions, LLC | Legal Entity Related To Defendant/Appellee Sylvester Warren |
| 11. Bowden, Glennel | Defendant/Appellee |
| 12. Bradshaw Robinson | Defendant/Appellee |
| 13. Brighton Pointe Developers, LLC | Legal Entity Related To Defendant/Appellee Joel Foreman |

| | |
|---|---|
| 14. Bromagen Rathet Klee & Smith, P.A. | Legal Entity Related To Brooks Rathet |
| 15. Brown, Tomi | Defendant/Appellee |
| 16. Caban, Stephanie Roman | Counsel For Defendants/Appellees Tomi Brown, Ron Williams, Joel Foreman, Columbia County Board Of County Commissioners |
| 17. Cachi's Boutique, Inc. | Legal Entity Related To Defendant/Appellee Stephen Witt |
| 18. Capitol Resource Solutions, LLC | Legal Entity Related To Defendant Sylvester Warren |
| 19. City Council Of Lake City, Florida | Defendant/Appellee |
| 20. Coker, Befaithful | Appellant |
| 21. Coker, Michael | Appellant_terminated |
| 22. Coker, Victoria | Appellant_terminated |
| 23. Columbia County Board Of Commissioners | Defendant/Appellee |
| 24. Columbia County Chamber Of Commerce | Defendant/Appellee |
| 25. Coppins Monroe, P.A. | Legal Entity Related To Gwendolyn P. Adkins |
| 26. CWD Signature Homes Inc | Legal Entity Related To Defendant Sylvester Warren |
| 27. Davis, Ashley E. | Counsel For Defendant/Appellee Florida Secretary Of State |

| | |
|---|---|
| 28. Douglas, Wesley | Trial Judge, Former Business Partner to Sylvester Warren III |
| 29. Douglas, Stephen | Defendant/Appellee |
| 30. Elite 9 Investment Group, Inc. | Legal Entity Related To Defendants Vanessa George, Sylvester Warren, And Former City Manager For City Of Lake City Ami Fields |
| 31. Erdelyi, Susan S. | Counsel For Defendants/Appellees Audrey Sikes, Stephen Witt, Eugene Jefferson, Jake Hill, & City Of Lake City |
| 32. Family Home Center Of Homosassa, LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |
| 33. Feagle Construction L.L.C. | Legal Entity Related To Mark Feagle |
| 34. Feagle, Mark | Trial Judge, Former Attorney to Sylvester Warren III |
| 35. Fina, David | Defendant/Appellee |
| 36. Florida Attorney General | Counsel For David Fina |
| 37. Florida Department Of State | Counsel For Defendant/Appellee Christopher Todd Sampson |
| 38. Florida Limited Liability Company | Legal Entity Related To Brooks Rathet |
| 39. Florida Secretary Of State | Defendant/Appellee |
| 40. Foreman, Joel | Defendant/Appellee |

| | |
|---|---|
| 41. Foreman, Mcinnis & Associates, P.A. | Legal Entity Related to Defendant Joel Foreman And Judge Wesley Douglas, Counsel to Befaithful Coker |
| 42. Freeloaders LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 43. Gambles, Nathan, Iii | Defendant/Appellee |
| 44. Gamezone Party Truck & More, LLC | Legal Entity Related to Defendant/Appellee Fred Koberlein |
| 45. Gateway Laundromat LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 46. George & Warren Foundation, Inc. | Legal Entity Related To Defendant Nathan Gambles Iii, Sylvester Warren, And Vanessa George |
| 47. George, Robert Bruce | Counsel For Defendants/Appellees Lake City Columbia County Chamber Of Commerce |
| 48. George, Vanessa | Defendant/Appellee |
| 49. Glynis Luree Inc. | Legal Entity Related To Defendant/Appellee Vanessa George |
| 50. Hill, Jake | Defendant/Appellee |
| 51. Howard, Marcia Morales | Judge, U.S. District Middle District Court |
| 52. Hudson, David E. | Counsel For Defendants/Appellees Northeast Florida News |
| 53. Ironwood Homes Of Lake City, LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |

| | |
|---|---|
| 54. It's About My Efforts, Inc. | Legal Entity Related To Plaintiff/Appellant |
| 55. Jackson Smoothies, Inc. | Legal Entity Related To Gwendolyn P. Adkins |
| 56. Jackson, Darren K. | Trial Judge |
| 57. Jefferson, Eugene | Defendant/Appellee |
| 58. Joe's Laundromat LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 59. Johnson, Anthony Dean | Counsel For Defendant/Appellee David Fina |
| 60. Julie L. Owens, O.D., P.A. | Legal Entity Related to Defendant Joel Foreman |
| 61. Justice And Equality Coalition Incorporated | Legal Entity Related To Defendant Nathan Gambles Iii, Sylvester Warren, And Vanessa George |
| 62. Justice And Equality Coalition, Incorporated | Defendant/Appellee |
| 63. Karhett Farms, LLC | Legal Entity Related To Judge Mark Feagle |
| 64. Kh Outdoor, LLC | Legal Entity Related To Brooks Rathet |
| 65. Koberlien, Fred | Defendant/Appellee |
| 66. Koberlein Law Offices, Pllc | Legal Entity Related to Defendant/Appellee Fred Koberlein |
| 67. Lake City Black Chamber Of Commerce Inc. | Legal Entity Related To Defendants/Appellees Nathan Gambles Iii, Sylvester Warren, And Vanessa George |
| 68. Lake City Christian Church, | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |

| | |
|---|---|
| 69. Lake City Reporter | Legal Trademark owned by Defendant North Florida Newspaper, LLC |
| 70. Lake City Elks Club, Inc. | Legal Entity Related to Defendant Stephen Witt |
| 71. Lake City Wash House LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 72. Lambert, Laura Lothman | Magistrate Judge, U.S. District Court; |
| 73. Lollipop Children Center Inc. | Legal Entity Related To Defendant Vanessa George |
| 74. Lollipop Hangout, Inc. | Legal Entity Related To Defendant Vanessa George |
| 75. M&J Sampson LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 76. Marks Gray, P.A. | Legal Entity Related To Susan Erdelyi |
| 77. Mike Erdelyi, LLC | Legal Entity Related To Susan Erdelyi |
| 78. Mini-Storage & Record Storage Of Lake City, Inc. | Legal Entity Related to Defendant Stephen Douglas |
| 79. Moon Glo Holdings, LLC | Legal Entity Related to Defendant Joel Foreman |
| 80. Northeast Florida League Of Cities, Inc. | Legal Entity Related To Defendant/Appellee Jake Hill |
| 81. Northeast Florida Newspapers, LLC | Defendant/Appellee<br>Defendant/Appellee Columbia County Board of County Commissioners is the Landlord to the lease agreement between Northeast Florida Newspaper, LLC for the |

| | |
|---|---|
| | property housing the trademark Lake City Reporter located at 180 E. Duval Street, Lake City, FL |
| 82. October Realty, Inc. | Legal Entity Related To Defendants Vanessa George And Sylvester Warren III |
| 83. On Point Home Health LLC | Legal Entity Related To Defendant Sylvester Warren III |
| 84. Platinum Party Bus, LLC | Legal Entity Related To Defendant Sylvester Warren III |
| 85. Producciones Ernesto Pelaez, LLC | Legal Entity Related To Stephanie Roman Caban |
| 86. Quality Transit LLC | Legal Entity Related To Defendant Nathan Gambles III |
| 87. R K & K Businesses LLC | Legal Entity Related To Defendant Kris Robinson |
| 88. Rathet, Brooks C. | Counsel For Defendants/Appellees Northeast Florida News |
| 89. Resolution Mediators, LLC | Legal Entity Related To Brooks Rathet |
| 90. Resting Turtle LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 91. Richardson Community Center Annie Mattox Foundation, Inc. | Legal Entity Related to Defendants Sylvester Warren, City of Lake City, Columbia County Board of County Commissioners, Columbia County Chamber of Commerce, and Ron Williams |
| 92. S J Briscoe Enterprises, Inc. | Legal Entity Related to Defendant Joel Foreman |
| 93. S&D Property Investments Inc | Legal Entity Related To Defendant Sylvester Warren |

| | |
|---|---|
| 94. Samsum, LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 95. Sehga, Inc. | Legal Entity Related To Gwendolyn P. Adkins |
| 96. Sellers, Taylor & Morrison, P.A. | Legal Entity Related To Lucas Taylor |
| 97. Sikes, Audrey | Defendant/Appellee |
| 98. Smiles And Whispers, Inc. | Legal Entity Related To Defendants Vanessa George And Sylvester Warren |
| 99. Smith, Steve | Defendant/Appellee |
| 100. Summerall Holdings, LLC | Legal Entity Related To Defendant/Appellee Christopher T. Sampson |
| 101. Suwannee Investment Corporation | Legal Entity Related to Defendant Joel Foreman |
| 102. Taylor, Lucas | Counsel For Defendants/Appellees Sylvester Warren, Glenell Bowden, Vanessa George, Nathan Gambles, And Justice Equality Coalition, Incorporated |
| 103. The Ichetucknee Partnership, Inc. | Legal Entity Related to Defendants Joel Foreman And Todd Sampson |
| 104. The Law Office Of Joel F. Foreman, PLLC | Legal Entity Related to Defendant Joel Foreman |
| 105. The Town of White Springs Florida | Legal Entity Related to Defendants/Appellees Joel Foreman and Vanessa George |
| 106. Todd Sampson | Defendant/Appellee |

| | | |
|---|---|---|
| 107. | Torres, Christopher | Counsel For David Fina |
| 108. | Twentyeight Fourteen, LLC | Legal Entity Related To Defendantsvanessa George And Sylvester Warren III |
| 109. | W.H. Palmer Enterprises, Inc. | Legal Entity Related To Gwendolyn P. Adkins |
| 110. | W.H. Palmer Office Complex Property Owners Association, Inc. | Legal Entity Related To Gwendolyn P. Adkins |
| 111. | Warren Development Group Inc | Legal Entity Related To Defendant Sylvester Warren III |
| 112. | Warren Financial Solutions, Inc. | Legal Entity Related To Defendant Sylvester Warren III |
| 113. | Warren, Sylvester, III | Defendant/Appellee |
| 114. | Wayne Frier Home Center Of Live Oak, LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |
| 115. | Wayne Frier Home Center Of Macclenny LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |
| 116. | Wayne Frier Home Center Of Pensacola, LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |
| 117. | Wayne Frier Home Center Of Tallahassee, LLC | Legal Entity Related To Defendant/Appellee Kris Robinson |
| 118. | Williams, Ron | Defendant/Appellee |
| 119. | Wilson, Todd | Defendant/Appellee |

| | | |
|---|---|---|
| 120. | Witt, Stephen | Defendant/Appellee |
| 121. | Woe, Inc. | Legal Entity Related To Defendant/Appellee Sylvester Warren III |

Respectfully submitted by the Appellant on the 30th day of June, 2023.

Befaithful Coker
PO Box 15
Lake City, Florida 32056
386.697.6075

## STATEMENT REGARDING ORAL ARGUMENT

This case presents important constitutional issues relating to the integrity of a local governing charter, the Florida State constitution and the federal election laws and civil rights under the United States Constitution when delay within the judicial process is used as conspired efforts of convicted felons, elected officials, members of Third Circuit Court of Columbia County, and private citizens to circumvent, control democracy, and restrict access to democracy. The Appellant respectfully requests oral argument, which the Appellant believes would assist this Court in determining these issues.

## TABLE OF CONTENTS

APPELLANT'S INITIAL BRIEF.......................................................................1
APPELLANT'S CERTIFICATE OF INTERESTED.............................................2
STATEMENT REGARDING ORAL ARGUMENT............................................ 13
TABLE OF CONTENTS..........................................................................14
STATEMENT OF JURISDICTION............................................................... 18
STATEMENT OF THE ISSUES..................................................................... 18
STATEMENT OF FACTS.............................................................................22
ARGUMENTS........................................................................................... 30
Appellant is Entitled to a Jury Trial under the Seventh Amendment to the United States Constitution......................................................................30
The District Court has Jurisdiction over Supplemental State Claims........... 31
Appellant alleged a legal claim................................................................. 32
c. Defendants Conspired to Prohibit Public Office Violated Appellant...36
e. Defendants' Gerrymandered District Violated Appellant.................... 37
f. Defendants' Refusal to Waive Fees Violated Appellant.......................37
Default Judgment of Defendant Douglas Should not have been Dismissed. 38
The Appellant Has Standing to Sue............................................................ 38
Appellant Suffered Injury.........................................................................39
Appellant Was Deprived of Due Process............................................ 40
Appellant was Defamed.................................................................... 41
Defendants Caused the Defamation......................................................... 41
Relief is Redressible...............................................................................42
b. Injunctive Relief...........................................................................43
c. Punitive Damages.........................................................................43
CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS................................ 1
CERTIFICATE OF SERVICE.......................................................................... 1

## TABLE OF CITATIONS

1. Cases:
   a. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ……………………..36
   b. Charles v. Florida, 988 So.2d at 1160 ……………………………………….38
   c. Erickson v. Pardus, U.S. 89, 94 (2007).................................................21, 45
   d. MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017) ….32
   e. Walters v. Blankenship, 931 So. 2d 137, 14G (Fla 5th DCA 2006)................38
2. Municipal Charter Provisions
   a. Section 304 ……………………………………………………………….38
   b. Section 506 ……………………………………………………………….39
   c. Section 513……………………………………………………………….38
   d. City Ordinances 2-41(e)……………………………………………………..34
   e. City Ordinances 2-46…………………………………………………26, 43
   f. City Ordinances 2-47…………………………………………………26, 43
3. State Statutes
   a. Section 99.093(2) …………………………………………………………39
   b. 286.011 - Florida Sunshine Law……………………………………………..19
   c. FS §Title IX - Florida Election Code ……………………………………19, 31
   d. FS §Title XII - Florida Formation of Municipalities Act…………………...19
   e. FS 112.3187 - Whistleblower…..……………………………………….....19
   f. FS 836.04 - Defamation……………………………………………………..41
4. Florida Rules of Civil Procedure
   a. Rule 1.140 …………………………………………………………….....31
   b. Rule 1.630 …………………………………………………………….....30
5. Federal Code
   a. 28 U.S.C. §§1367, 1391 ……………………………………………….19
   b. 42 U.S.C. 1983 ……………………………………………………...19, 22, 45
   c. 42 U.S.C. 1985 …………………………………………………………19, 22
   d. 52 U.S.C. 10301, 10304, and 10308 ……………………………………19, 22
6. United States Constitution
   a. 5th Amendment ……………………………………………………………...42
   b. 7th Amendment ……………………………………………………………32, 33
7. Federal Rules of Civil Procedure
   a. Rule 32(a)(7) ………………………………………………………….48
   b. Rule 55(b)1……………………………………………………………27, 31
   c. Rule 12(b)(6) ……………………………………………………….…36

## STATEMENT OF JURISDICTION

Appellant initiated an Emergency Action with the Orlando Division of the Middle District of Florida pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 52 U.S.C. § 10301, 10304, and 10308 alleging conspired actions of the Defendants violated her civil rights, violated her public office for which she was appointed, and interfered with the right of Appellant to execute the duties of public office. Appellant further alleged supplemental jurisdiction under 28 U.S.C. §§1367, 1391 for violation of her rights pursuant to Florida Sunshine Law - 286.011, Florida Election Code FS §Title IX, Florida Formation of Municipalities Act FS §Title XII, Florida WhistleBlower Act of FS 112.3187, and Florida Statutes § 836.04 Defamation.

The Emergency case was transferred to Jacksonville Division of the Middle District of Florida where the Appellant was afforded a thirty-minute hearing seven months later to discuss scheduling, followed by a Final Dismissal on March 2, 2023. Pursuant to 28 U.S.C. § 1291, this Court has jurisdiction to consider all final decisions of the district courts of the United States. Appellants filed a timely notice of appeal on April 1, 2023.

## STATEMENT OF THE ISSUES

This appeal presents these distinct constitutional law issues:

1. Is Appellant Entitled to a Jury Trial?

a. Does the District Court have jurisdiction?

b. Did Appellant Allege a Legal Claim?

c. Should the Default Judgment of Douglas be Dismissed?

2. Does the Appellant Have Standing to Sue?

a. Was Injury Suffered?

i. Was Appellant Deprived of Public Office

ii. Was Appellant Deprived of Due Diligence

iii. Was Appellant Defamed

b. Are the Defendants the Cause of the Injury?

i. Did Defendants Prohibit Appellant from the Public Office?

ii. Did Defendants Gerrymander the District?

iii. Did Defendants Refuse to Waive the Fees?

iv. Did Defendants Withhold Income from Appellant?

v. Did Defendants Injure Appellant in Withholding the Benefit of Public Office?

c. Is the Injury Redressible?

i. Declaratory Judgment

ii. Injunctive Relief

iii. Correct Interpretation of laws

## STATEMENT OF THE CASE

1. Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007).

2. The Appellant initiated this case under 42 USC 1983, 42 USC 1985, 52 USC 10301, and State claims under Defamation and Florida Whistleblower protection in the United States Middle District of Florida case 3:22-cv-518-MMH-LLL. Appellant alleged Defendants conspired to deprive Appellant of the public office for which she was appointed in retaliation for protected Whistleblower Acts of Florida Statutes and refused to comply with the Alternative Writ in Mandamus and Order Nisi in Prohibition ordered by the Circuit Court of the Third Judicial in and for Columbia County dated November 8, 2021 ("Order to Seat"); ordering that Appellant be seated and prohibiting any other actions of the Defendants. (**Ex-A**)

3. There are twenty-five (25) defendants to the Final Complaintand eleven and eleven (11) counts alleged and broken down as follows:

| **Defendant(s)** | **Motion** | **Plaintiff's Response** | **Related Count** |
|---|---|---|---|
| Stephen Douglas | Judgment for Default | | IX |
| Northeast Florida Newspaper, LLC dba Lake City Reporter and Todd Wilson<br>(Newspaper Defendants) | Doc. 15, 146 | Doc. 122 | IX |

| | | | |
|---|---|---|---|
| Kris Robinson | Doc. 49 | Doc. 123 | IX |
| Lake City, Columbia County Chamber of Commerce and Steve Smith (Chamber Defendants) | Doc. 53 | Doc. 124 | IX |
| Ronald Williams | Doc. 78 | Doc. 139 | IX |
| Columbia County Board of County Commissioners (County Defendants) | Doc. 79 | Doc. 139 | IX |
| Tomi Brown | Doc. 80 | Doc. 142 | VII & IX |
| Joel Foreman | Doc. 81 | Doc. 141 | IX |
| City Council of Lake City, Florida; Christopher Todd Sampson; Jake Hill; Eugene Jefferson; Stephen Witt; Audrey Sikes; and Fred Koberlein, Jr. (City Defendants) | Doc. 94 | Doc. 140 | I, II, V, VI,VII, VIII, IX, and XI |
| Sylvester Warren III; Vanessa George; Glennel Bowden; Nathan Gambles; and Justice and Equality Coalition, Inc. (Agents of Equality Defendants) | Doc. 101 | Doc. 133 | III, XI, IX |
| Florida Secretary of State | Doc. 102 | Doc. 136 | VII & IX |
| Christopher Todd Samson (individually) | Doc. 110 | Doc. 134 | IV |
| David Fina | Doc. 131 | Doc. 158 | IX & X |

## STATEMENT OF FACTS

4. On May 6, 2022, the Appellant initiated an Emergency Complaint and Demand for Jury Trial in the United States District Court for the Middle District of Florida Orlando Division, which was transferred to the Jacksonville Division, as amended in the Third Amended Emergency Complaint and Demand for Jury Trial ("Final Complaint"). (**Ex-B**)

5. The Final Complaint asserts:

   a. By a majority vote, the Lake City Council appointed the Appellant to fill a vacant seat on the City Council of Lake City, representing District 14 over Defendant Stephen Douglas and other candidates. (**Ex-C**)

   b. Defendants Agents of Equality objected to the appointment of Appellant to represent District 14 in the Lake City Council and used defamation and slander including asserting of a false criminal status, false financial information, false claims of law enforcement being involved in the murder of Appellant's brother, and false information about the chastity of the Appellant. Defendants Agents of Equality defamed and slandered the Appellant in public meetings conducted by City Defendants and social media platforms controlled by either Defendants or co-conspirators to object to her appointment, publicly extort co-conspirators demanding their cooperation, extended bribery to co-conspirators in support offering to their

political campaigns, and public meetings of the City Council. The expressions of Defendants Agents of Equality against Appellant were defaming, slanderous, and contained threats and implications of physical harm. (**Ex-D**)

c. Defendants Agents of Equality made public demands to defendants in general meetings of the City Council and on social media platforms intended to bribe and extort defendants with threats and demands that all efforts necessary to prevent the Appellant from being seated should be taken. **(Ex-E)**

d. Public threats launched by Defendants Agents of Equality continued, and Defendants Sampson and Koberlein instructed Defendant Sikes on October 28, 2021, to inform the other council members of their efforts seeking a method to undo the appointment of Appellant. However, the Motion for Reconsideration would not work according to Defendant Koberlein. **(Ex-F )**

e. On October 29, 2021, City Defendants scheduled the Swearing in Ceremony for the Appellant and initiated the training for Newly Elected Officials Training and onboarding Human Resources documentation. The Appellant filed her Oath of Office on November 1, 2021, and attended the scheduled ceremony accompanied by family and friends. **(Ex-G)**

f. On November 1, 2021, City Defendants did not fulfill their ministerial duties and perform the ceremony but instead allowed Chamber Defendants to publicly express the previous candidate Defendant Douglas, was best suited to fill the vacant seat because Chamber Defendants believed Defendant Douglas looked most like a person to whom Steve Bezos of Amazon would engage in business discussion. (For clarity, there were no pending business negotiations between the City of Lake City, Steve Bezos, or Amazon). City Defendants allowed Defendants Agents of Equality to use the public forum without enforcement of decorum rules under City Ordinances 2-46 and 2-47, and granted unlimited time to slander, defame, and personally attack the character of Appellant immediately preceding the Swearing in Ceremony on the Agenda to the Special Meeting, and then purported to use remarks of Defendant Hill stating he had changed his mind after hearing complaints, to treat the Swearing in Ceremony as an act requiring a separate adoption that did not pass on a vote of 2 to 2 and the City Defendants did not complete the Swearing in Ceremony. **(Ex-H)**

6. The Appellant filed Case No. 21-CA-288 on November 8, 2021. The Honorable Judge Derrin Jackson issued an Alternative Writ in Mandamus and Order Nisi in Prohibition (the "Order to Seat and Nisi in Prohibition in Prohibition") requiring Defendant City Council to seat Plaintiff within 20 days or Show

Cause why the Petition should not be granted, and City Defendants did not Answer. The appellant moved for contempt, and co-conspirators in their individual capacities commenced actions in furtherance of the goal to deprive the Appellant of the public office to which she had been appointed. **(Ex-I)**

a. The Honorable Judge Jackson was replaced with Judge David Fina, contrary to the Standing Administrative Orders. Judge Fina, at the time of transfer had recently presided over the trial court cases in the Circuit Court of the Third Judicial in and for Columbia County dated August 12, 2021; 1D21-2351 (Coker vs. Warren), 1D21-2352 (Coker vs. George 1D21-2353 (Coker vs. Gambles) for cyberstalking against Appellant and her minor children.) **(Ex-J)**

b. Defendant Foreman, the elected attorney to the County Defendants, Defendant Brown, and the lawyer for the employer of Defendant George, and managing partner of the law firm that represented Appellant in her guardianship case involving her elder father, did represent Defendant Douglas in filing a claim of Interested Persons to the consolidated Cases Numbered 2a-CA-268 and 21-CA-288 in the Columbia County Third Circuit Court of Florida for Columbia County, where he would file sham pleadings with claims of scheduling conflicts that delayed the court proceedings until

the City Defendants conducted the prohibited election and then move to be dismissed as a party. **(Ex-K)**

c. Chamber Defendants in furtherance of the conspiracy to deprive Appellant of the public office to which she was appointed, used its membership of individuals and businesses to deliver defamatory statements and negatively influence the public opinion about her eligibility to hold public office. Further the influence was intended to 'raise doubt and negatively impact Appellant's chances in a subsequent election.

d. Defendant CNI News/Lake City Reporter was present for the appointment of Coker to the council at a Special Meeting of the Lake City Council on October 26, 2021 and published the news story on October 27, 2021. **(Ex-L)** In furtherance of the conspiracy to deprive the Appellant of the public office she was appointed and in following the public demands, bribery, and extortion efforts of Defendants Agents of Equality, Defendants CNI News and Wilson used the resource of the local media publication to negatively influence public opinion. Defendants CNI News/Lake City Reporter and Wilson did publish articles advising City Defendants to accept legal responsibility of withholding public office from the Appellant and allow the seat to remain vacant until an election occurred, despite the Municipal Charter requirements requiring a vacancy no longer than sixty (60) days.

Defendant CNI News and Wilson published false information about pending litigation between Appellant and City Defendants and false information provided by Defendants Koberlein about the health of Appellant. **(Ex-M)**

e. County Defendants and Defendant Williams in furtherance of the conspiracy to deprive the Appellant of the public office she was appointed, withheld the knowledge of Defendant Douglas membership on the Columbia County Economic Planning Board as of October 26, 2021. Defendants County, Foreman, Douglas, and Williams knew Defendant Foreman acted in the conflict representing a private citizen in a case involving the rights of citizens served in his capacity as the elected County Attorney and knew at all times he had active contracts with City Defendant. (**Ex-N**)

f. In furtherance of the conspiracy to deprive the Appellant of the public office she was appointed, the Defendants did plan, organize, and execute an unlawful campaign event at Richardson Community Center and deliberately caused misrepresentations of the Appellant to the public. (**Ex-O**)

g. Appellant alleges Defendants City of Lake City, Supervisor of Election, and Sikes in furtherance of the conspiracy imposed and collected a filing fee from the Appellant, to be a candidate in the election prohibited by the Order Nisi in Prohibition, despite Appellant filing a Waiver of Fees. (**Ex-P**)

h. Appellant alleges City Defendants previously gerrymandered the voting districts of Districts 13 and 14 as a condition in an illegal agreement between a prior candidate (Ricky Jernigan) in the race for the District 13 seat on the Lake City Council. City Defendants agreed that Jernigan would secure the District 13 seat for Jernigan if he would reduce his campaign efforts in the District 13 race. Jernigan complied to learn the street in which he resided was removed from the map District 13 and rezoned to District 14. **(Ex-Q)**

i. Defendant Fina acted in furtherance of the conspiracy using his official capacity to delay the judicial court proceedings and comply with demands of Defendants Agents of Equality until the completion of an illegal election. Defendant Fina failed to uphold the law and failed to uphold his Oath of Office. The Appellant establishes sufficient factual basis in providing one example of such instances when Defendant Fina in contradiction of Florida Rules of Civil Procedure Rule 1.630 requiring a Defendant must Answer a Writ of Mandamus and in the instance, an Order to Seat and Nisi in Prohibition and Prohibition from a court of competent jurisdiction demanding an Answer by a Defendant "Rule 1.630

*(c) Time. A complaint must be filed within the time provided by law.*

*(d) Process. If the complaint shows a prima facie case for relief, the court (1) (2) an order nisi in prohibition; an alternative writ in*

*mandamus that may incorporate the complaint by reference only; (3) (4) a writ of quo warranto; or a writ of habeas corpus. The writ must be served in the manner prescribed by law.*

*(e) Response. Defendant must respond to the writ as provided in Rule 1.140, but the answer in quo warranto must show better title to the office when the writ seeks an adjudication of the right to an office held by the defendant."*

j. After City Defendants deprived the Appellant of the right to public office, they refused to Answer the Order to Seat and Nisi in Prohibition. Defendant Fina refused to conduct a hearing on the issue of the contempt of City Defendants, change of venue, and stay proceedings as required by Florida Rules of Civil Procedure until receiving a decision from the appeals court was completed. **(Ex-R)**

k. Defendant Brown is the Columbia County Supervisor of Election, responsible for enforcement of election rules under FS §Title IX - Florida Election Code, governing Defendant Sikes as a deputized Supervisor of Election, whom the Appellant informed of election irregularities involving co-defendants and the fee assessed by City Defendants and Defendant Brown refused to investigate or uphold her Oath and enforcement requirement. **(Ex-S)**

l. Defendant Secretary of State provides oversight, enforcement, and training and ultimately upholds the integrity of the elections process. The Appellant filed several complaints with the Defendant Secretary in the Division of Elections, and Defendant Secretary refused to investigate or uphold the Oath and enforcement requirement. **(Ex-T)**

7. The District Court issued an Order of Dismissal on March 3, 2023. (**EX-U**)

8. Defendant Douglas was adequately served and the court record reflects an entry of Service on June 7, 2022. (**Ex-V**) Plaintiff moved for an entry of default pursuant to Federal Rules of Civil Procedure 55(b)(1) and the Clerk of Court filed an Entry of Default for Defendant Douglas. (**Ex-W)** on September 20, 2022. The appellant moved Default Judgment on December 21, 2022. (**Ex-X**) The District Court Dismissed the Motion for Default Judgment Without Prejudice on March 2, 2023. (**Ex-Y**)

9. The Appellant filed a Notice of Appeal on April 1, 2023.

## ARGUMENTS

<u>Appellant is Entitled to a Jury Trial under the Seventh Amendment to the United States Constitution.</u>

10. The Seventh Amendment to the United States Constitution reads, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, then according to the

rules of the common law."

11. The Appellant paid the requisite filing fee along with her Complaint, explicitly requesting a trial by jury. The Appellant paid for service of process to each of the twenty-six Defendants, followed the process guidelines, and contends the right to a jury trial in a civil trial is a protected right under the Seventh Amendment to the United States Constitution unless waived.

12. The Appellant met the requirements, filed her Final Complaint requesting a jury trial, sat patiently awaiting the opportunity to produce evidence to a jury of peers, and was deprived of the right to justice. The Legal Institute Information provided by Cornell Law School reason one of the intended objectives of the 7th Amendment is *"to preserve the historic line separating the province of the jury from that of the judge, without preventing procedural innovations that respect this boundary"* When judges believe the evidence is insufficient after the plaintiff's case is complete a jury can be directed to return a verdict for the defendant on the ground of the insufficiency of the evidence but to dismiss the Final Complaint and deny the right to a jury gives judges total control over what and who will be afforded access to justice.

**<u>The District Court has Jurisdiction over Supplemental State Claims</u>**.

13. In addition to the federal claims in the Complaint, the Appellant sought supplemental jurisdiction for violations of State law under the Color of Law

involving the same acts infringing on rights protected under federal claims. The allegations in the State and Federal claims are connected and demonstrate a complex conspiracy that a jury of peers in normal society should hear collectively to view the full scope of the acts of the defendants to determine if such actions would be considered reasonable by a random group of peers and not the collective legal analysis of attorneys and judges.

**Appellant alleged a legal claim**

14. Appellant was appointed to public office as the council member representing District 14 to the Lake City Council on October 26, 2021. The appointment could not be undone by Motion for Reconsideration, a Resolution to approve a Swearing in Ceremony, or a Resolution to confirm the appointment already adopted on October 26, 2021. The Lake City Municipal Charter Ordinance 2-41(e) provides the rules for ReConsideration of a Motion, *"(e)Motion to reconsider. A motion to reconsider any action the council took may be made only on the day such action was taken. It may be made either immediately during the same session or at a recessed or adjourned session of the council. Such motion shall be made by one of the prevailing sides, but may be seconded by any member, and may be made at any time and have precedence over all other motions or while a member has the floor; it shall be debatable. Nothing in this section shall be construed to prevent any member of the council from*

*making or remaking the same or any other motion at a subsequent meeting of the council."*

15. Appellant's appointment was upheld by the Order Nisi in Prohibition on November 8, 2021 by a court of competent jurisdiction.

16. The Appellant acknowledges the difficult position placed upon the City Defendants having been present to hear the Defendants Agents of Equality hurl threats, defaming statements, and extortion attempts at members of the City Council should they refuse to comply with their requests and the Appellant was also knowledgeable about the actual physical harm suffered by the spouse of Defendant Jefferson after being verbally assaulted by Defendant Warren and Agents of Equality. The threats and extortion attempts made to City Defendants and members of the public by Defendants Warren and Agents of Equality continued beyond the compliance of the defendants.

17. Defendant Warren recently demanded placement on the Quasi-Judicial Planning and Zoning Board to the Lake City Council. Defendant Warren submitted a false Application as if he were eligible for placement and despite the City Attorney's express Opinion that Defendant Warren was ineligible, the City Defendants and Defendant Warren did not remove Defendant Warren but instead sought the removal of the City Attorney.

18. The efforts of Defendant Bowden mirror that of Defendant Warren in that

Bowden asserts he, himself does not possess requisite eligibility requirements to serve on public boards having convictions including a murder in the 2nd-degree but contends that Defendant City Council should violate the law and uphold placement of Defendant Warren.

19. Under Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be granted when the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Appellant properly alleged a claim, supported by facts.

20. The forty-two-page Order dismissing the Final Complaint omits consideration of the legally binding Order Nisi in Prohibition, a legal order disregarded by the defendants and ignored in consideration by the District Court.

21. In its Order of Dismissal, the District Court highlighted the extensive amount of supporting documents the Appellant provided to show the elaborate conspiracy among the defendants, some of whom are members of the Florida Bar, regularly practicing in the Middle District Court. The documentation was not intended to be conclusive but to demonstrate the sufficiency of the evidence that would be provided to the jury at trial, given the nature of the allegations.

    a. Providing information to show how the defendants each had means, motive, and opportunity to conspire seems irrelevant to the District Court. However, regular citizens on a jury panel may see the facts revealing attorneys and

persons convicted of murder and drug trafficking raises legitimate concerns, especially when those previously convicted of criminal activity previously are now not convicted for acts of violence and gun violence and become business partners to attorneys and members of the Third Judicial Circuit of Florida. Allowed to make public threats to citizens and law enforcement, interfere with law enforcement investigations, and allow to create and operate businesses requiring professional certifications, they are prevented from having and receiving grants and public dollars awarded by City Defendants and County Defendants.

b. The facts presented in the Final Complaint are for members of a jury to determine if a reasonable person finds bias and conspiracy in the actions and decisions rendered by the judicial system when that same system we have charged with upholding public trusts as constitutional officers and attorneys condone threats to cause harm to its citizens who seek to participate in democracy allows persons such as Defendants Bowden and Warren, who have completed and been convicted of the criminal acts they threatened to be elevated to positions where they serve on boards of the both City and County Commission Defendants without the qualifications to do so.

<u>Defendants Conspired to Prohibit Public Office Violated Appellant</u>.

c. While the Final Complaint did allege and demonstrate with documentation enough of the evidence to show a factual basis to the claim to constitute civil conspiracy, all that is required of the Appellant was to allege: (1) an agreement between two or more parties, (2) to do an unlawful act or to do a lawful act by unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damage to the plaintiff as a result of the activities performed in furtherance of it. Walters v. Blankenship, 931 So. 2d 137, 14G (Fla 5th DCA 2006). A conspirator only needs to know of the scheme and assist in some way, to be held responsible for all the acts of the conspirators. Charles v. Florida, 988 So.2d at 1160; MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017).

d. Appellant alleges the defendants conspired to prevent her from the public office to which she was legally appointed under pursuant to Section 304 after filing her Oath of Office pursuant to Section 513 of the Lake City Municipal Charter. There is no requirement that each co-conspirator commit acts in furtherance of the scheme. The trier of fact is the jury, and a dismissal by the Middle District Court of Florida deprives the Appellant of due process to justice.

Defendants' Gerrymandered District Violated Appellant.

e. Appellant alleges City Defendants previously gerrymandered the voting districts of Districts 13 and 14 as a condition in an illegal agreement between a prior candidate (Ricky Jernigan) in the race for the District 13 seat on the Lake City Council. City Defendants agreed that Jernigan would secure the District 13 seat for Jernigan if he would reduce his campaign efforts in the District 13 race. Jernigan complied to learn the street in which he resided was removed from the map District 13 and rezoned to District 14.

Defendants' Refusal to Waive Fees Violated Appellant.

f. In addition to serving as the City Clerk, Defendant Sikes is a Deputized Supervisor of Election under an Agreement between Defendants Brown and City Defendants. Section 99.093(2) of Florida Statutes provides that a person seeking to qualify for nomination or election to a municipal office who is unable to pay the election assessment upon filing a written certification, shall be exempted. Appellant alleges Defendants Supervisor of Election, Sikes, and City Defendants in furtherance of the conspiracy imposed and collected a filing fee from the Appellant, to be a candidate in the election prohibited by the Order Nisi in Prohibition, despite Appellant filing a Waiver of Fees, refusing to exempt the assessment fee under claim that Lake City Ordinance Section 506 allowed the fee collection.

**Default Judgment of Defendant Douglas Should not have been Dismissed**

22. Dismissing the Default Judgment after Defendant Douglas failed to answer the Final Complaint undermines the integrity of the judicial process and deprives the Appellant of the due process she is entitled. The appellant alleged in the Final Complaint Defendant Douglas in furtherance of the conspiracy to deprive the Appellant of the public office for which she was appointed did file a frivolous claim as an Interested Party to the Appellant's action in the Trial Court, represented by co-conspirator Defendant Foreman, who is also serving as the elected County Attorney to County Defendants. In his Motion to Dismiss in pleading in the Consolidated Case No. 21-CA-268 and 21-CA-288, Defendant Douglas reasoned he held no continuing interest once the Appellant was not the winner of the illegal election.

**The Appellant Has Standing to Sue**

23. Despite the defendants each having a different role in fulfilling the one objective, the Appellant contends the District Court misapplied the requirements of Standing, applying broad reasoning to all defendants, even the one that the same Court Ordered a Judgment of Default. The District Court reasoned 1. Appellant lacked Standing after the election occurred, despite the Writ Nsi in Prohibition Appellant prohibiting further acts to fill

the seat by another candidate, 2. The District Court could not determine if the Appellant would attend future city council meetings, 3. The Court could not determine if the Appellant would become a candidate for the position in the future, and 4. The entire Final Complaint was about the Appellant being seated as opposed to the Final Complaint being about the conspired efforts set in motion that prevented the Appellant from the remedy granted in the Writ Nsi in Prohibition issued by the Third Circuit Court of Columbia County.

**<u>Appellant Suffered Injury</u>**

24. The Dismissal Order reasons that the Appellant has not suffered injury as a result of the allegations of the defendants. The Appellant asserts deprivation is an injury, removal of a right using the methods employed by the defendants as prescribed in the Final Complaint caused injuries through the infliction of emotional pain, damages the reputation of the Appellant, and injures the Appellant's ability to benefit from the opportunity of holding public office. The District Court categorically applied its reasoning of Standing to all defendants despite the defendants' actions in furtherance of the conspiracy are not the same and the facts alleged in the Final Complaint were not the same. The three elements of Standing include Injury in Fact, Causation, and Redressability. The injury suffered by the Appellant

included the loss of opportunity to enjoy the protected public office for which she was appointed, loss of the experience that would have been gained and value it would have provided while campaigning in the election, loss of compensation, and loss of the benefits and training that would come from holding public office, and loss of reputation suffered from defamation of the defendants. The role of Defendant Douglas in furtherance of the conspiracy was to file the frivolous lawsuit and use the court proceeding to achieve the delay necessary to comply with the threats of Defendants Agents for Equality and other defendants are the direct cause and the proximate cause of the harm. Defendant Douglas attached a frivolous claim as an Interested Party to the Consolidated Trial Court Cases and used the proceedings to ensure the delay lasted until the illegal election occurred. Defendant Douglas did not become a candidate and did not intend to hold public office through the court proceeding but to cause a delay.

**Appellant Was Deprived of Due Process**

25. The Fifth Amendment to the United States Constitution entitles each citizen to due process. Appellant was denied the due process afforded in the Municipal Charter of Lake City by the City Defendants; denied due process afforded by Florida State Constitution by Defendants Fina and instead of making Appellant whole, the District Court has too denied due process.

**Appellant was Defamed.**

26. The Defendants defamed Appellant in violation of FS 836.04. Defendants made false statements against the Appellant claiming she had a criminal record of felony conviction, claims about her chastity, false claims as to the biological father of her minor children, false claims about her financial status, false claims about her involvement in criminal activity, false claims about her health, and claims that the murder of her brother involved culpability of local law enforcement.

**Defendants Caused the Defamation**.

a. Defendants allowed or caused the false statements to be made in public, either through social media platforms or the local newspaper to an audience of over 25,000 subscribers.

b. Defendants were negligent. Defendants knew or should have known the information was false. A verifiable background check with the clerk of courts, the sheriff, FDLE, or an NCIS would have revealed the true status of the Appellant's record of any arrest and convictions

c. Appellant suffered damages, was deprived of public office, suffered loss of income due to diminished public reputation resulting from false claims of defendants, incurred the cost of legal representation, loss of earning potential, and incurred the cost to homeschool children

with fear to great from intentional infliction of emotional distress from extreme safety concerns imposed by defendants.

d. Defamation to the Appellant was public. Defendants made false statements about the Appellant at the public meetings of the City Defendants against its well established practices in City Ordinance 2-46 and 2-47, in the local news papers of Defendants CNI and Wilson, to individuals and businesses from Defendants Chamber of Commerce and Smith, from Defendants Sampson, Williams, and from all defendants whose Oath of Office required the US and Florida Constitution be upheld and they chose not to, their inaction made a statement about the Appellant's lawful ability to hold public office.

**Relief is Redressible**

a. **Declaratory Judgment**

The District Court does have a way of providing relief. The Final Complaint sought punitive, declaratory, and injunctive relief. The Appellant timely filed a Final Complaint that was certified as an Emergency. Denying relief to the Appellant is not only a denial of justice to the Appellant but denying the citizens the much-needed clarification about whether Constitutional officers are required to uphold the Oaths of their Office in an environment with defendants

who continue to break laws without consequences. Reasoning contained in the Dismissal of the Final Complaint incorrectly assumes an election offered the only relief available to the Appellant. Appellant seeks declaratory judgment preventing the collection of election assessment fees by Defendants Brown, Sikes, City Defendants where an application has been filed claiming an exemption under Oath. Plaintiff seeks declaratory judgment preventing City Defendants from rezoning a district to protect an incumbent immediately following an election to transfer the opponent to another voting district.

**b. <u>Injunctive Relief</u>**

Appellant sought an equitable remedy of injunctive relief to enforce the Order Nisi in Prohibition and Stay proceedings until the judgment of the Court; however, such relief was delayed as the Defendants demanded.

**c. <u>Punitive Damages</u>**

Appellant was harmed and suffered financially as a result of the harm. Appellant lost the earnings of public office, and her earning potential was diminished significantly as a direct result of the defamation. Appellant incurred the cost of educating her minor children when the

acts of Defendants sought to create emotional and safety concerns that rendered the minor children unable to be protected in the school attended by several children of the Defendants. Appellant also incurred the cost of legal representation.

## CONCLUSION

27. Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers Erickson v. Pardus, U.S. 89, 94 (2007). Plaintiff brought the Final Complaint according to 42 U.S.C. § 1983; a case arising under the United States Constitution or federal laws or treaties is a federal question case together with an award of damages associated with those unconstitutional policies and practices and bring several state law claims pursuant to the supplemental jurisdiction of this Court.

28. The Defendants have shown blatant disregard for the laws and not just the deliberate misinterpretation but the confusion to its citizens in the absence of understanding. City Defendants have demonstrated refusal to adhere to the laws, follow the guidance of its hired legal counsel, or seek opinion for outside legal advice consistently. The opinion of the Attorney General could have been obtained to clarify the misinterpretation of the local charter provisions on appointment to fill a vacancy, and determining if the fee waiver allowed by the statutes applied to municipal elections, but

Defendants were not interested in pursuing clarification.

29. Three decades after allowing a practice of appointing convicted felons without clemency to serve on quasi-judicial boards and refusal to address unethical issues which become criminal, Lake City and Columbia County has spent the last two years dealing with the removal of two States Attorneys, one of whom received federal imprisonment, following an investigation that revealed members of Florida Bar practicing in the Third Judicial Circuit, some of whom are defendants to this suit were involved with extortion, illegal drug use, involvement in political campaigns, and accepting bribes. The recent decisions of the City Defendant to remove Level II Background checks at the demand of Defendants Agents of Equality and appoint Defendant Warren to the Planning and Zoning Board despite the attorney explaining it was illegal demonstrates the ongoing concern Appellant along with citizens of Lake City endure on a regular basis.

30. The Appellant contends the Order of Dismissal is based on questions raised about the relevancy of the documentation provided in the Final Complaint and are matters of fact-finding that are appropriate for jury members to determine and not questions of the law left to the discretion of judges. The Order of Dismissal by the District Court seeks to serve as judge and jury without the Appellant having waived her right to a jury trial but, in fact,

made clear her request for a jury trial, made clear the urgency of the subject matter of the Final Complaint in filing the Emergency in the Orlando division as to reduce the potential conflict of the parties and offer a neutral venue, but was deprived of the due process again. For the reasons stated, the Appellant respectfully requests that this Court reverse the district court's decision and allow the Appellant to proceed to trial by jury.

Respectfully submitted on the 30th day of June, 2023.

Signature: ______________________________

Befaithful Coker, ProSe
befaithfulcoker@gmail.com
PO Box 15
Lake City, FL 32056
386.697.6075

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS.**

This is to certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7). This brief is submitted in 14-point Times Roman, and contains 5,345 words.

Dated this 30th day of June, 2023.

Signature: ________________________________________

Befaithful Coker, ProSe
PO Box 15
Lake City, FL 32056
befaithfulcoker@gmail.com
386.697.6075

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**23-11160-B**

---

**BEFAITHFUL COKER**,
Appellant

**SYLVESTER WARREN**, III, et al.,
Appellees.

**CERTIFICATE OF SERVICE**

The Appellant does hereby attest that on June 30, 2023. the Initial Brief of the Appellant was served electronically to all parties represented by counsel and via email and first class mail to pro se litigants as indicated below:

1. Defendants
    a. Sylvester Warren III
    b. Vanessa George
    c. Glennel Bowden
    d. Nathan Gambles, III
    e. Justice And Equality Coalition, Incorporated

2. City Defendants
    a. Audrey Sikes
    b. Jake Hill
    c. Eugene Jefferson
    d. Stephen Witt
    e. Fred Koberlein
    f. Christopher Todd Sampson
    g. Lake City Council

3. Christopher Todd Sampson

4. Kris Bradshaw Robinson

5. Stephen Douglas

6. County Defendants
    a. Ronald Williams
    b. Tomi Brown
    c. Columbia County Board Of County Commissioners
    d. Joel Fletcher Foreman- County Attorney - Columbia County Board Of County Commissioners

7. Lake City Reporter
    a. Todd Wilson
    b. Northeast Florida Newspapers, LLC

8. Chamber Defendants
    a. Steve Smith
    b. Lake City, Columbia County Chamber Of Commerce

9. Secretary of State
    a. David Fina


Befaithful Coker, Pro Se
Po Box 15 - Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail.com