DOCKET NUMBER 23-11160

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

BEFAITHFUL COKER,

Appellant/Plaintiff,

v.

SYLVESTER WARREN, III, ET AL.,

Appellees/Defendants

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

**BRIEF OF APPELLEES NORTHEAST FLORIDA NEWSPAPERS, LLC AND TODD WILSON**

---

David E. Hudson
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903
706/722-4481
dhudson@hullbarrett.com

Brooks C. Rathet
BROMAGEN, RATHET, KLEE AND SMITH, PA
625 Atlantic Boulevard
Atlantic Beach, Florida 32233
904/242-0860
brooks@bromagenlaw.com

ATTORNEYS FOR APPELLEES/DEFENDANTS
FLORIDA NEWSPAPERS, LLC AND TODD WILSON

**CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-1(a) 26.1 and Eleventh Circuit Rule 26.1.1, the undersigned counsel for the appellees Northeast Florida Newspapers, LLC d/b/a Lake City Reporter and its publisher, Todd Wilson ("Newspaper") certify that the following is a full and complete list of all trial judges, all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the parties' stock and other identifiable legal entities related to a party:

1. Adkins, Gwendolyn P. – Attorney for Defendants/Appellee Christopher Todd Sampson.

2. Armistead, William B. – Attorney for Defendant/Appellee Christopher Todd Sampson.

3. Biewend, Jennifer C. – Attorney for Defendant/Appellee Kris Bradshaw Robinson.

4. Bowden, Glennel - Defendant/Appellee.

5. Brown, Tomi, in her official capacity as Columbia County Supervisor of Elections – Defendant/Appellee.

6. City Council of Lake City Florida, individually and collectively - Defendant/Appellee.

7. Caban, Stephanie Roman – Attorney for Defendants/Appellees Tomi Brown, Columbia County Board of Commissioners, Ronald Williams and Joel Fletcher Foreman.

8. Coker, Befaithful – Plaintiff/Appellant.

9. Columbia County Board of County Commissioners – Defendant.

10. Community Newspapers, Inc**.**, Owner of Northeast Florida Newspapers, LLC – Defendant/Appellee.

11. Davis, Ashley – Attorney for Defendant/Appellee Florida Secretary of State.

12. Douglas, Stephen – Defendant/Appellee/Pro Se.

13. Erdelyi, Susan S. -Attorney for Defendants/Appellees Audrey Sikes, City Council of Lake City Florida, Jake Hill, Eugene Jefferson, Stephen Witt, Fred Koberlein, Jr., Christopher Todd Sampson.

14. Fina, David, in his official capacity as Judge of the Third Circuit Judicial Court - Defendant/Appellee.

15. Florida Secretary of State, Division of Elections - Defendant/Appellee.

16. Foreman, Joel, individually and in his official capacity as Attorney for Columbia County Board of County Commissioners, and Attorney for Columbia County Supervisor or Elections – Defendant/Appellee.

17. Gambles, Nathan, III - Defendant/Appellee.

18. George, Vanessa - Defendant/Appellee.

19. Hill, Jake – Defendant/Appellee.

20. Hudson, David E. – Attorney for Northeast Florida Newspapers, LLC and Todd Wilson – Defendants/Appellees.

21. Jefferson, Eugene, individually and in his official capacity – Defendant/Appellee.

22. Justice and Equality Coalition, Incorporated, collectively - Defendant/Appellee.

23. Koberlein, Jr., Fred, individually and in his official capacity for the City of Lake City Council – Defendant/Appellee.

24. Lake City, Columbia County Chamber of Commerce – Defendant/Appellee.

25. George, Robert Bruce – Attorney for Defendants/Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith.

26. Mutual Insurance Company, Ltd., insurer of Northeast Florida Newspapers, LLC – Defendant/Appellee.

27. Northeast Florida Newspapers, LLC – Defendant/Appellee.

28. Rathet, Brooks C. – Attorney for Northeast Florida Newspapers, LLC and Todd Wilson – Defendants/Appellees.

29. Robinson, Kris - Defendant/Appellee.

30. Sampson, Christopher Todd, individually and in his official capacity - Defendant/Appellee.

31. Sikes, Audrey, in her official capacity as City Clerk of Lake City and Deputy Supervisor of Elections for Columbia County – Defendant/Appellee.

32. Smith, Steve – Defendant/Appellee.

33. Taylor, Lucas Jordan - Attorney for Defendant/Appellees Sylvester Warren, III, Justice and Equality Coalition, Incorporated, Glennel Bowden, Vanessa George and Nathan Gambles.

34. Warren, Sylvester, II – Defendant/Appellee.

35. Williams, Ronald, individually and in his official capacity – Defendant/Appellee.

36. Wilson, Todd – Defendant/Appellee.

37. Witt, Stephen, individually and in his official capacity - Defendant/Appellee.

No publicly traded company or corporation has an interest in the outcome of this case or its appeal.

This 14th day of August, 2023.

/s/ *David E. Hudson*
David E. Hudson GA Bar No. 374450

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706/722-4481 | (f) 706.722.9779
dhudson@hullbarrett.com

/s/ *Brooks C. Rathet*
Brooks C. Rathet FL Bar No. 0077658

BROMAGEN, RATHET, KLEE
AND SMITH, PA
625 Atlantic Boulevard
Atlantic Beach, Florida 32233
904/242-0860
brooks@bromagenlaw.com

***Attorneys for Defendants/Appellees North Florida Newspapers, LLC and Todd Wilson***

## STATEMENT REGARDING ORAL ARGUMENT

Appellees North Florida Newspapers, LLC and Todd Wilson do not request oral argument in this case. They submit that upon the Court's examination of the briefs and the record, oral argument is unnecessary for the reasons stated in Federal Rule of Appellate Procedure 34(a)(2).

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT ....... C-1

STATEMENT REGARDING ORAL ARGUMENT ....... i

TABLE OF CONTENTS ....... ii

TABLE OF CITATIONS ....... iii

STATEMENT OF JURISDICTION ....... v

STATEMENT OF THE ISSUES ....... 1

STATEMENT OF THE CASE ....... 3

ARGUMENT AND CITATION OF AUTHORITY ....... 14

A. STANDARD OF REVIEW ....... 14

B. SUMMARY OF THE NEWSPAPER'S ARGUMENT ....... 15

C. THE DISTRICT COURT CORRECTLY DISMISSED ANY CLAIM UNDER 42 U.S.C. § 1985(1) ....... 16

D. THE DISTRICT COURT CORRECTLY REJECTED ANY CLAIM BY COKER UNDER 42 U.S.C. §1985(3) ....... 17

E. THE PUBLICATION OF NEWS ARTICLES IS INSUFFICIENT TO SUSTAIN A § 1985 CONSPIRACY CLAIM ....... 18

CONCLUSION ....... 19

## TABLE OF CITATIONS

### Cases

Bendiburg v. Dempsey, 909 F.2d 463, 468 (1990) ....................18

Dean v. Warren, 12 F.4th 1248 (2021) ....................18

Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339-40 (11th Cir. 2017) ....................15

Griffin v. Breckenridge, 403 U.S. 88, 101 (1971) ....................18

Harmon v. Orlando Florida Sentinel, 1991 U.S. Dist. LEXIS 14329,*10 (M.D. Fl. 1991) ....................18

Kursh v. Rutledge, 460 U.S. 719 (1983) ....................16

Marrache v. Bacardi U.S.A., Inc., 17 F.4th 1084, 1091-1092 (11th Cir. 2021)......14

Mickens v. Tenth Judicial Circuit, 181 F. App'x. 865, 876 (11 Cir. 2006) ............17

Morast v. Lance, 807 F.2d 926, 929 (11 Cir. 1997) ....................16

Stein v. TitleMax of Ga., Inc., 819 Fed. Appx. 809 (Fla. 11th Cir. 2020) ..............15

Tennant v. Georgetown County, 2006 U.S. Dist. LEXIS 39169, *7 (D. SC. 2006) ....................19

United States v. $121,100.00 in U.S. Currency, 999 F.2d 1503, 1507 (11th Cir. 1993) ....................2

**Statutes**

28 U.S.C. § 1291 .................................................................................... v

42 U.S.C. § 1985(1) .................................................................................. 13

42 U.S.C. §1985(3) .................................................................................. 14

O.C.G.A. § 1985 ....................................................................................... 2

**Rules**

11th Cir. R. 26.1-1(a) 26.1 ....................................................................... 1

11th Cir. Rule 31-3 .................................................................................. 22

11th Cir. Rule 32-4 .................................................................................. 21

Fed. R. App. P 25 (c) (2) .......................................................................... 22

Federal Rule of Appellate Procedure 32(a)(5) ............................................ 21

Federal Rule of Appellate Procedure 32(a)(6) ............................................ 21

Federal Rule of Appellate Procedure 32(f) ................................................. 21

Federal Rule of Appellate Procedure 32(g) ................................................ 21

Federal Rule of Appellate Procedure 34(a)(2) ............................................. i

Federal Rule of Appellate Procedure Rule 32(a)(7)(B)(i) ........................... 21

## STATEMENT OF JURISDICTION

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, as the Plaintiff/Appellant has appealed a final order of the District Court dismissing Plaintiff's Complaint as against all of the named Defendants.

## STATEMENT OF THE ISSUES

1. The Plaintiff is a community activist, whose main complaint is that she was denied a seat on the City Council of Lake City, Florida. Her initial Complaint was dismissed by the Court as an impermissible "shotgun pleading." *Befaithful Coker v. Sylvester Warren, III*, 2022 U.S. Dist. LEXIS 87924 (M.D. Fla., May 16, 2022) (Order). Plaintiff was permitted to amend her Complaint and her final Third Amended Complaint still contained 75 pages, 155 paragraphs, 11 separate counts and named 24 Defendants, one of which was the entirety of the Lake City Council making a total of 26 Defendants. Plaintiff's only claim against Northeast Florida Newspapers, LLC d/b/a Lake City Reporter and its publisher Todd Wilson (hereafter "Newspaper") was a 42 U.S.C. § 1985 conspiracy claim in Count IX.[1] She asserts that the Newspaper reported on proceedings by the Lake City government, and stated the opinion that filling the vacancy on the City Council should be postponed.

The first issue involving the Newspaper Defendants is whether the District Court correctly determined that Plaintiff failed to allege facts to establish that the

[1] Dkt. #10, pp. 46-60.

Newspaper conspired with anyone sufficient to sustain Plaintiff's claim under 28 U.S.C. § 1985. The District Court held that the Plaintiff did not.[2]

2. Did the District Court correctly hold that Plaintiff failed to allege any facts to demonstrate discriminatory animus sufficient to support a claim under 28 U.S.C. § 1985(3)? The District Court was correct that Plaintiff did not do so.[3]

3. Was the dismissal of the Newspaper correct because the publications it made that mentioned Plaintiff were legally insufficient to support Plaintiff's O.C.G.A. § 1985 conspiracy claim against the Newspaper? The District Court did not specifically rule on the Newspaper's defense that mere reporting of facts and stating opinions cannot sustain a Section 1985 conspiracy claim. They could not, and an appellate court can affirm "for any reason" supported by the record. *United States v. $121,100.00 in United States Currency*, 999 F.2d 1503, 1507 (11th Cir. 1993).

[2] Dkt. #172, pp. 27-29.

[3] Dkt. #10, pp. 30.

## STATEMENT OF THE CASE

### A. PROCEEDINGS BELOW

Plaintiff filed her first Complaint on May 6, 2022.[4] It was stricken by Order of the Court as a "shotgun pleading," and Plaintiff was given permission to amend.[5] This was followed by Plaintiff filing a Third Amended Complaint on June 7, 2022.[6] All of the Defendants moved to dismiss the Third Amended Complaint.[7] The Plaintiff filed responses to the Motions to Dismiss on August 18, 2022.[8] The Newspaper Defendants were given permission and filed a reply to Plaintiff's opposition to their Motion to Dismiss.[9]

The parties also filed competing pleadings whether to stay discovery pending a ruling on the Motions to Dismiss. A stay of discovery was ordered by the Court on December 2, 2022.[10]

---

[4] Dkt. #1.

[5] Dkt. #5.

[6] Dkt. #10.

[7] Dkt. #15, 53, 61, 62, 78, 79, 98 and 131.

[8] Dkt. #122, 123, 124, 133, 134, 136, 140, 141 and 142.

[9] Dkt. #146.

[10] Dkt. #169.

Befaithful Coker v. Sylvester Warren, III, et al. – Case No. 23-11160

On March 2, 2023, the District Court issued its Order granting dismissal of the case.[11] The Clerk then entered judgment dismissing the case – with certain Counts being dismissed without prejudice to reassert them "in the appropriate state court."[12]

Plaintiff filed a Notice of Appeal on April 1, 2023.[13] The Appeal was dismissed by this Court on July 7, 2023.[14] It was reinstated by Order of this Court on July 31, 2023.[15]

**B. STATEMENT OF FACTS**

The District Court stated that "it is difficult to piece together a coherent narrative of the events leading to this lawsuit, and once again, the Court 'is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted.'"[16] Because the District Court has already undertaken and stated its understanding of the factual allegations,

[11] Dkt. #172.

[12] Dkt. #173.

[13] Dkt. #174.

[14] Dkt. #177.

[15] Dkt. #178.

[16] Dkt. #172, p. 11.

the Newspaper borrows and incorporates that work of the District Court to state the underlying facts for this appeal.

(1) Coker's Allegations About Her Dispute with the City of Lake City

> As described in the Third Amended Complaint, Coker is a "community activist and volunteer known for organizing community events, and making both public and protected disclosures concerning local government. . . ."According to Coker, over the span of 2021, she made various "disclosures" to the City Council of Lake City, Florida, and to unidentified "state and federal agencies" concerning various acts of purported wrongdoing involving the City Council. . . . The details are vague, but the first disclosure identified in the Third Amended Complaint is alleged to have occurred in January of 2021. . . . The last alleged disclosure for which a discernible date is provided occurred in June 2021. . . .
>
> Although unclear, some of the purported disclosures appear to concern allegedly improper business dealings between Defendant Jake Hill, who is a councilmember, and Defendants

Vanessa George, Nathan Gambles III, and Sylvester Warren, III, who appear to have some connection to Defendant Justice and Equality Coalition, Incorporated. . . . Another alleged disclosure relates to Coker's view that Hill and another councilmember, Defendant Eugene Jefferson, abused their office by writing letters in support of Warren when he was facing criminal charges in 2006, and later when Warren was seeking early termination of his supervised release in 2019. . . . Other disclosures pertain to the reinstatement of a "terminated HR Director" who allegedly misrepresented facts in her background. . . . Coker also alleges that she made "disclosures" regarding "improperly formed organizations" and members of the public with felony convictions being placed on "publicly funded boards . . . ." This "disclosure" appears to relate to Warren and Defendant Glennel Bowden in some way.

Coker alleges that the City Council retaliated against her for making these disclosures by "denying her a position on the Planning and Zoning Board. . . ." She also contends that

Defendant Audrey Sikes, the City Clerk, acting in retaliation, informed Bowden of Coker's disclosures causing Bowden to "publicize on social media his commitment to use all efforts to prevent [Coker] from holding any office. . . ." Coker asserts that at "multiple meetings between December 2020, and November 1, 2021," the councilmembers (Witt, Jefferson, Hill, and Sampson) would fail to enforce the Council's decorum rules and allow Warren, George, Gambles, and Bowden to "slander and defame" Coker and "hurl threats to her and her minor children repeatedly . . . ." According to Coker, the City Council allowed these violations of the decorum rules in retaliation against Coker for making "protected disclosures. . . ."

On October 4, 2021, the City Council announced a vacancy on the Council "created by a resignation of the Vice Mayor. . . ." The City Council selected Defendant Stephen Douglas to fill the vacancy on October 13, 2021, but Coker contends they did so improperly "via secret ballot. . . ." According to a newspaper article incorporated into the Third

Amended Complaint, Coker filed a lawsuit in state court against the City Council challenging the process they used to select Douglas. . . . Coker alleges that the City Council then withdrew its selection of Douglas and, according to Coker, "Douglas made no objection. . . ." At a meeting on October 26, 2021, the City Council again attempted to fill the vacancy and considered three applicants: Coker, Douglas, and Ricky Jernigan. . . . After several rounds of deadlocked voting, the City Council ultimately selected Coker to fill the vacant seat by a vote of three (Jefferson, Hill, and Defendant Stephen Witt) to one (Defendant Christopher Todd Sampson). . . . Two days later, Sampson exchanged emails with the City Attorney, Defendant Fred Koberlein Jr., and Sikes, concerning the Council's ability to reconsider Coker's appointment. . . . Koberlein advised that the Council's procedures did not permit a motion for reconsideration of the vote. . . . Sikes shared this information with Jefferson, Hill, and Witt. . . .

According to Coker, on November 1, 2021, she "filed her Oath of Office and scheduled necessary training and onboarding" with Sikes. . . .

Nevertheless, at its meeting on November 1, 2021, the City Council refused to seat Coker. . . . Rather, according to Coker, when Koberlein presented a resolution to "memorialize [Coker's] appointment," Hill announced that he had a "change of heart after learning [Coker] had a past" and voted against the resolution. . . . Coker incorporates a newspaper article concerning the November 1, 2021 meeting into her Third Amended Complaint. . . . According to this article, titled "No seat for Coker either," the City Council failed to approve the resolution to seat Coker by a 2-2 vote, with Hill and Sampson "casting the dissenting votes. . . ."

Coker asserts that at this meeting Defendants Warren, George, and Bowden made "boisterous, slanderous and defaming statements" that Coker "was a prostitute, incapable of managing her financial affairs, possessed [a] criminal

background and other demeaning characterizations that were each untrue, defaming and without the requisite [sic]. . . .” In addition, according to Coker, Defendant Steve Smith, representing Defendant Columbia County Chamber of Commerce, spoke at the meeting and expressed his support for Douglas. . . . As set forth in the Third Amended Complaint, Smith stated that Douglas “was the only candidate that looked like someone who would garner support from the likes of a[n] Amazon CEO Jeff Bezos. . . .” According to Coker, rather than conducting the “ministerial” or “ceremonial” installation at the November 1, 2021 meeting, Sikes, Witt, Jefferson, Sampson, and Koberlein “sat in silence . . . .” Coker maintains that the City Council and Hill “denied [Coker] the public office.

Based on the City Council’s refusal to seat her, Coker filed a petition for a writ of mandamus in state court on November 8, 2021. . . . That same day, a state court judge issued an “Alternative Writ in Mandamus, and Order Nisi in Prohibition. . . .” The Writ required Sikes and the City Council to “Show

Cause within 20 days of the date of this Order as to why" Coker's petition should not be granted. . . . And the Writ stayed all City Council proceedings related to filling the vacant seat pending a final resolution of the petition. . . . Thereafter, the case was assigned to the Honorable David Fina, a Florida circuit court judge, who is also a named Defendant in this action. . . . According to Coker, Judge Fina did not require the City Council to adhere to the Writ. . . . Defendant Kris Robinson represented the City in that lawsuit, and Defendant Joel Foreman represented Douglas, who moved to intervene in the matter. . . . It appears Defendant Ron Williams, a Columbia County Commissioner, is included in this lawsuit primarily because he did not object to Foreman's representation of Douglas. . . .

On November 18, 2021, Defendant Todd Wilson published an editorial in the Lake City Reporter, also a Defendant, taking the position that the City Council should leave the seat vacant and wait for the next election. . . . In addition, the Coalition published statements on its Facebook page urging

> the City Council not to seat Coker. . . . And Bowden published on social media that "he would take any and all actions necessary to prevent [Coker] from being seated . . . ." As of June 2, 2022, Coker had not been seated on the City Council. . . . Indeed, the Court takes judicial notice of the fact that an election was held for the vacant seat in August of 2022, and Coker was not elected. . . . Based on the foregoing, Coker asserts that she has "suffered damages as a direct result of the Defendants' policies, practices and actions," including "monetary losses . . . ." Coker seeks money damages and punitive damages as to each count, and in several counts also requests injunctive relief "to prevent Defendants from condoning, participating, and encouraging this behavior in the future. . . ."[17]

(2) Publications by the Newspaper

The only mention of the Newspaper Defendants by Coker is found at Count IX of her Complaint. There she asserts entitlement to declaratory relief pursuant to

[17] Dkt. #172, pp. 12-19.

42 U.S.C. § 1985.[18] After making allegations against other Defendants in her Complaint, she gets around to mentioning the Newspaper at paragraph 104. There she alleges that the Newspaper was present at a City Council meeting and published an article about it on October 27, 2021 with the headline "Council Goes With Coker."[19] This is a routine news article describing what occurred at the City Council meeting the evening prior to the publication of the article. The article reports that the council approved the appointment of Coker for a seat on the council by a vote of 3-1. It also reported favorable comments made regarding Ms. Coker.[20] Next, the Complaint contains the Newspaper's article of November 2, 2021.[21] This article describes a meeting of the City Council the evening prior. At this meeting, the article reports that comments were made about Ms. Coker that were critical of her – a previous arrest and two previous bankruptcies filed by her. The article reported that one of the council members then changed his vote on

---

[18] Dkt. #10, p. 46.

[19] *Id*. at p. 50.

[20] *Id*. p. 51.

[21] *Id*., pp. 51-52.

filling the vacant seat. The result was the seat Ms. Coker wished to fill was left vacant to be considered at a subsequent meeting.

The last reference Coker makes about the Newspaper pertains to an opinion piece that was published on November 18, 2021.[22] In the editorial, the Newspaper stated its view that "the best course of action the Lake City Council can take in regard to the filling of the council seat vacancy is to sit tight and do nothing. This is the best action the group can take for the good of the residents and the City business people it serves. Leave the seat vacant. Do nothing. Move on."

## ARGUMENT AND CITATION OF AUTHORITY

### A. STANDARD OF REVIEW

This Court should review a district court's grant of a motion to dismiss with prejudice *de novo* accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff. *City of Miami v. Citigroup Inc.,* 801 F.3d 1268, 1275 (11th Cir. 2015); *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1091-1092 (11th Cir. 2021).

[22] The Third Amended Complaint is somewhat disjointed in reference to the November 18, 2021 editorial. However, Coker listed it in her original Complaint as an exhibit found at Dkt. #1-5.

To survive a motion to dismiss, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must state a claim to relief that is plausible on its face." *Stein v. TitleMax of Ga., Inc.*, 819 Fed. Appx. 809 (Fla. 11th Cir. 2020); *Feldman v. Am. Dawn, Inc.*, 849 F.3d 1333, 1339-40 (11th Cir. 2017).

**B. SUMMARY OF THE NEWSPAPER'S ARGUMENT**

The only allegation made by Coker against the Newspaper is found in Count IX of the Complaint. There she alleged that the Newspaper conspired with others in violation of 42 U.S.C. § 1985.

The allegations against the Newspaper were properly dismissed by the District Court. The Court found that Plaintiff had no claim under 42 U.S.C. § 1985(1) because the Complaint contained no allegations of interference with the official duties of federal officers.

Turning next to whether Coker had a claim under 42 U.S.C. § 1985(3), the District Court correctly held that there were no allegations to show a meeting of the minds between the Newspaper and any other alleged conspirators. The District Court further found that no claim was stated under 42 U.S.C. § 1985(3) a claim because Coker did not allege that the Newspaper was acting under color of state

law. Further, the District Court found that Coker's claim was deficient because it failed to allege class-based invidiously discriminatory animus necessary to support a § 1985(3) claim.

While not cited by the District Court, other case authority holds that a newspaper's communication of facts and opinions is insufficient to convert such communications into a conspiracy with others.

### C. THE DISTRICT COURT CORRECTLY DISMISSED ANY CLAIM UNDER 42 U.S.C. § 1985(1)

This section of § 1985 only applies to "conspiracies that interfere with the performance of official duties by federal officers." *Morast v. Lance*, 807 F.2d 926, 929 (11 Cir. 1997). The Court in *Morast* stated that "the purpose of this Section is to proscribe conspiracies that interfere with the performance of official duties by federal officers."[23] The underlying authority cited by this Court was *Kursh v. Rutledge*, 460 U.S. 719 (1983). *Kursh* traced the history of Section 1985 from one lengthy paragraph when first enacted to subsequent recodification.[24] At this point,

[23] 807 F2d at 929.

[24] 460 U.S. 719, 724.

what has emerged as 42 U.S.C. § 1985(1) relates to "institutions and processes of the Federal Government – federal officers."[25]

Since the allegations in the Coker Complaint do not relate to any federal office, the District Court correctly held that her Complaint did not state a claim under 42 U.S.C. § 1985(1).[26] In her brief to this Court, Coker does not contend to the contrary.[27]

### D. THE DISTRICT COURT CORRECTLY REJECTED ANY CLAIM BY COKER UNDER 42 U.S.C. §1985(3)

For two reasons, the District Court correctly held that Plaintiff had no sustainable claim against the Newspaper Defendants under § 1985(3). The first reason is that Plaintiff never alleged any facts showing a meeting of the mind between the Newspaper and any other alleged conspirator. As the District Court held, "[w]here the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." (citing *Mickens v. Tenth Judicial Circuit*, 181 F. App'x. 865, 876 (11 Cir. 2006).[28]

[25] *Id*.

[26] Dkt. #172, pp. 28-9.

[27] Appellant Brief, pp. 24-25.

[28] Dkt. #172, p. 29.

Additionally, for private entities such as the Newspaper, they would not be subject to Plaintiff's § 1985 claim for another reason. These Defendants did not, and were not alleged to be, "acting under color of state law. . . ." *Bendiburg v. Dempsey*, 909 F.2d 463, 468 (1990).

And for yet another reason, the District Court was correct in dismissing the § 1985(3) claim against the Newspaper Defendants. This is because the Complaint did not allege invidious discriminatory intent on the part of any defendant.[29] The District Court relied on *Dean v. Warren*, 12 F.4th 1248 (2021), where this Court stated that § 1985(3) did not reach private action without an allegation of "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the (conspirator's) action." (citing *Griffin v. Breckenridge*, 403 U.S. 88, 101 (1971).[30] Coker does not contend otherwise.[31]

### E. THE PUBLICATION OF NEWS ARTICLES IS INSUFFICIENT TO SUSTAIN A § 1985 CONSPIRACY CLAIM

In *Harmon v. Orlando Florida Sentinel*, 1991 U.S. Dist. LEXIS 14329,*10 (M.D. Fl. 1991), the court held that "the possibility that newspaper articles

[29] Dkt. #172, p. 30.

[30] Dkt. #172, p. 30.

[31] Appellant's Brief, pp. 24-25.

influence decision-makers does not convert mere communications into conspiracy." This was also the holding by the District Court of South Carolina in *Tennant v. Georgetown County*, 2006 U.S. Dist. LEXIS 39169, *7 (D. SC. 2006). There, the court stated that the publishing of a newspaper article about county business was insufficient for plaintiff to meet the "burden of providing evidence of conspiracy to which [the newspaper] was a party."

On this point, all that Coker asserts is that the Newspaper's publications influenced "the public" against her.[32] *Harmon* and *Tennant* show this to be insufficient to establish a conspiracy.

## CONCLUSION

The District Court granted Coker the benefit of the doubt that her Complaint should not have been dismissed as a "shotgun pleading."[33] Nevertheless, the District Court was able to discern that Coker's pleadings, such as they were, failed to assert any grounds sufficient to support Count IX, the only claim she makes against the Newspaper Defendants.

[32] *Id*. at p. 24.

[33] Dkt. #172, p. 9-12, fn. 7.

For the several reasons stated above, this § 1985 Count against the Newspaper Defendants is without merit. The Newspaper Defendants thus pray that the dismissal of the Complaint against them be affirmed.

This 14th day of August, 2023.

/s/ *David E. Hudson*
David E. Hudson GA Bar No. 374450

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706/722-4481 | (f) 706.722.9779
dhudson@hullbarrett.com

/s/ *Brooks C. Rathet*
Brooks C. Rathet FL Bar No. 0077658

BROMAGEN, RATHET, KLEE
AND SMITH, PA
625 Atlantic Boulevard
Atlantic Beach, Florida 32233
904/242-0860
brooks@bromagenlaw.com

***Attorneys for Defendants/Appellees North Florida Newspapers, LLC and Todd Wilson***

Befaithful Coker v. Sylvester Warren, III, et al. – Case No. 23-11160

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson hereby certify that this principal brief complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 32(a)(7)(B)(i) in that it contains 3,584 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and 11th Cir. Rule 32-4.

This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this Brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 2305 in 14-point Times New Roman font.

/s/ *David E. Hudson*
David E. Hudson GA Bar No. 374450

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706/722-4481 | (f) 706.722.9779
dhudson@hullbarrett.com

***Attorney for Defendants/Appellees North Florida Newspapers, LLC and Todd Wilson***

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Brief of Appellees Northeast Florida Newspapers, LLC and Todd Wilson using the CM/ECF system, which has effected service upon the following counsel of record pursuant to Fed. R. App. P 25 (c) (2) and 11th Cir. Rule 25-3 (f):


**Lucas Jordan Taylor |**
*lucas.taylor@suwanneelawyers.com*

**Susan S. Erdelyi**
*serdelyi@marksgray.com*

**Gwendolyn Palmer Adkins**
*gadkins@coppinsmonroe.com*

**Stephanie Roman Caban**
*sromancaban@mcconnaughhay.com*

**Robert Bruce George**
*rgeorge@thelilesfirm.com*

**Jennifer Catherine Biewend**
*jcb@rkkattorneys.com*

**Christopher Claudio Torres**
*christopher.torres@ahca.myflorida.com*

**Ashley E. Davis**
*ashley.davis@dos.myflorida.com*


This is to further certify that an originally signed Brief of Appellees Northeast Florida Newspapers, LLC and Todd Wilson and four copies were also filed with the Clerk of the Eleventh Circuit United States Court of Appeals by First-Class Mail, postage prepaid, in accordance with Fed. R. App. P. 25(a)(2)(A)(ii) and 11th Cir. Rule 31-3.

This 14th day of August, 2023.

/s/ *David E. Hudson*
David E. Hudson GA Bar No. 374450

Of Counsel:
HULL BARRETT, PC
Post Office Box 1564
Augusta, Georgia 30903-1564
(o) 706/722-4481 | (f) 706.722.9779
dhudson@hullbarrett.com

/s/ *Brooks C. Rathet*
Brooks C. Rathet FL Bar No. 0077658

BROMAGEN, RATHET, KLEE
AND SMITH, PA
625 Atlantic Boulevard
Atlantic Beach, Florida 32233
904/242-0860
brooks@bromagenlaw.com

***Attorneys for Defendants/Appellees***
***North Florida Newspapers, LLC and Todd Wilson***