**NO. 23-11160-B**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

BEFAITHFUL COKER

Plaintiff-Appellant,

v.

SYLVESTER WARREN, III, ET AL.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

# ANSWER BRIEF OF APPELLEE KRIS BRADSHAW ROBINSON

---

Jennifer C. Biewend
ROBINSON, KENNON & KENDRON, P.A.
582 W. Duval St.
Lake City, Florida 32055
386-755-1334

ATTORNEYS FOR DEFENDANT-APPELLEE
KRIS BRADSHAW ROBINSON

**NO. 23-11160-B**

**BEFAITHFUL COKER V. SYLVESTER WARREN, III**

**Certificate of Interested Persons and**
**Corporate Disclosure Statement**

Pursuant to 11th Cir. R. 26.1-1(b), the undersigned counsel for Defendant-Appellee Kris Bradshaw Robinson hereby certifies that the CIP contained in the answer brief of Appellees Northeast Florida Newspapers, LLC and Todd Wilson filed on August 14, 2023 (Doc. 35) is complete.

On this 29th day of September 2023.

**ROBINSON, KENNON & KENDRON, P.A.**

*/s/ Jennifer C. Biewend*
Jennifer Biewend, Esq.
Florida Bar No.: 0877441

## Statement Regarding Oral Argument

Appellee Kris Bradshaw Robinson does not request oral argument in this case and submits that upon the Court's examination of the briefs and the record, oral argument is unnecessary for the reasons stated in Federal Rule of Appellate Procedure 34(a)(2)(C).

## Table of Contents


Certificate of Interested Persons and Corporate Disclosure Statement ................ C-1

Statement Regarding Oral Argument ................................................................ i

Table of Contents ................................................................................ ii

Table of Citations ................................................................................ iii

Statement Regarding Adoption ................................................................ v

Jurisdictional Statement ........................................................................ vi

Statement of the Issue ........................................................................... 1

Statement of the Case ............................................................................ 2

A. Course of Proceedings Below ................................................................ 2

B. Statement of the Facts ........................................................................ 3

C. Standard of Review ............................................................................ 3

Summary of the Argument ...................................................................... 4

Argument ............................................................................................. 5

A. Alleging Conspiracy under 42 U.S.C. § 1985(3) ......................................... 6

B. Alleging Conspiracy under 42 U.S.C. § 1985(1) ......................................... 7

Conclusion ........................................................................................... 8

## Table of Citations

**Cases**

City of Miami v. Citigroup Inc., 801 F.3d 1268, 1275 (11th Cir. 2015)....................3

Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339-40 (11th Cir. 2017)..................5

Kearson v. S. Bell Tel. & Telegraph Co., 763 F.2d 405, 407 (1th Cir. 1985).......6, 7

Mickens v. Tenth Judicial Circuit, 181 F. App'x. 865, 876 (11 Cir. 2006).............6

Morast v. Lance, 807 F.2d 926, 929 (11 Cir. 1997)................................................7

Stein v. TitleMax of Ga., Inc., 819 Fed. Appx. 809 (Fla. 11th Cir. 2020)................5

Trawinski v. United Tech., 313 F.3d 1295, 1299 (11th Cir. 2002)........................6, 7

**Statutes**

28 U.S.C. § 1291.........................................................................................vi

42 U.S.C. § 1985.........................................................................1, 2, 4, 5, 8

42 U.S.C. § 1985(1)...........................................................................................7

42 U.S.C. §1985(3)............................................................................................6

**Rules**

11th Cir. R. 25-3(f)..........................................................................................10

11th Cir. R. 26.1-1(b)......................................................................................C-1

11th Cir. Rule 31-3............................................................................................11

11th Cir. Rule 32-4 ..... 9

Fed. R. App. P. 25(a)(2)(A)(ii) ..... 11

Fed. R. App. P. 25(c)(2) ..... 9

Fed. R. App. P. 32(a)(5) ..... 9

Fed. R. App. P. 32(a)(6) ..... 9

Fed. R. App. P. 32(a)(7)(B)(i) ..... 9

Fed. R. App. P. 32(f) ..... 9

Fed. R. App. P. 32(g) ..... 9

Fed. R. App. P. 34(a)(2)(C) ..... i

Fed. R. Civ. P. 12(b)(6) ..... 1

## Statement Regarding Adoption

Defendant-Appellee Robinson adopts the Statement of Facts set forth in the answer Brief of Appellees Northeast Florida Newspapers, LLC and Todd Wilson (App. Doc. 35) from paragraph (1) on page 5 up to and not including paragraph (2) on page 12.

## Jurisdictional Statement

This Court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, as Appellant-Plaintiff appealed a final order of the District Court dismissing Plaintiff's Complaint against all Defendants.

## Statement of the Issue

Whether the District Court erred when it granted, in part, Defendant-Appellee Kris Bradshaw Robinson's (hereinafter "Defendant Robinson") Rule 12(b)(6) Fed. R. Civ. P. motion to dismiss the allegations against him in count IX of Plaintiff-Appellant's (hereinafter "Plaintiff") third amended complaint due to Plaintiff's failure to state a cause of action for conspiracy under 42 U.S.C. § 1985.

The District Court docket will be referred to as "Doc #" or "Doc# - Pg #"

## Statement of the Case

This case involves a *pro se* Plaintiff who filed a multi-count complaint consisting of various allegations against multiple defendants surrounding their alleged involvement in her failure to be sat on the City Council of Lake City. The allegation against Defendant Robinson, as well as most of the other defendants, was for conspiracy under 42 U.S.C. § 1985. The complaint was dismissed in its entirety by the District Court.

### A. Course of Proceedings Below

Plaintiff filed an emergency complaint against all Defendants in the Orlando Division on May 6, 2022. (Doc 1). It was subsequently transferred to the Jacksonville Division on May 9, 2022. (Doc 2). Plaintiff then filed an amended emergency complaint on May 10, 2022. (Doc 3). The District Court, *sua sponte*, struck the complaint for improper pleading, set forth detailed pleading requirements in its order, and granted Plaintiff leave to amend her complaint. (Doc 5). Plaintiff then filed a second amended complaint on June 2, 2022, (Doc 8) and then on June 7, 2022, filed her third amended complaint. (Doc 9). Although Plaintiff did not obtain leave of Court to file her third amended complaint, for reasons set forth in its order, the District Court declined to strike the unauthorized

filing. (Doc 172 - Pg. 10, fn. 6) All Defendants, except for one, moved to dismiss the third amended complaint. Defendant Robinson's motion to dismiss was filed on July 6, 2022. (Doc 49).

On March 2, 2023, the District Court issued its Order granting dismissal of the case in its entirety. (Doc 172). The Clerk then entered judgment dismissing the case, with certain counts being dismissed without prejudice to be reasserted in the appropriate state court. (Doc 173). Plaintiff filed her Notice of Appeal on April 1, 2023. (Doc 174).

**B. Statement of Facts**

Defendant Robinson adopts the facts set forth in the answer Brief of Appellees Northeast Florida Newspapers, LLC and Todd Wilson (App. Doc. 35) from page 5 paragraph (1) up to paragraph (2) on page 12.

**C. Standard of Review**

The standard of review for an order dismissing a complaint with prejudice for failure to state a claim is *de novo,* accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. City of Miami v. Citigroup Inc., 801 F.3d 1268, 1275 (11th Cir. 2015).

## Summary of the Argument

Plaintiff's third amended complaint at issue in this appeal was based on allegations pertaining to Plaintiff being denied a seat on the City Council of Lake City, Florida. Despite being granted leave to amend her prior complaint to sufficiently allege a cause of action against Defendant Robinson, Plaintiff again presented the court with an impermissible "shotgun pleading," not unlike the complaint previously stricken. The amended complaint contained 75 pages, 155 paragraphs, 11 separate counts, 23 pages of exhibits, and named 26 Defendants, some of whom had an exceedingly tangential connection to the allegations in the case, including Defendant Robinson. The District Court properly dismissed count IX of Plaintiff's third amended complaint, which contained the allegations against Defendant Robinson, because Plaintiff failed to sufficiently plead a cause of action for conspiracy under 42 U.S.C. § 1985.

## Argument

To survive a motion to dismiss, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must state a claim to relief that is plausible on its face." Stein v. TitleMax of Ga., Inc., 819 Fed. Appx. 809 (Fla. 11th Cir. 2020); Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339-40 (11th Cir. 2017).

The only allegation in Plaintiff's third amended complaint against Defendant Robinson was a conspiracy claim asserted under 42 U.S.C. § 1985 in count IX. (Doc 10 – Pgs. 46- 60). Plaintiff alleged that Defendant Robinson was hired by Defendants Fred Koberlein, Jr. and the City Council of Lake City Florida to represent the City of Lake City and, although Plaintiff alleges knowledge of certain inaccurate matters on the part of Defendants Koberlein and the City Council when they hired Defendant Robinson, Plaintiff makes no allegations regarding Defendant Robinson's knowledge of the same, or any other matters. (Doc 10 – Pg. 57). Plaintiff's only allegation pertaining to any action by Defendant Robinson was that he, along with others, "took a sworn Oath to uphold the Constitution of Florida and the Constitution of the United States, both of which offer protection to the civil rights and liberties of its citizens." (Doc 10 – Pg. 59).

**Alleging Conspiracy under 42 U.S.C. § 1985(3)**

The District Court property dismissed Count IX against Defendant Robinson because it correctly determined that Plaintiff's third amended complaint failed to allege an agreement between the parties, as required for a conspiracy claim under § 1985(3). The elements necessary to prove a violation of § 1985(3) are:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen of the United States.

See Trawinski v. United Tech., 313 F.3d 1295, 1299 (11th Cir. 2002) (citation omitted). The District Court accurately stated in its order that, although Plaintiff generally asserted that Defendants engaged in a conspiracy, her third amended complaint was, "largely devoid of factual allegations from which one could plausibly infer the existence of an agreement between the numerous Defendants allegedly involved." Citing Kearson v. S. Bell Tel. & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985). (Doc 172 – Pg 30).

The District Court correctly cited to Mickens v. Tenth Judicial Circuit, when it held, "[t]he core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." 181 F. App'x. 865, 876 (11 Cir. 2006). (Doc 172 – Pg 29).

Going even further, the District Court also properly held that, even assuming the existence of an agreement between some Defendants, Plaintiff still did not state a claim for conspiracy under § 1985(3) because she failed to allege any facts demonstrating the required invidious discriminatory intent. Trawinski, 313 F.3d at 1299 (11th Cir. 2002); Kearson, 763 F.2d at 407. (Doc 172 – Pg 30).

**Alleging Conspiracy under 42 U.S.C. § 1985(1)**

Because Plaintiff was ambiguous in her complaint regarding under which section of § 1985 she was attempting to bring her claim, the District Court also properly found that Plaintiff could not state a claim under § 1985(1) because the purpose of that section is to proscribe conspiracies that interfere in the performance of official duties by federal officers, and the seat on the City Council at issue in Plaintiff's complaint involved a municipality. (Doc 172 – Pg 28-29). This section of § 1985 only applies to "conspiracies that interfere with the performance of official duties by federal officers." Morast v. Lance, 807 F.2d 926, 929 (11 Cir. 1997). The Court in Morast held that "[t]he purpose of this Section is to proscribe conspiracies that interfere with the performance of official duties by federal officers." Id. Since the allegations in Plaintiff's complaint did not involve any federal office, the District Court correctly held that her complaint did not state a claim under 42 U.S.C. § 1985(1).

## **CONCLUSION**

When it struck Plaintiff's prior amended complaint, the District Court did so with a detailed order regarding pleading requirements. Nonetheless, Plaintiff's attempt at a third amended complaint still failed to allege sufficient facts to support a claim of conspiracy under 42 U.S.C. § 1985, in that it failed to allege the requisite meeting of the minds or any facts demonstrating invidious discriminatory intent. Accordingly, the District Court's dismissal of Count IX against Defendant Robinson should be affirmed.

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned counsel for Defendant-Appellee Kris Bradshaw Robinson hereby certifies that this principal brief complies with the type-volume limitation of Federal Rule of Appellate Procedure Rule 32(a)(7)(B)(i) in that it contains 1,384 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f) and 11th Cir. Rule 32-4.

This Brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5), and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

On this 29th day of September 2023.

**ROBINSON, KENNON & KENDRON, P.A.**

*/s/ Jennifer C. Biewend*
Jennifer Biewend, Esq.
Florida Bar No.: 0877441
*Attorneys for Kris Bradshaw Robinson*

## CERTIFICATE OF SERVICE

I certify that on this 29th day of September 2023, I have electronically filed the foregoing Answer Brief of Appellee Kris Bradshaw Robinson using the CM/ECF system, which has effected service upon the following counsel of record, and that a copy was served by U.S. Mail and Email to Pro Se Plaintiff Befaithful Coker, P.O. Box 15, Lake City, FL 32056 befaithfulcoker@gmail.com, pursuant to Fed. R. App. P 25 (c) (2) and 11th Cir. Rule 25-3 (f):

**Lucas Jordan Taylor |**
*lucas.taylor@suwanneelawyers.com*

**Robert Bruce George**
*rgeorge@thelilesfirm.com*

**Susan S. Erdelyi**
*serdelyi@marksgray.com*

**David E. Hudson**
*dhudson@hullbarrett.com*

**Gwendolyn Palmer Adkins**
*gadkins@coppinsmonroe.com*

**Christopher Claudio Torres**
*christopher.torres@ahca.myflorida.com*

**Stephanie Roman Caban**
*sromancaban@mcconnaughhay.com*

**Ashley E. Davis**
*ashley.davis@dos.myflorida.com*

**ROBINSON, KENNON & KENDRON, P.A.**

/s/ *Jennifer C. Biewend*
Jennifer Biewend, Esq.
Florida Bar No.: 0877441
582 W. Duval St.
Lake City, Florida 32055
Phone: (386) 755-1334
Fax: (386) 755-1336
jcb@rkkattorneys.com
*Attorneys for Kris Bradshaw Robinson*

This is to further certify that four copies of this Answer Brief of Appellee Kris Bradshaw Robinson were filed with the Clerk of the Eleventh Circuit United States Court of Appeals by First-Class Mail, postage prepaid, in accordance with Fed. R. App. P. 25(a)(2)(A)(ii) and 11th Cir. Rule 31-3.

Respectfully submitted this 29th day of September 2023.

**ROBINSON, KENNON & KENDRON, P.A.**
/s/ *Jennifer C. Biewend*
Jennifer Biewend, Esq.
Florida Bar No.: 0877441
*Attorneys for Kris Bradshaw Robinson*