DOCKET NUMBER 23-11160

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

BEFAITHFUL COKER,

Appellant/Plaintiff,

v.

SYLVESTER WARRANT, III, ET AL.,

Appellees/Defendants

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

---

# BRIEF OF APPELLEES TOMI BROWN, RON WILLIAMS, JOEL FOREMAN, COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS

---

Hayley Lewis Folmar, Esquire
Stephanie Roman Caban, Esquire
McConnaughhay, Coonrod, Pope, Weaver & Stern, P.A.
1709 Hermitage Blvd., Suite 200
Tallahassee, Florida 32309
850/222-8121
hfolmar@mcconnaughhay.com
sromancaban@mcconnaughhay.com

ATTORNEYS FOR APPELLEES/DEFENDANTS TOMI BROWN, RON WILLIAMS, JOEL FOREMAN, COLUMBIA COUNTY BOARD OF COUNTY COMMISSIONERS

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

In Compliance with Local Rule 26.1-1, the undersigned certifies that to the best of her knowledge the Certificate of Interested Persons and Corporate Disclosure contained in the Brief for Appellees Northeast Florida Newspapers, LLC and Todd Wilson is complete.

## STATEMENT REGARDING ORAL ARGUMENT

The Columbia County Appellees do not request oral argument in this case because it is unnecessary for the reasons stated in Federal Rule of Appellate Procedure 34(a)(2).

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE ........................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................ ii

TABLE OF CONTENTS .......................................................................... iii

TABLE OF CITATIONS ............................................................................ v

STATEMENT OF JURISDICTION ............................................................ 1

STATEMENT OF THE ISSUES ................................................................ 1

STATEMENT OF THE CASE ................................................................... 1

(i) CASE PROCEEDINGS ........................................................... 2

(ii) THE FACTS ........................................................................... 4

(iii) STANDARD OF REVIEW ...................................................... 7

SUMMARY OF THE ARGUMENT ........................................................... 7

ARGUMENT AND CITATIONS OF AUTHORITY ......................................... 8

I. APPELLANT FAILED TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1985.

**a. Appellant cannot state a cause of action under Section 1985(1) because her allegations do not involve a federal office** ..................................................... 9

**b. Appellant cannot state a cause of action under Section 1985(3) because she fails to allege a meeting of the minds between any of the Columbia County Appellees and the other alleged co-conspirators** ........ 18

**II.** APPELLANT FAILED TO ESTABLISH STANDING TO BRING THE VRA CLAIMS.

**a. Appellant cannot establish standing to bring the VRA claims because she fails to allege she suffered a particularized injury in fact** ........ 27

CONCLUSION ........ 36

CERTIFICATE OF COMPLIANCE ........ 36

CERTIFICATE OF SERVICE ........ 37

## TABLE OF CITATIONS

## CASE CITES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................10

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................10

*Byrd v. Clark*, 783 F.2d 1002 (11th Cir. 1986) ....................................................12, 14

*Caldeira v. Cnty. of Kauai*, 866 F.2d 1175 (9th Cir. 1989) ....................................................14

*Dean v. Warren*, 12 F.4th 1248 (11th Cir. 2021) ....................................................15

*Franklin v. Curry*, 783 F.3d 1246 (11th Cir. 2013) ....................................................10

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ....................................................13, 16

*Hill v. White*, 321 F.3d 1334 (11th Cir. 2003) ....................................................9

*Kush v. Rutledge*, 460 U.S. 719 (1983) ....................................................13

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992)....................................................9, 17

*Morast v. Lance*, 807 F.2d 926 (11th Cir. 1987) ....................................................12

*Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917 (11th Cir. 2020)..................10

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ....................................................17, 18

*Stalley ex. rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,
524 F.3d 1229 (11th Cir. 2008) ....................................................9, 10, 17

*Whitten v. Clarke*, 41 F.4th 1340 (11th Cir. 2022) ....................................................9

*Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020) ....................................................18

**STATUTES**

U.S. Constitution, Art. III § 2 .......... 17

28 U.S.C. § 1291 .......... 1

42 U.S.C. § 1985 .......... 1, 11, 13, 14

42 U.S.C. § 1985(1) .......... 1, 10, 11, 12, 13

42 U.S.C. § 1985(3) .......... 1, 10, 11, 12, 13, 14, 15, 16

52 U.S.C. § 10301 .......... 1

52 U.S.C. § 10304 .......... 1

52 U.S.C. § 10308 .......... 1

Civil Rights Act of 1871, 17 Stat. 13, § 2 .......... 12

**RULES**

11th Cir. R. 26-1(a) 26.1 .......... i

11th Cir. R. 32-4 .......... 19

Fed. R. App. P. 32(a)(5) .......... 19

Fed. R. App. P. 32(a)(6) .......... 19

Fed. R. App. P. 34(a)(2) .......... ii, 20

Fed. R. App. P. 32(a)(7)(B) .......... 19

Fed. R. App. P. 32(a)(7)(B)(i) .......... 19

Fed. R. Civ. P. 12(b)(1) .......... 9

Fed. R. Civ. P. 12(b)(6) .......... 10

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this appeal, pursuant to 28 U.S.C. § 1291, because Plaintiff/Appellant appealed a final order of the United States District Court Middle District of Florida dismissing the Third Amended Complaint against all of the named Defendants/Appellees.

## STATEMENT OF THE ISSUES

I. Whether Appellant failed to allege facts involving a federal office, in order to state a cause of action under 42 U.S.C. § 1985(1) as needed to survive a motion to dismiss.

II. Whether Appellant failed to allege facts demonstrating a meeting of the minds and a discriminatory animus in order to state a cause of action, under 42 U.S.C. § 1985(3), as needed to survive a motion to dismiss.

III. Whether Appellant failed to allege a particularized injury in fact under the Voting Rights Act (VRA), as needed to survive a motion to dismiss, for lack of standing.

The District Court docket will be referred to as "Doc. #," "Doc. #, p.#," or "Doc. #, ¶#."

## STATEMENT OF THE CASE

### Case Proceedings

Plaintiff filed a pro se Complaint and Demand for Jury Trial on May 6, 2022, naming twenty-six (26) defendants and alleging eleven (11) counts. (Doc. 1.) As to

the Columbia County Defendants, she only alleged Count IX 42 U.S.C. § 1985, Conspiracy (the "Conspiracy Claim") and Count VII 42 U.S.C. §§ 10301, 10304 & 10308, Qualifying Fee (the "VRA Claim"). (Doc. 10 at p. 39-44, 46-59.) Specifically, she alleged the Conspiracy Claim against all Columbia County Defendants and the VRA Claim only against Brown. (Id.) The District Court sua sponte issued an order striking the initial complaint due to it being an improper "shotgun pleading" and granted Plaintiff leave to amend on May 10, 2022. (Doc. 5.) On June 2, 2022, Plaintiff filed the Second Amended Complaint. (Doc. 8.) She then filed the Third Amended Complaint, without leave from the District Court, on June 7, 2022. (Doc. 10.)

Defendants moved to dismiss Plaintiff's Third Amended Complaint. (Docs. 15, 49, 53, 78, 79, 80, 81, 94, 102, 110, 131.) The Columbia County Defendants sought dismissal of the Third Amended Complaint on various grounds, including failure to state a cause of action and establish standing grounds. (Docs. 78, 79, 80, 81.) The Defendants also filed a Joint Motion to Stay Discovery requesting the District Court stay discovery pending a ruling on the Motions to Dismiss and Plaintiff filed a response in opposition. (Docs. 163, 1655.) On August 18, 2022, Plaintiff filed responses in opposition to all Motions to Dismiss. (Docs. 122, 123, 124, 133, 134, 136, 138, 139, 140, 141, 142, 158, 166.) On December 2, 2022, the District Court ordered a stay of discovery. (Doc. 169.)

On March 2, 2023, the District Court issued its Order granting dismissal of the case. (Doc. 172.) The Clerk entered a judgment dismissing the case on March 3, 2023. (Doc. 173.) Plaintiff filed her Notice of Appeal on April 1, 2023. (Doc. 174.) This Court dismissed the Appeal on July 7, 2023, and subsequently reinstated it on July 31, 2023. (Docs. 177, 178.)

## **The Facts**

In the Third Amended Complaint, the operative complaint (hereinafter the "Complaint"), Appellant describes herself as a "community activist and volunteer known for organizing community events, and making both public and protected disclosures concerning local government." (Doc. 10 at ¶ 5.) The Complaint contains a total of 75-pages that are comprised of over 150 paragraphs and subparagraphs, and 23 pages of exhibits. (Doc. 10.) The District Court took on the onerous task of summarizing the pertinent allegations contained in the Complaint to ensure the Dismissal Order contained only those that are relevant to causes of actions asserted by Appellant. Columbia County also borrows and incorporates the District Court's summation of all relevant and material facts for this appeal.

In her Complaint, Appellant alleges that she is known as a community activist that discloses the alleged wrongdoing of the public and private actors, including the local government. (Id. at ¶ 5.) She alleges that throughout 2021, she made several disclosures regarding the alleged wrongdoings of the City Council, in

its capacity as a governmental entity, and of individual councilmembers. (Id. at ¶¶ 17-28.) Appellant vaguely references disclosures made in 2021 that she contends were the catalyst for the alleged conspiracy to deprive her of holding public office. (Id. at ¶¶ 18, 22.)

The first disclosure referenced by Appellant took place in January of 2021 and the last one took place in June of 2021. (Id.) The exact nature of the referenced disclosures is unclear due to the overabundance of extraneous details throughout the Complaint. One disclosure referenced by Appellant in the Complaint concerns the alleged improper dealings of Hill, a councilmember; and Justice and Equality Coalition, Inc., George, Gambles, and Warren. (Id. at ¶¶ 18-20.) Another disclosure concerns Hill's alleged abuse of office after authoring letters in support of Warren, who sought early termination of his probation in 2019. (Id. at ¶ 21.) Other referenced disclosures concern the reinstatement of an HR director, the alleged improper formation of organizations, and the alleged improper appointment of Warren and Bowden to publicly funded boards. (Id. at ¶¶ 23-25, 27-28.)

Throughout the Complaint, Appellant references several instances of alleged retaliation from various actors, whom she believes retaliated against her due to her history of making disclosures. She generally alleges that the City Council denied her of a position on the Planning and Zoning Board because she had made disclosures regarding the actions of the City Council. (Id. at ¶¶ 11, 30.) She further alleges that

Sikes informed Bowden of disclosures made by her and in turn caused Bowden to publicize on social media his commitment to use all efforts to prevent her from holding office." (Id. at ¶ 29.) Other instances of retaliation referenced in the Complaint include Witt, Jefferson, Hill, and Sampson's alleged failure to enforce decorum rules during city council meetings held in December of 2020 and November of 2021 such that Warren, George, Gambles, and Bowden were allowed to repeatedly slander, defame, and threaten her in front of her minor children. (Id. at ¶¶ 35-36, 40.)

On October 4, 2021, the City Council announced a seat vacancy arising out of a resignation. (Id. at ¶ 61.b.)Then, on October 13, 2021, the City Council filled the vacancy by appointing Douglas. (Id. at ¶¶ 93-94.) In the Complaint, Appellant takes issue with the method used to fill the vacancy. (Id. at ¶¶ 93-94.) She contends that the City Council improperly appointed Douglas via secret ballot and withdrew the appointment five (5) days later, with no objection from Douglas. (Id. at ¶¶ 93-94.) Appellant filed a petition in state court challenging Douglas' appointment to the seat. (Id. at ¶ 104.) On October 26, 2021, the City Council held another meeting to attempt to fill the seat. (Id. at ¶¶ 61.a, 95.) The contenders for the seat were Appellant, Douglas, and Jernigan. (Id.)

After several rounds of deadlocked voting, the City Council selected Appellant for the seat during this meeting. (Id. at ¶ 61.a.) According to Appellant,

Jefferson, Hill, and Witt voted in favor of her appointment, and Sampson opposed it. (Id.) A mere two (2) days after the October 26 meetings, Sampson contacted Koberlein and Sikes to inquire about methods for reconsidering Appellant's appointment. (Id. at ¶ 95.) Koberlein, the City Attorney, notified Sampson that the City Charter did not permit a motion for reconsideration of the vote. (Id.) Sikes, the City Clerk, shared this information with Jefferson, Hill, and Witt. (Id. at ¶ 96.)

Koberlein proceeded to present a resolution memorializing Appellant's appointment to the seat on November 1, 2021. (Id. at ¶ 61.h.) Appellant alleges that prior to the November 1, 2021 meeting she filed her Oath of Office and completed other onboarding tasks. (Id. at ¶ 61.h, 67, 111.) The resolution presented on November 1, 2021 failed. (Id. at ¶ 99.) Hill and Sampson casted dissenting votes after allegedly learning information concerning Appellant's past, including alleged prior arrests and bankruptcy filings. (Id. at ¶¶ 111.) According to a newspaper, Appellant did not deny the allegations regarding her past. (Id. at 104.) Appellant maintains that both the City Council and Hill denied her the appointment "as retaliation for the protected disclosures of gross waste and abuse of public offices." (Id. at ¶ 37.)

In the Complaint, Appellant alleges that during the November 1, 2021, meeting the City Council did not stop Warren, George, and Bowden from making "boisterous, slanderous and defaming statements" that she "was a prostitute,

incapable of managing her financial affairs, possessed [a] criminal background and other demeaning characterization that were each untrue, defaming and without the requisite [sic].” (Id. at ¶¶ 97, 99.) Appellant also alleges that Smith, on behalf of the Chamber of Commerce, attempted to “intimidate her and interfere with her right to hold public office” by expressing his support for Douglas. (Id. at ¶¶ 102, 113.) Appellant takes the position in her Complaint that the November 1, 2021 meeting was a mere formality and that the City Council did not need to pass a resolution to memorialize her appointment. (Id. at ¶¶ 107-110, 112.) She also denounces Sikes, Witt, Jefferson, Sampson, and Koberlein’s alleged “silence” during the November 1, 2021 meeting. (Id.)

On November 8, 2021, Appellant filed a writ of mandamus in state court requesting the state court order the City Council to seat her. (Id. at ¶ 61.i.) The state court issued an ‘Alternative Writ in Mandamus, and Order Nisi in Prohibition’ ordering Sikes and the City Council, who were both represented by Koberlein, to show cause within 20 days of the entry of the order as to why the court should not grant Appellant’s petition and stay any proceedings related to filling the vacancy until the resolution of the Writ. (Id. at ¶ 61.i.) Foreman filed a Motion to Intervene on behalf of Douglas. (Id. at ¶¶ 119, 120.) The Honorable David Fina, whom Appellant alleges did not require the City Council comply with the Writ, was assigned to the state case. (Id. at ¶¶ 103, 116.) “As of June 2, 2022, Coker had not

been seated on the City Council." (Id. at ¶ 117.) The trial court in the federal case took judicial notice that "an election was held for the vacant seat in August of 2022, and Coker was not elected." (Doc. 172 at p. 18.)

Appellant alleges two (2) counts against the Columbia County Appellees. (Doc. 10 at p. 39-44, 46-59.) She alleges the Conspiracy Claim against all of the Columbia County Appellees. (Id. at p. 46-59.) Appellant alleges that Foreman filed the previously referenced Motion to Intervene on behalf of Douglas in state proceedings, in furtherance of a conspiracy entered into between him and unknown Appellees to deprive her of the ability to hold public office. (Id. at ¶¶ 120-122, 124.) The Complaint contains no allegations regarding communications and/or agreements between Foreman and the other Appellees pertaining to an alleged conspiracy. Appellant alleges Williams also engaged in the subject conspiracy because he did not object to Foreman's representation of Douglas. (Id. at ¶ 125.) The sole communication referenced in the Complaint exchanged between Williams and another Appellee is a letter from 2006 discussing Warren's involvement with the community. (Id.) Appellant alleges Brown and Columbia County both engaged in the conspiracy. The exact nature of these actions is unclear due to the lack of an affirmative allegation regarding their respective actions.

Appellant also alleges a VRA Claim against Brown. (Id. at p. 39-44.) She alleges that the City Council charges a qualifying fee to those seeking to hold a seat,

which places an undue burden on "the rights of black candidates and more specifically female candidates.' (Id. at ¶¶ 79-82.) She does not include any affirmative allegations regarding Brown's alleged violation of the VRA Claim.

**Standard of Review**

On appeal, this Court reviews *de novo* the district court's grant of a motion to dismiss for lack of standing. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). It also reviews *de novo* the district court's grant of a motion to dismiss for failure to state a claim "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). Both of these issues present questions of law pertaining to pleading and jurisdictional requirements. *Whitten v. Clarke*, 41 F.4th 1340, 1347 (11th Cir. 2022); *Stalley ex rel. U.S.*, 524 F.3d at 1232.

The issue of standing to sue "is a threshold jurisdictional question that the Court of Appeals reviews de novo." *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 923 (11th Cir. 2020). 'Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).' *Stalley ex rel. U.S.*, 524 F.3d at 1232. The plaintiff bringing forth a suit in federal court bears the burden of establishing the court's jurisdiction through sufficient allegations, and failure to do so can subject the complaint to dismissal under Rule 12(b)(1). *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

561 (1992); *Stalley ex rel. U.S.*, 524 F.3d at 1232. "[A] plaintiff without an injury in fact lacks Article III standing, and the federal courts do not have jurisdiction over his or her complaint." *Stalley ex rel. U.S.*, 524 F.3d at 1232.

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a cause of action, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face." *Franklin v. Curry*, 783 F.3d 1246, 1250 (11th Cir. 2013); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conclusory allegations and legal conclusions not supported by factual allegations are not sufficient to assert a cause of action. *Franklin*, 783 F.3d at 1252.

## SUMMARY OF THE ARGUMENT

This Court should uphold the District Court's dismissal of the Third Amended Complaint. Appellant alleges two (2) causes of actions against the Columbia County Appellees. She alleges Count IX against all Columbia County Appellees and Count VII against Brown. The District Court did not err in dismissing Count IX for failure to state a cause of action, and Count VII for failure to establish standing. In Count IX, Appellant alleges conspiracy allegations under Sections 1985(1) and (3). She cannot state a cause of action under Section 1985(1) because her allegations do not involve a federal office. She also cannot state a cause of action under Section 1985(3) because she does not allege a meeting of the minds or an

invidious discriminatory intent. In Count VII, Appellant alleges Brown violated the statutory provisions of the VRA. She cannot establish standing to bring claims pursuant to the VRA because she does not allege a particularized injury in fact. For these reasons, dismissal of Counts IX and VII is proper.

## ARGUMENT AND CITATIONS OF AUTHORITY

### I. APPELLANT FAILED TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1985.

In Count IX, Appellant alleges conspiracy claims under 42 U.S.C. § 1985 against the Appellees, including the Columbia County Appellees. She does not specify in the Complaint whether her claims arise out of Sections 1985(1), (2), or (3) but it appears that she intends to proceed under Sections 1985(1) and (3). Appellant failed to state a cause of action under Sections 1985(1) and (3); thus, the District Court did not err in dismissing Count IX. Section 1985(1) is limited to prohibiting conspiracies that interferes with a federal officers' ability to perform their official duties. *Morast v. Lance*, 807 F.2d 926, 929 (11th Cir. 1987). It prohibits conspiracies between at least two (2) persons "to prevent, by force, intimidation or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof . . . ." 42 U.S.C. § 1985(1).

In addition, Section 1985(3) prohibits conspiracies, motivated by racial or other discriminatory animus, to deprive someone of right or privilege. 42 U.S.C. §

1985(3). To bring a claim under Section 1985(3), a plaintiff must allege and prove the following elements:

> (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an over act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen.

*Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986). This Court should uphold the District Court's decision to dismiss Count IX for failure to state a cause of action. First, she did not state a cause of action under Section 1985(1) because there are no allegations that the Columbia County Appellees conspired to interfere with federal officers' performance of their official duties. Second, she did not allege a cause of action under Section 1985(3) because she did not allege facts demonstrating a meeting of the minds between any of the Columbia County Appellees and other alleged co-conspirators or an invidious discriminatory intent.

**a. Appellant cannot state a cause of action under Section 1985(1) because her allegations do not involve a federal office.**

The District Court did not err in dismissing Count IX to the extent it asserted a cause of action under Section 1985(1) because the Complaint contains no allegations involving a federal office. The United States Supreme Court explained that Section 1985 "was originally enacted as § 2 of the Civil Rights Act of 1871, 17 Stat. 13," which contained a single paragraph outlawing "five broad classes of

conspiratorial activity." *Kush v. Rutledge*, 460 U.S. 719, 724 (1983). Section 1985 codified and condensed these five broad classes of prohibited conspiracies into three (3) subsections – a "reclassification that was not intended to change the substantive meaning of the 1871 Act." *Id.* Section 1985(1) "relate[s] to institutions and processes of the federal government – federal officers." *Id.* In contrast, Section 1985(3) provides a cause of action for private conspiracies. *Id.* at 725; *Griffin v. Breckenridge*, 403 U.S. 88, 91 (1971).

In the instant case, Appellant alleges that the Columbia County Appellees conspired with other alleged co-conspirators to deprive her of the ability to hold public office. Specifically, she alleges that the City Council, by a vote of three, appointed her to a vacant city council seat of a municipality. Appellant's allegations involve a municipal position, not a federal position. There are no allegations that Appellant herself was a federal officer and that the Columbia County Appellees sought to prevent her from performing the official duties of a federal officer. For these reasons, this Court should uphold the dismissal of claims under Section 1985(1).

**b. Appellant cannot state a cause of action under Section 1985(3) because she fails to allege a meeting of the minds between any of the Columbia County Appellees and the other alleged co-conspirators.**

The District Court did not err in dismissing Count IX to the extent it asserted a cause of action under Section 1985(3) because the Complaint contains no

allegations demonstrating a meeting of the minds between the Columbia County Appellees and the other alleged co-conspirators. A plaintiff seeking to assert claims under Section 1985(3) must allege facts demonstrating four (4) elements:

> (1) a conspiracy; (2) for the purpose of depriving, directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; (3) an over act in furtherance of the object of the conspiracy; and (4) that the plaintiff (a) was injured in his person or property, or (b) was deprived of having and exercising any right or privilege of a United States citizen.

*Byrd*, 783 F.2d at 1007. In addition, these plaintiffs must also allege facts demonstrating an agreement or meeting of the minds amongst the alleged conspirators to deprive them of their constitutional rights. *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). This Court should uphold the District Court's dismissal of Count IX to the extent it asserted a cause of action under Section 1985(3). Appellant did not allege facts to establish a meeting of the minds, an indispensable element for conspiracy claims.

The Complaint is replete of conclusory allegations that the Appellees conspired with one another to deprive Appellant of her civil rights. However, absent specific factual allegations Appellant cannot survive a motion to dismiss for failure to state a cause of action under Section 1985(3). The Complaint contains no factual allegations that are sufficient to establish a meeting of the minds between any of the Columbia County Appellees and the other alleged co-conspirators. Appellant fails

to allege any agreement or communication between the Columbia County Appellees and the other alleged co-conspirators. Appellant may argue that she did allege an agreement or communication between Williams and Warren, and between Foreman and Douglas. In an attempt to demonstrate an agreement between Williams and Warren she referenced a 2006 letter allegedly drafted by Williams discussing Warren's commitment to the local community. Appellant also references Foreman's filing of a Notice of Appearance Motion to Intervene on behalf of Douglas in the state proceedings pertaining to the Writ in an attempt to demonstrate an agreement between Foreman and Douglas. She also alleges that Williams' non-objection to Foreman representing Douglas in the aforementioned state proceedings amounts to a conspiracy to deprive her of her civil rights. These facts are insufficient to establish a meeting of the minds on the part of the Columbia County Appellees to violate Appellant's civil rights.

In addition, the Complaint is devoid of factual allegations establishing the Columbia County Appellees' alleged invidious discriminatory intent, another indispensable element of a Section 1985(3) conspiracy claim. Plaintiffs seeking to bring a conspiracy claim pursuant to Section 1985(3) bear the burden of "alleg[ing] the defendant conspired against her 'for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. *Dean v. Warren*, 12 F.4th 1248, 1255 (11th Cir. 2021).

Plaintiffs also bear the burden to allege a racial or class-based invidious discriminatory animus behind the defendants' actions taken in furtherance of the conspiracy. *Griffin*, 403 U.S. at 102. The Complaint contains no allegations that the Columbia County Appellees had an invidious discriminatory intent. Appellant might argue that the Columbia County Appellees conspired with the other alleged co-conspirators due to her history of making disclosures. However, this allegation falls flat because it does not demonstrate an invidious discriminatory intent. For these reasons, this Court should uphold the dismissal of claims under Section 1985(3).

## II. APPELLANT FAILED TO ESTABLISH STANDING TO BRING THE VRA CLAIMS.

In Count VII, Appellant alleges VRA claims against Brown, the City Council, Sikes, and the Florida Secretary. She alleges that the City of Lake City's Charter imposes a qualifying fee on candidates seeking to hold a seat on the City Council. [Doc. 10 at ¶¶ 80, 82.] She further alleges that this fee places an undue burden on "black candidates and more specifically female candidates," such as herself, because it disproportionally denies them of their civil rights. [Id. ¶ 86] The Complaint contains no allegations demonstrating Appellant suffered a particularized injury in fact. Plaintiffs seeking to bring claims in federal court bear the burden of establish standing, meaning they must allege facts establishing that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). This Court should uphold the District Court's decision to dismiss Count VII against Brown for failure to establish standing. Appellant failed to establish she had standing to bring the claim because she did not allege a particularized injury.

**a. Appellant cannot establish standing to bring the VRA claims because she fails to allege she suffered a particularized injury in fact.**

The District Court did not err in dismissing Count VII because the Complaint contains no allegations that Appellant suffered a particularized injury in fact. Article II of the United States Constitution grants federal court's original jurisdiction over cases and controversies. U.S. Const. Art. III § 2. The doctrine of standing is at the core of the Article III case-or-controversy requirement. *Stalley ex rel. U.S.*, 524 F.3d at 1232. A plaintiff seeking to invoke federal jurisdiction must establish standing. *Id.* The doctrine of standing is comprised of three distinct and conjunctive elements, and the failure to establish any deprives the plaintiff of standing to maintain action in federal court. *Lujan*, 504 U.S. at 560-61. A plaintiff must clearly allege facts establishing that they "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision" to establish they have standing to invoke federal jurisdiction. *Spokeo, Inc.*, 578 U.S. at 338. As to the injury in fact element, a plaintiff must allege facts to demonstrate they suffered an invasion of a legally protected

interest that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' *Id.* at 339.

Appellant bears the burden of establishing standing to bring the VRA Claim against Brown. To survive a motion to dismiss for lack of standing, Appellant must establish all three indispensable elements of standing or else she cannot invoke the District Court's jurisdiction. An injury in fact is defined as "an invasion of a legally protected interest" that is both concrete and particularized, and actual or imminent – it cannot be conjectural or hypothetical. *Id.* According to this Court, a particularized injury in fact 'affect[s] the plaintiff in a personal and individual way." *Wood v. Raffensperger*, 981 F.3d 1307, 1314 (11th Cir. 2020). In addition, mere assertions of general grievances does not establish a particularized injury in fact. *Id.*

In the instant case, Appellant generally alleges that Brown violated statutory provision of the VRA. She further alleges that the City of Lake City's Charter imposes a qualifying fee to those seeking to hold public office, and this creates an undue burden on "black candidates and more specifically female candidates." Appellant's assertions amount to general grievances, which are insufficient to establish a particularized injury suffered by her on the account of Brown's alleged actions. The Complaint does not contain allegations demonstrating Brown's alleged wrongdoing. There are no allegations that Brown, who is the Columbia County Supervisor of Elections, charged her a qualifying fee. There are no allegations

regarding whether Appellant paid a qualifying fee or requested a waiver of the qualifying fee. The Complaint contains allegations that despite the City of Lake City's Charter allegedly charging a qualifying fee Appellant ran for the vacant City Council seat. This Court should also take judicial notice of the 2022 election results pertaining to the vacant seat, which shows Appellant, again ran for the vacant City Council seat but Jernigan defeated her. Appellant cannot establish a particularized injury in fact with her assertion of generalized grievances. For these reasons, this Court should uphold the dismissal of the VRA claims.

## CONCLUSION

The Columbia County Appellees respectfully requests the Court uphold the District Court's dismissal of the Third Amended Complaint based on the above grounds.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and 11th Cir. R. 32-4 because it contains 4,593 words excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and 11th Cir. R. 32-4. Further, this brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced type face using Microsoft Word Version 2016 with Times New Roman 14-point font.

## CERTIFICATE OF SERVICE

The Columbia County Appellees do not request oral argument in this case. They submit that upon the Court's examination of the briefs and the record, oral argument is unnecessary for the reasons stated in Federal Rule of Appellate Procedure 34(a)(2).

I HEREBY CERTIFY that on this 29th day of September, 2023, a copy of this Notice was filed with the Court's CM/ECF system which will serve a copy to all counsel of record and that a copy was served by U.S. Mail and Email to Pro Se Plaintiff Befaithful Coker, P.O. Box 15, Lake City, FL 32056 befaithfulcoker@gmail.com.

/s/*Stephanie Roman Caban*

Stephanie Roman Caban, Esquire
Florida Bar No.: 1030977
Hayley Lewis Folmar, Esquire
Florida Bar No.: 96345
McConnaughhay, Coonrod, Pope,
Weaver & Stern, P.A.
1709 Hermitage Boulevard, Suite 200
Tallahassee, FL 32308
sromancaban@mcconnaughhay.com
hlfolmar@mcconnaughhay.com
Ph.: (850) 222-8121
Attorney for Appellees Tomi Brown, Columbia County Board of County Commissioners; Ronald Williams, Joel Fletcher Foreman