23-11160

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

BEFAITHFUL COKER,
*Plaintiff / Appellant*

v.

SYLVESTER WARREN, III, et al.,
*Defendants / Appellees*

On Appeal from the United States District Court for the Middle District of Florida,
Case No. 3:22-cv-518-MMH-LLL

# APPELLEE DAVID FINA'S ANSWER BRIEF

Respectfully submitted,

ASHLEY B. MOODY
ATTORNEY GENERAL

*/s/ Anthony Dean Johnson*
Anthony Dean Johnson
Assistant Attorney General
Florida Bar No.: 12084
Office of the Attorney General
PL-01, The Capitol
Tallahassee, Florida 32399-1050
(850) 414-3300
Anthony.johnson@myfloridalegal.com
joann.mrazek@myfloridalegal.com
steven.holcomb@myfloridalegal.com

**CERTIFICATE OF INTERESTED PERSONS**

I certify that the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations have an interest in the outcome of this case or appeal:

1. Adkins, Gwendolyn, P. – *Counsel for Defendant/Appellee Christopher Todd Sampson*
2. Armistead, William B. – *Counsel for Defendant/Appellee Christopher Todd Sampson*
3. Biewend, Jennifer C. – *Counsel for Defendant/Appellee Kris Bradshaw Robinson*
4. Bowden, Glennel – *Defendant/Appellee*
5. Brown, Tomi – *Defendant/Appellee*
6. Byrd, Cord, Florida Secretary of State – *Defendant/Appellee*
7. Caban, Stephanie Roman – *Counsel for Defendants/Appellees Tomi Brown, Columbia County Board of Commissioners, Ronald Williams and Joel Fletcher Foreman*
8. City Council of Lake City, Florida – *Defendant/Appellee*
9. Coker, Befaithful – *Plaintiff/Appellant*
10. Columbia County Board of County Commissioners – *Defendant/Appellee*
11. Davis, Ashley E. – *Counsel for Defendant/Appellee Fla. Secretary of State*

12. Douglas, Stephen – *Defendant/Appellee*

13. Erdelyi, Susan S. – *Counsel for Defendants/Appellees Audrey Sides, City Council of Lake City, Florida, Jake Hill, Eugene Jefferson, Stephen Will, Fred Koberlein, Jr., Christopher Todd Sampson*

14. Fina, David – *Defendant/Appellee*

15. Foreman, Joel – *Defendant/Appellee*

16. Gambles, Nathan, III – *Defendant/Appellee*

17. George, Robert Bruce – *Counsel for Defendants/Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith*

18. George, Vanessa – *Defendant/Appellee*

19. Hill, Jake – *Defendant/Appellee*

20. Howard, Marcia Morales – *Judge, U.S. District Court*

21. Hudson, David E. – *Counsel for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson*

22. Jefferson, Eugene – *Defendant/Appellee*

23. Johnson, Anthony Dean – *Counsel for Defendant Fina*

24. Justice and Equality Coalition, Incorporated – *Defendant/Appellee*

25. Koberlein, Jr., Fred – *Defendant/Appellee*

26. Lake City, Columbia County Chamber of Commerce – *Defendant/Appellee*

27. Lambert, Laura Lothman – *Magistrate Judge, U.S. District Court*

28. Lee, Laurel M., former Florida Secretary of State – *Defendant/Appellee*

29. Northeast Florida Newspapers, LLC – *Defendant/Appellee*

30. Rathet, Brooks C. – *Counsel for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson*

31. Robinson, Kris – *Defendant/Appellee*

32. Sampson, Christopher Todd – *Defendant/Appellee*

33. Sikes, Audrey – *Defendant/Appellee*

34. Smith, Steve – *Defendant/Appellee*

35. Taylor, Lucas Jordan – *Counsel for Defendant/Appellees Sylvester Warren, III, Justice and Equality Coalition, Inc., Glennel Bowden, Vanessa George and Nathan Gambles*

36. Torres, Christopher – *former Counsel for David Fina*

37. Warren, Sylvester, III – *Defendant/Appellee*

38. Williams, Ronald – *Defendant/Appellee*

39. Wilson, Todd – *Defendant/Appellee*

40. Witt, Stephen – *Defendant/Appellee*

No publicly traded company or corporation has an interest in the outcome of this case or its appeal.

## **ORAL ARGUMENT STATEMENT**

Appellees respectfully submit that oral argument would not assist the Court in resolving this case.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........................................................................ i

ORAL ARGUMENT STATEMENT ..............................................................iv

TABLE OF CITATIONS …......................................................................... vi

STATEMENT OF JURISDICTION ................................................................ 1

STATEMENT OF THE ISSUES ..................................................................... 2

INTRODUCTION ............................................................................................ 3

STATEMENT OF THE CASE AND FACTS ................................................ 3

STANDARD OF REVIEW .............................................................................. 6

SUMMARY OF THE ARGUMENT …........................................................... 7

ARGUMENT ..................................................................................................... 8

I. Appellant has Abandoned Issues on Appeal and Shown No Error ………………………………………………….. 8

II. Appellee FINA's Dismissal is Well Supported…..…………….. 10

III. Judicial Immunity Bars Appellant's Claims Against Appellee FINA……………………………………… 13

IV. Appellant's Complaint is Barred by the 11th Amendment………14

CONCLUSION..................................................................................................15

CERTIFICATE OF COMPLIANCE ............................................................. 15

CERTIFICATE OF SERVICE ........................................................................ 16

## TABLE OF CITATIONS

**Cases** **Page(s)**

Badillo v. Thorpe, ………………………………………………….. 4, 11
158 F. App’x 208 (11th Cir. 2005)

Bell Atl. Corp. v. Twombly, ……………………………………… 8
550 U.S. 544 (2007)

Bolin v. Story, ……………………………………………………….. 13
225 F.3d 1234 (11th Cir. 2000)

Charles v. Florida Foreclosure Placement Center, LLC, …………. 8
988 So. 2d 1157 (Fla. 3d DCA 2008)

Cuyler v. Scriven, …………………………………………………. 4, 11
2011 WL 861709 (M.D. Fla. Mar. 9, 2011)

Doe v. Moore, ……………………………………………………… 9
410 F.3d 1337 (11th Cir. 2005)

Drees v. Ferguson, …………………………………………………. 5, 12
396 F. App’x 656 (11th Cir. 2010)

Erickson v. Pardus, ………………………………………………… 8
551 U.S. 89 (2007)

Harris v. Deveaux, …………………………………………………. 5, 12
780 F.2d 911 (11th Cir. 1986)

Love v. Deal, ……………………………………………………….. 9
5 F.3d 1406 (11th Cir. 1993)

MP, LLC v. Sterling Holding, LLC, ……………………………….. 8
231 So. 3d 517 (Fla. 3d DCA 2017)

Norkin v. The Fla. Bar, …………………………………………….. 13
311 F. Supp. 3d 1299 (S.D. Fla. 2018)

Roy v. Ivy, ……………………………………………………….. 6
53 F.4th 1338 (11th Cir. 2022)

Rowe v. Schreiber, ……………………………………………… 9
139 F.3d 1381 (11th Cir. 1998)

Sapuppo v. Allstate Floridian Ins. Co., …………………………….. 9, 10
739 F.3d 678 (11th Cir. 2014)

Singh v. U.S. Att'y Gen., ……………………………………………… 9
561 F.3d 1275 (11th Cir. 2009)

Stump v. Sparkman, ……………………………………………… 5, 12, 13
435 U.S. 349 (1978)

Uberoi v. Supreme Ct. of Fla., ……………………………………… 4, 11
819 F.3d 1311 (11th Cir. 2016)

U.S. v. Campbell, ……………………………………………………… 9, 10
26 F.4th 860 (11th Cir. 2022)

U.S. v. Levy, ……………………………………………………………… 9
379 F.3d 1241 (11th Cir. 2004)

Vermont Agency of Natural Res. v. United States, ………………… 4, 11
529 U.S. 765 (2000)

Wahl v. McIver, ……………………………………………………….. 5, 12
773 F.2d 1169 (11th Cir. 1985)

Walters v. Blankenship, ……………………………………………….. 8
931 So. 2d 137 (Fla. 5th DCA 2006)

Wooden v. Town of Eatonville, …………………………………….. 10
2023 WL 5091809 (11th Cir. Aug. 9, 2023)

Young v. Grand Canyon Univ., Inc., ……………………………….. 6
57 F.4th 861 (11th Cir. 2023)

**Statutes**

28 U.S.C. § 1291 .......................................................................... 1
28 U.S.C. § 1331 .......................................................................... 1
42 U.S.C. § 1983 .......................................................................... 1, 4, 5, 11
42 U.S.C. § 1985 .......................................................................... 4, 5, 11

**Rules**

Fed. R. App. Pro. 28(a)(9)(A) ……………………………………….. 9
Fed. R. Civ. P. 12(b)(6)………………………………………………. 6, 8

**Constitutional Provisions**

U.S. Const. amend. V ………………………………………………… 1, 2
U.S. Const. amend. VII ……………………………………………..... 1
U.S. Const. amend. XI …………………………………………… 4, 10, 11, 14

## STATEMENT OF JURISDICTION

The Appellant below alleged violations of due process, violations of the Fifth and Seventh Amendments to the United States Constitution, as well as claims pursuant to the Florida Whistleblower Act, state actions for conspiracy, and defamation, requesting declaratory and injunctive relief, among others. (Appellant's Corrected Appendix, pp. 46-119). The district court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 to consider these constitutional claims. The district court resolved all claims at the motion to dismiss stage and entered final judgment on March 2, 2023. (Appellant's Corrected Appendix, pp. 171-222). The Appellant filed a timely notice of appeal on April 1, 2023. (Docket # 174). This Court therefore has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

Appellant's Statement of the Issues raises two main issues with seventeen (17) sub-issues against approximately 25 appellees. Several of Appellant's issues on appeal may concern "all" defendants. As to Appellee FINA individually, he is specifically mentioned only at paragraph 25 on page 38 of the Initial Brief which corresponds with the issue "Appellant Was Deprived of Due Process." Paragraph 25, provides in its entirety:

> The Fifth Amendment to the United States Constitution entitles each citizen to due process. Appellant was denied the due process afforded in the Municipal Charter of Lake City by the City Defendants; denied due process afforded by [the] Florida State Constitution by Defendant[] Fina and instead of making Appellant whole, the District Court has too denied due process.

Appellant, however, makes no argument directed at the District Court's dismissal of her claims against Appellee FINA based on absolute judicial immunity and/or Eleventh Amendment immunity. As shown herein, Appellant has therefore abandoned any challenge to the District Court's order as it pertains to Appellee FINA.

## INTRODUCTION

This appeal raises the question of whether the District Court properly dismissed Appellant's Third Amended Complaint against all Appellees, including Appellee FINA, finding that Appellant's claims against Appellee FINA were barred by both absolute judicial immunity and Eleventh Amendment immunity. The District Court's order is well supported and should be affirmed.

## STATEMENT OF CASE AND FACTS

Appellee FINA essentially agrees with Appellant's Statement of Facts to the extent that it properly recites the facts (but not Appellant's arguments or characterization of those facts) and to the extent it does not contradict the Exhibits referenced therein. Appellee FINA objects to all arguments included by Appellant in her Statement of Facts.

As stated on page 23 of Appellant's Statement of Facts, on November 9, 2021, Judge Mark Feagle, Chief Judge of the Third Judicial Circuit in and for Columbia County, Florida, assigned Appellant FINA to preside over Appellant's state case Coker v. City Council of Lake City, et al, Columbia County case number 2021 CA 288, upon recusal of the prior judge. Appellant FINA then presided over the remaining trial court proceedings.

Following the filing in the District Court below of Appellant's Third Amended and Restated Complaint and Demand for Jury Trial (Appellant's Corrected Appendix, pp. 46-119), Appellees filed multiple motions to dismiss which resulted in the March 3, 2023 Order (Appellant's Corrected Appendix, pp. 177-222), wherein at pages 25 through 27 of the Order (Appellant's Corrected Appendix, pp. 201-04), the District Court evaluated the claims against and defenses raised by Judge Fina, and found as follows:

> Because Judge Fina in his official capacity is considered an "arm of the state," and therefore, not a "person" under these statutes, he cannot be held liable for damages under § 1983 and § 1985. Accordingly, Coker fails to state a claim for damages under § 1983 or § 1985 against Judge Fina in his official capacity as a state court judge, and as such, the claims against him are due to be dismissed.

In two footnotes, the District Court further clarified this ruling. In footnote 16 (Appellant's Corrected Appendix pp. 202-03), the District Court stated:

> Judge Fina correctly asserts that, in his official capacity, he is also immune from Coker's claims for damages under the Eleventh Amendment. *See* Judge Fina Motion at 3; Uberoi, 819 F.3d at 1313-14; Badillo, 158 F. App'x at 213; see also Cuyler, 2011 WL 861709, at *2. However, the Supreme Court has indicated that the question of whether a statute permits the cause of action it creates to be asserted against a State should be addressed before the question of whether Eleventh Amendment immunity applies. See Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 779-80 (2000). As such, the Court finds it appropriate to dismiss the claims against Judge Fina on the basis that in his official capacity as an arm of the state of Florida he is not a "person"

> amenable to suit for damages under § 1983 or § 1985. The Court acknowledges that there are exceptions to both of these principles that apply to requests for injunctive relief, but Coker does not specifically demand injunctive relief as to Count X, see TAC at 66, and as to Count IX, Coker does not allege facts sufficient to support her standing to seek such relief, as explained above.

And in footnote 17, (Appellant's Corrected Appendix, p. 203), the District Court further stated:

> Even if Coker intended to assert her claims for damages against Judge Fina in his individual capacity for actions taken under color of state law, her claims would still be subject to dismissal. In his individual capacity, Judge Fina is entitled to absolute judicial immunity for the acts of which Coker complains. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986); see also Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). The allegations against Judge Fina concern his handling of Coker's state court cases and there is nothing in the Third Amended Complaint that could support a finding that Judge Fina acted in the "clear absence of all jurisdiction." See Harris, 780 F.2d at 914-16; see also Drees v. Ferguson, 396 F. App'x 656, 658 (11th Cir. 2010) ("A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction.").

Appellant then timely filed her Notice of Appeal.

## STANDARD OF REVIEW

This Court reviews de novo a District Court's granting of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Roy v. Ivy, 53 F.4th 1338, 1351 (11th Cir. 2022). This Court also reviews dismissals under Rule 12(b)(6) under a plenary review. Young v. Grand Canyon Univ., Inc., 57 F.4th 861, 867 (11th Cir. 2023).

## SUMMARY OF THE ARGUMENT

Within her Initial Brief, Appellant only makes passing references to her claims or only raises them in a perfunctory manner without any supporting arguments or authority. Appellant presents no legal arguments in support of her issues. Accordingly, Appellant has abandoned these issues on appeal, including but not limited to, the District Court's dismissal of Appellant's claims against Appellee FINA.

Even if this Court finds no such abandonment, all of the conduct complained of by the Appellant regarding Appellee FINA occurred in his judicial capacity while he had proper jurisdiction to act. As such, Appellee FINA had absolute judicial immunity for his actions. Further, Appellee FINA has Eleventh Amendment immunity to the extent Appellant filed claims against him in his individual capacity. Appellant has failed to provide any legal argument or facts contrary to this finding and therefore the order of dismissal below should be affirmed.

## ARGUMENT

### I. Appellant has Abandoned Issues on Appeal and Shown No Error

In her entire Initial Brief, as support for her two main issues and seventeen sub-issues against the twenty-five (25) Appellees, Appellant cites only five (5) cases:

1. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) (cited on p. 32 of the Initial Brief for the standard of review for a 12(b)(6) motion to dismiss);

2. Charles v. Florida Foreclosure Placement Center, LLC, 988 So. 2d 1157 (Fla. 3d DCA 2008) (cited on p. 34 of the Initial Brief, holding that a conspirator only needs to know of the scheme and assist in some way to be held responsible for all the acts of the conspirators);

3. Erickson v. Pardus, 551 U.S. 89 (2007) (cited on p. 18 of the Initial Brief for the proposition that pro se complaints must be held to a less stringent standard than formal pleadings drafted by lawyers);

4. MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017) (cited on p. 34 of the Initial Brief, holding that a conspirator only needs to know of the scheme and assist in some way to be held responsible for all the acts of the conspirators); and

5. Walters v. Blankenship, 931 So. 2d 137 (Fla. 5th DCA 2006) (cited on p. 34 of the Initial Brief, cited for the elements of a civil conspiracy).

It should be noted that these cases only outline basic elements of specific actions or standards by which rule 12(b)(6) motions to dismiss are evaluated or the

deference a trial court may give to filings from pro se plaintiffs. Significantly, none of the above five cases address the dismissal of Appellee FINA, nor do they support any challenge or argument against the District Court's 41-page Order of Dismissal.

This Court has routinely held that "Typically, issues not raised in the initial brief on appeal are deemed abandoned." U.S. v. Campbell, 26 F.4th 860, 871 (11th Cir. 2022) (citing U.S. v. Levy, 379 F.3d 1241, 1242-45 (11th Cir. 2004)(collecting cases)). Additionally, this Court requires Appellants not only to state their contentions, but also to give "the reasons for them, with citations to the authorities and parts of the record on which the appellant relies…[and that an] Appellant's cursory restatement of the issues fails to raise the issue sufficiently for discussion… and is abandoned." Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (citing Fed. R. App. Pro. 28(a)(9)(A), and Love v. Deal, 5 F.3d 1406, 1407 n. 1 (11th Cir. 1993)); see also Singh v. U.S. Att'y Gen., 561 F.3d 1275, 1278 (11th Cir. 2009) (holding "an appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal") (citing Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998)).

Further, when an appellant makes "only passing references" to a claim or "raises it in a perfunctory manner without supporting arguments and authority" to establish that they were error, such arguments are abandoned. Sapuppo v. Allstate

Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) (collecting cases); see also Wooden v. Town of Eatonville, 2023 WL 5091809 at *8 (11th Cir. Aug. 9, 2023) (citing Sapuppo and Campbell).

In this matter, Appellant has failed to raise any challenge to Appellee FINA's assignment to preside over Appellant's state case below. Appellant has likewise failed to raise any challenge to the District Court's finding that Appellee FINA is entitled to absolute judicial immunity and to Eleventh Amendment immunity to Appellant's claims. Appellant only makes passing references to Appellee FINA without making any argument or citing any supporting case law. Accordingly, Appellant has abandoned all arguments that the rulings by the District Court dismissing Appellant's claims against Appellee FINA were erroneous. Therefore, the District Court's March 3, 2023 Order should be affirmed.

## II. APPELLEE FINA'S DISMISSAL IS WELL SUPPORTED

Even if this Court finds that Appellant has not abandoned her challenge to the dismissal of her claims, as provided in the March 3, 2023 District Court Order, Appellee FINA was entitled to dismissal on the grounds of absolute judicial immunity (for alleged conduct done in his official capacity as the circuit court judge over Appellant's lower court case) and on the grounds of Eleventh Amendment

immunity (to the extent that any allegations could be construed as performed in his individual capacity). (Appellant's Corrected Appendix, pp. 201-04).

The District Court's Order (Appellant's Corrected Appendix, pp. 201-03), (expressly and carefully evaluated the claims against Appellee FINA and found as follows:

> Because Judge Fina in his official capacity is considered an "arm of the state," and therefore, not a "person" under these statutes, he cannot be held liable for damages under § 1983 and § 1985. Accordingly, Coker fails to state a claim for damages under § 1983 or § 1985 against Judge Fina in his official capacity as a state court judge, and as such, the claims against him are due to be dismissed. (Appellant's Corrected Appendix, pp. 202-03).

In two footnotes, the District Court further clarified its ruling. In footnote 16 (Appellant's Corrected Appendix, pp. 202-03), the District Court stated:

> Judge Fina correctly asserts that, in his official capacity, he is also immune from Coker's claims for damages under the Eleventh Amendment. See Judge Fina Motion at 3; Uberoi [v. Supreme Ct. of Fla.], 819 F.3d [1311] at 1313-14 [(11th Cir. 2016)]; Badillo [v. Thorpe], 158 F. App'x [208] at 213 [(11th Cir. 2005)]; see also Cuyler [v. Scriven], 2011 WL 861709, at *2 [(M.D. Fla. Mar. 9, 2011)]. However, the Supreme Court has indicated that the question of whether a statute permits the cause of action it creates to be asserted against a State should be addressed before the question of whether Eleventh Amendment immunity applies. See Vermont Agency of Natural Res. v. United States, 529 U.S. 765, 779-80 (2000). As such, the Court finds it appropriate to dismiss the claims against Judge Fina on the basis that in his official capacity as an arm of the state of Florida he is not a "person" amenable to suit for damages under § 1983 or § 1985. The Court acknowledges that there are exceptions to both of these

> principles that apply to requests for injunctive relief, but Coker does not specifically demand injunctive relief as to Count X, see TAC at 66, and as to Count IX, Coker does not allege facts sufficient to support her standing to seek such relief, as explained above.

And in footnote 17, (Appellant's Corrected Appendix, p. 203), the District Court further stated:

> Even if Coker intended to assert her claims for damages against Judge Fina in his individual capacity for actions taken under color of state law, her claims would still be subject to dismissal. In his individual capacity, Judge Fina is entitled to absolute judicial immunity for the acts of which Coker complains. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986); see also Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); Wahl v. McIver, 773 F.2d 1169, 1172 (11th Cir. 1985). The allegations against Judge Fina concern his handling of Coker's state court cases and there is nothing in the Third Amended Complaint that could support a finding that Judge Fina acted in the "clear absence of all jurisdiction." See Harris, 780 F.2d at 914-16; see also Drees v. Ferguson, 396 F. App'x 656, 658 (11th Cir. 2010) ("A judge does not act in the 'clear absence of all jurisdiction' when he acts erroneously, maliciously, or in excess of his authority, but instead, only when he acts without subject-matter jurisdiction.").

Appellant fails to present any substantive argument that the District Court's rulings were error. Appellant fails to demonstrate that Appellee FINA had no jurisdiction to make the rulings below. Accordingly, the District Court's Order should be affirmed.

### III. Judicial Immunity Bars Appellant's Claims Against Appellee FINA

As recognized by the District Court below (see Appellant's Corrected Appendix, p. 203 n.17), the U.S. Supreme Court has held that the "necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him." Stump v. Sparkman, 435 U.S. 349, 356 (1978). It further held, "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Id. at 356-57; see also Bolin v. Story, 225 F.3d 1234, 1230 (11th Cir. 2000) (quoting Stump); Norkin v. The Fla. Bar, 311 F. Supp. 3d 1299, 1305 (S.D. Fla. 2018) (citing Stump).

As acknowledged by Appellant on page 23 of her Statement of Facts, pursuant to the November 9, 2021 Order of Assignment, Chief Judge Mark Feagle issued his Notice assigning Appellee FINA to Appellant's state court case, resulting in him presiding over all the remaining trial court proceedings.

Appellee FINA was properly assigned to preside over Appellant's lower court case. (Appellant's Corrected Appendix, p. 193; pp. 94-95, ¶ 103; pp. 101-02, ¶¶ 116, 118). Nowhere in her Initial Brief has Appellant challenged Appellee FINA's assignment nor his jurisdiction over this matter. Because Appellee FINA clearly had jurisdiction over Appellant's proceedings, he is entitled to judicial

immunity for his actions and rulings therein. Accordingly, as Appellant has abandoned any challenge to this issue, the District Court's finding that judicial immunity applied should be affirmed.

## IV. Appellant's Complaint is Barred by the 11th Amendment

The District Court properly addressed and found that Appellee FINA was immune from Appellant's claims for damages under the Eleventh Amendment. (Appellant's Corrected Appendix, pp. 202-03, n. 16). The Appellant has not devoted any of her Initial Brief challenging this ruling. Thus, Appellant has again failed to show that the district court's order dismissing his claims based upon the Eleventh Amendment was error, abandoned this claim, and therefore the District Court's March 3, 2023 Order should be affirmed.

## CONCLUSION

For the foregoing reasons, this Court should affirm the District Court's final judgment of dismissal.

Respectfully submitted.

ASHLEY B. MOODY
Attorney General

*/s/ Anthony Dean Johnson*
Anthony D. Johnson
Assistant Attorney General
Fla. Bar No. 0012084

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399-1050
(850) 414-3649
(850) 488-4872 (fax)
*anthony.johnson@myfloridalegal.com*

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limits of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,953 words.

2. This document complies with the typeface and type-style requirements of Fed. R. App. P. 32(a)(5) and Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2023, I electronically filed the foregoing Answer Brief with the Clerk of Court by using the Court's CM/ECF system, which will send a notice of electronic filing to all parties in the case who are registered through CM/ECF.

*/s/ Anthony Dean Johnson*
Anthony D. Johnson