**No. 23-11160-B**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

BEFAITHFUL COKER,

*Plaintiff-Appellant*,

v.

SYLVESTER WARREN, III, ET AL.,

*Defendants-Appellees*,

Appeal from the United States District Court for the Middle District of Florida, Jacksonville Division

No. 3:22-cv-518-MMH-LLL

---

# ANSWER BRIEF OF APPELLEES LAKE CITY, COLUMBIA COUNTY CHAMBER OF COMMERCE AND STEVE SMITH

---


THE LILES FIRM, P.A.

*/s/ Robert B. George*
Robert B. George, Esq.; Florida Bar No. 108995
50 N. Laura St., Ste. 1200, Jacksonville, FL 32202
Tel: (904) 634-1100 / Fax: (904) 634-1234
Email: rgeorge@thelilesfirm.com
*Counsel for Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith*

**No. 23-11160-B**
**Befaithful Coker v. Sylvester Warren, III, *et. al.***

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Undersigned Counsel, certifies the following persons may have an interest in the outcome of this case:

1. Adkins, Gwendolyn, P. – *Counsel for Defendant/Appellee Christopher Todd Sampson*;

2. Armistead, William B. – *Counsel for Defendant/Appellee Christopher Todd Sampson*;

3. Biewend, Jennifer C. – *Counsel for Defendant/Appellee Kris Bradshaw Robinson*;

4. Bowden, Glennel – *Defendant/Appellee*;

5. Brown, Tomi – *Defendant/Appellee*;

6. Byrd, Cord, Florida Secretary of State – *Defendant/Appellee*;

7. Caban, Stephanie Roman – *Counsel for Defendants/Appellees Tomi Brown, Columbia County Board of Commissioners, Ronald Williams and Joel Fletcher Foreman*;

8. City Council of Lake City, Florida – *Defendant/Appellee*;

9. Coker, Befaithful – *Plaintiff/Appellant*;

10. Columbia County Board of County Commissioners –

*Defendant/Appellee*;

11. Davis, Ashley E. – *Counsel for Defendant/Appellee Florida Secretary of State*;

12. Douglas, Stephen – *Defendant/Appellee*;

13. Erdelyi, Susan S. – *Counsel for Defendants/Appellees Audrey Sides, City Council of Lake City, Florida, Jake Hill, Eugene Jefferson, Stephen Will, Fred Koberlein, Jr., Christopher Todd Sampson*;

14. Fina, David – *Defendant/Appellee*;

15. Foreman, Joel – *Defendant/Appellee*;

16. Gambles, Nathan, III – *Defendant/Appellee*;

17. George, Robert Bruce – *Counsel for Defendants/Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith*;

18. George, Vanessa – *Defendant/Appellee*;

19. Hill, Jake – *Defendant/Appellee*;

20. Howard, Marcia Morales – *Judge, U.S. District Court*;

21. Hudson, David E. – *Counsel for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson*;

22. Jefferson, Eugene – *Defendant/Appellee*;

23. Johnson, Anthony Dean – *Counsel for Defendant Fina*;

24. Justice and Equality Coalition, Incorporated – *Defendant/Appellee*;

25. Koberlein, Jr., Fred – *Defendant/Appellee*;

26. Lake City, Columbia County Chamber of Commerce – *Defendant/Appellee*;

27. Lambert, Laura Lothman – *Magistrate Judge, U.S. District Court*;

28. Lee, Laurel M., former Florida Secretary of State – *Defendant/Appellee*;

29. Northeast Florida Newspapers, LLC – *Defendant/Appellee*;

30. Rathet, Brooks C. – *Counsel for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson*;

31. Robinson, Kris – *Defendant/Appellee*;

32. Sampson, Christopher Todd – *Defendant/Appellee*;

33. Sikes, Audrey – *Defendant/Appellee*;

34. Smith, Steve – *Defendant/Appellee*;

35. Taylor, Lucas Jordan – *Counsel for Defendant/Appellees Sylvester Warren, III, Justice and Equality Coalition, Inc., Glennel Bowden, Vanessa George and Nathan Gambles*;

36. Torres, Christopher – *former Counsel for David Fina*;

37. Warren, Sylvester, III – *Defendant/Appellee*;

38. Williams, Ronald – *Defendant/Appellee*;

39. Wilson, Todd – *Defendant/Appellee*; and

40. Witt, Stephen – *Defendant/Appellee.*

## STATEMENT REGARDING ORAL ARGUMENT

The Chamber Appellees are not requesting oral argument in the matter. Oral argument is not necessary as Appellant Befaithful Coker (the "Appellant") has failed and is unable to demonstrate any reasonable basis to reverse the Order of Dismissal entered by the District Court of the Middle District of Florida, Jacksonville Division (the "Trial Court"). In fact, Appellant's appeal essentially fails to address the pleading deficiencies identified by the Trial Court in Appellant's Third Amended Complaint. No additional use of judicial resources is warranted by Appellant's claims and this appeal. However, if this Court determines that oral argument is appropriate, Appellees Lake City, Columbia County Chamber of Commerce (the "Chamber") and Steve Smith ("Mr. Smith") (collectively the "Chamber Appellees") will be prepared to address the issues raised by Appellant.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ........ C-1

STATEMENT REGARDING ORAL ARGUMENT ........ i

TABLE OF CONTENTS ........ ii

TABLE OF AUTHORITIES ........ iii

JURISDICTIONAL STATEMENT ........ 1

STATEMENT OF THE ISSUES ........ 2

STATEMENT OF THE CASE ........ 3

I. COURSE OF PROCEEDINGS ........ 3

II. STANDARD OF REVIEW ........ 4

SUMMARY OF THE ARGUMENT ........ 6

ARGUMENT ........ 6

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Supreme Court Opinions**

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007)……………………………………………………5

*Erickson v. Pardus*,
551 U.S. 89, 93 (2007)………………………………………………………5

**Federal Court Opinions**

*Alford v. Consolidated Government of Columbus Georgia*,
438 F. App'x 837, 839 (11th Cir. 2011)………………………………………6

*Caldeira v. County of Kauai*,
866 F.2d 1175, 1181 (9th Cir. 1989)…………………………………………….8

*Campbell v. Air Jamaica Ltd.*,
760 F.3d 1165, 1168 (11th Cir. 2014)…...……………………………………6

*Hopper v. Solvay Pharmaceuticals, Inc.*,
588 F.3d 1318, 1324 (11th Cir. 2009)…………………………..………5

*Jackson v. BellSouth Telecommunications*,
372 F.3d 1250, 1262 (11th Cir. 2004)……………………………………..5

*Leib v. Hillsborough County Public Trans. Com.,*
558 F.3d 1301, 1305 (11th Cir. 2009)……………………………………..5

*Lotierzo v. Women's World Medical Center, Inc.*,
278 F.3d 1180, 1182 (11th Cir. 2002)…………………..……………….5

*Randall v. Scott,*
610 F.3d 701, 705 (11th Cir. 2010)………………………………………..5

*Tannenbaum v. United States*,
148 F.3d 1262, 1263 (11th Cir. 1998)……………………………………..5

*Transwinski v. United Tech*,
313 F.3d 1295, 1299 (11th Cir. 2002)……………………………………..7

*Tran v. City of Holmes Beach*,
817 F. App'x 911, 913 (11th Cir. 2020)………………………………………7

**State Cases**

*Harmon v. Orlando Florida Sentinel*,
1991 U.S. Dist. LEXIS, 8 (M.D. Fla. 1991)……………..………………8, 9

**Rules**

Fed. R. Civ. P. 8(a)…………………………………………………………6

Fed. R. Civ. P. 12(b)(6)…………………………..…………………………5

Fed. R. App. P. 32…………………………………………………………11

**Codes**

28 U.S.C. § 1291…………………………………………………………1

42 U.S.C. §1985……………………………………………………..4, 6, 8

## JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, as Appellant appealed a final order of the Trial Court dismissing Appellant's Third Amended Complaint as to the Chamber Appellees and other defendants.

## STATEMENT OF THE ISSUES

Whether the Trial Court properly determined that Appellant failed to state a cause of action against the Chamber Appellees in Count IX of her Third Amended Complaint? [1]

[1] The Chamber Appellees are not addressing any of the issues identified in Appellant's Opening Brief other than 1(b) as they are not applicable or relevant to the Chamber Appellees.

## STATEMENT OF THE CASE

Appellant's Third Amended Complaint at issue in this appeal addresses her claims that she was improperly denied a seat on the City Council of Lake City, Florida. Appellant filed her Third Amended Complaint and all other pleadings in this case, including this appeal, on a pro se basis.

Appellant's Third Amended Complaint includes claims against twenty-four (24) defendants. The Chamber Appellees were, at best, tangentially involved in any actions regarding Appellant's attempts to obtain a seat on the City Council as Appellant has cited only one single comment Mr. Smith made about Appellant during one public meeting. There are no other claims or allegations relating to the Chamber Appellees' conduct or involvement in any alleged conspiracy.

### I. COURSE OF PROCEEDINGS

On May 6, 2022, Appellant filed her original Complaint in this matter. Doc. 46, Pg. 2. Shortly thereafter Appellant filed an Amended Complaint on or about May 10, 2022. Doc. 46, Pg. 2. Appellant's Amended Complaint contained 92 pages with 224 numbered paragraphs and twenty additional pages of exhibits. Doc. 46, Pgs. 2, 185. The Trial Court unilaterally struck Appellant's Amended Complaint on or about May 16, 2022, and instructed Appellant about the pleading requirements in Federal Court, including, but not limited to, the prohibition against shotgun pleadings. Doc. 46, Pgs. 2, 185. The Trial Court provided Appellant with an

opportunity to file a Second Amended Complaint. Doc. 46, Pg. 185.

On or about June 2, 2022, Appellant filed her Second Amended Complaint. Doc. 46, Pg. 2. Without leave of the Trial Court, Appellant filed her Third Amended Complaint on or about June 7, 2022. Doc. 46, Pg. 2. Appellant's Third Amended Complaint was seventy-five pages long with 155 numbered paragraphs. Doc. 46, Pgs. 46-120. The Third Amended Complaint also included eleven counts against twenty-four defendants. Doc. 46, Pgs. 46-120. Two of the defendants were the Chamber Appellees. Doc. 46, Pg. 47. However, the Chamber Appellees were only briefly mentioned in Count IX of the Third Amended Complaint – Conspiracy pursuant to 42 U.S.C. § 1985. Doc. 46, Pgs. 94, 100-101. As such, the Chamber Appellants filed the Motion to Dismiss the single claim asserted against them pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, on or about July 8, 2022. Doc. 46, Pg. 6.

On or about March 2, 2023, the Trial Court entered its Order granting the Chamber Appellants' Motion to Dismiss as well as the other defendants' similar motions. Doc. 46, Pgs. 17, 177-222. This Order from the Trial Court is the subject of this appeal.

## II. STANDARD OF REVIEW

Federal law is clear that a court of appeals reviews the grant of a motion to dismiss for failure to state a claim upon which relief can be granted on a de novo

basis. *Hopper v. Solvay Pharmaceuticals, Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009); *Leib v. Hillsborough County Public Trans. Com.*, 558 F.3d 1301, 1305 (11th Cir. 2009).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), this Court must accept the factual allegations in Appellants' Third Amended Complaint as true and all reasonable inferences should be drawn in favor of Appellant. *Lotierzo v. Women's World Medical Center, Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002); *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir. 2010). Additionally, because Appellant has been pro se throughout this case, her pleadings are to be held to a less stringent standard than pleadings drafted by attorneys, and should be liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Notwithstanding the foregoing, Federal law is clear that a plaintiff must meet minimal pleading requirements. *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1262 (11th Cir. 2004). Appellant is required to allege enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Also, the pleadings should provide the Chamber Appellants and other defendants with fair notice of the claim(s) being asserted and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Additionally, even with the lenient standard applied to Appellant the Court is not permitted to rewrite the Third Amended Complaint to make it a sustainable action.

*Alford v. Consolidated Government of Columbus Georgia*, 438 F. App'x 837, 839 (11th Cir. 2011); *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).

## SUMMARY OF THE ARGUMENT

Appellant's Third Amended Complaint was properly dismissed by the Trial Court as to the Chamber Appellees because Appellant failed to meet even the most basic pleading requirements relating to a claim for conspiracy. Appellant failed to plead the essential elements of such claim against the Champer Appellees, including any communication or agreement they had with any other party. Appellant also failed to identify any relief she was seeking from the Chamber Appellees in Count IX of the Third Amended Complaint. Clearly, the Chamber Appellees were not provided with sufficient notice of the claim Appellant was asserting against them.

## ARGUMENT

Appellant's Third Amended Complaint was properly dismissed as to the Chamber Appellees because the pleading failed to meet the most fundamental pleading requirements of Rule 8(a), Fed. R. Civ. P., even with such standards being applied liberally to pro se litigants such as Appellant. The essential elements necessary to assert a violation of 42 U.S.C. § 1985 are:

> (1) A conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and communities under the laws; and (3) an

act in furtherance of the conspiracy, (4) whereby a person is either injured in her person or property or deprived of any right or privilege of a citizen on the United States.

*Transwinski v. United Tech*, 313 F.3d 1295, 1299 (11th Cir. 2002). Appellant failed to properly allege such elements against the Chamber Appellees in her Third Amended Complaint.

As set forth above, on or about May 16, 2022, the Trial Court sua sponte issued an order regarding Appellant's Amended Complaint, and held that such pleading was "improperly drafted and due to be stricken." Doc. 5 of the District Court, pg. 1. Moreover, the Trial Court specifically referenced that Appellant's shotgun style of pleading, "fails 'to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Doc. 5 of the District Court, pg. 6, *citing Tran v. City of Holmes Beach*, 817 F. App'x 911, 913 (11th Cir. 2020).

Despite the Trial Court's clear direction to Appellant, she failed to remedy the concerns expressed by the Trial Court in its prior order, especially as to the Chamber Appellees who had only a tangential connection to the case. The Chamber Appellees were two marginalized parties who were only mentioned in three (3) substantive paragraphs in the Third Amended Complaint. Specifically, paragraphs 101, 102 and 113 which state:

> 101. Defendant Chamber is the local chamber of commerce organization purportedly committed to serving all businesses in Lake City and Columbia County.
>
> 102. Plaintiff alleges that On November 1, 2021, to further intimidate her and interfere with her right to hold public office Defendant Chamber appeared before Defendant City Council represented by Defendant Smith and despite the responsibility of Defendant Chamber to offer unbiased services to all local businesses in Columbia County Defendant Chamber extended support to Defendant Douglas representing "Defendant Douglas was the only candidate that looked like someone who would garner support from the likes of a Amazon CEO Jeff Bazos"
>
> …
>
> 113. Plaintiff alleges that on November 1, 2021, Defendants Chamber and Smith did publicly declare the best position for Defendants City Council was to select Defendant Douglas and deny rights of Plaintiff because she would not appeal to the likes of "a Jeff Bezos" and spruce the local economy despite Plaintiff having been duly qualified and selected to serve District 14.

(Doc. 10, pgs. 49, 55-56).

These allegations without question fail to state a cause of action against the Chamber Appellees as "[t]he essence of a conspiracy is an agreement between two or more parties to engage in some act or furtherer some purpose. To establish an actionable conspiracy under Section 1985, it is necessary to demonstrate a 'meeting of the minds' on the part of the defendants and the alleged co-conspirators to violate the plaintiff's civil rights." *Harmon v. Orlando Florida Sentinel*, 1991 U.S. Dist. LEXIS, 8 (M.D. Fla. 1991) *citing Caldeira v. County of Kauai*, 866 F.2d 1175, 1181 (9th Cir. 1989). Appellant failed to allege any type of agreement or communication

between the Chamber Appellees and the any other defendant that would constitute a meeting of the minds.

In fact, the only communication referenced in the Third Amended Complaint between the Chamber Appellees and any of the other defendants involved the public statement made by Mr. Smith. At worst, such a statement is nothing more than an endorsement of Appellant's opposition, which is not actionable. This is supported by the decision in *Harmon* whereby the court held the mere possibility that statements made influenced decision makers does not convert communications into a conspiracy. *Harmon*, at 10. As such, the Third Amended Complaint is patently defective on its face to the extent Appellant is relying on the limited communication referenced in paragraphs 102 and 113.

In the alternative, Appellant's Third Amended Complaint was so vague that it failed to provide the Chamber Appellees with any type of notice of the communication that forms the basis of the claim being asserted. Moreover, Appellant's Third Amended Complaint failed to identify the relief requested against the Chamber Appellees in Count IX[2]. The "WHEREFORE" clause at the conclusion of Count IX failed to even mention the Chamber Appellees. Again, the Chamber Appellees were precluded from adequately responding to the Third Amended

[2] Appellant specifically referred to other defendants in the "WHEREFORE" clause of Count IX, but excluded the Chamber Appellees- further demonstrating that the Chamber Appellees had no involvement in any alleged conspiracy.

Complaint due to its pleading deficiencies. As such the Third Amended Complaint failed to meet the Federal pleading requirements and was properly dismissed by the Trial Court.

Moreover, Appellant's Initial Brief failed to specifically address her claims against the Chamber Appellees and how such claims were properly plead.

## CONCLUSION

Wherefore the Chamber Appellees respectfully request this Court to Affirm the order of dismissal entered by the Trial Court as to the claim asserted against them in Appellant's Third Amended Complaint.

*/s/ Robert B. George*
**Attorney**

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Rule 32-4 of the Eleventh Circuit Rules this document contains 2940 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365, in 14-point Times New Roman font.

*/s/ Robert B. George*
Robert B. George, Esq.

Attorney for *Appellee's Lake City, Columbia County Chamber of Commerce and Steve Smith.*

Dated: September 29, 2023

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September 2023, I electronically filed the foregoing *Answer Brief of Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith* with the Clerk of the Court by using the CM/ECF system. I further certify that a copy of the foregoing is being served this day upon Plaintiff-Appellant via e-mail and U.S. Mail to:

Befaithful Coker
P.O. Box 15
Lake City, FL 32056
befaithfulcoker@gmail.com
*Pro Se Plaintiff-Appellant*

and via e-mail to all counsel of record for Defendants-Appellees via the Court's CM/ECF system, which shall cause the same to be electronically transmitted to them.

*/s/ Robert B. George*
Robert B. George, Esq.