DOCKET NUMBER 23-11160

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

BEFAITHFUL COKER,

Appellant/Plaintiff,
v.

SYLVESTER WARREN, III,
et al.

Appellees/Defendants.

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

LT No. 3:22-cv-518-MMH-LLL

---

**ANSWER BRIEF OF APPELLEES LAKE CITY DEFENDANTS**

---

SUSAN S. ERDELYI
JULIANNA FAVALE
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
904/807-2120
serdelyi@marksgray.com
jfavale@marksgray.com
jmcduffie@marksgray.com

ATTORNEYS FOR APPELLEES/DEFENDANTS AUDREY SIKES, CITY COUNCIL OF LAKE CITY FLORIDA, JAKE HILL, EUGENE JEFFERSON, STEPHEN WITT, FRED KOBERLEIN, JR., AND CHRISTOPHER TODD SAMPSON (OFFICIAL CAPACITY ONLY) (“LAKE CITY DEFENDANTS”)

Befaithful Coker v. Sylvester Warren, III, et al. Case No. 23-11160

**Certificate of Interested Persons and Corporate Disclosure Statement**

Pursuant to Eleventh Circuit Rule 26.1-1(a), counsel of record for Appellees, the Lake City Defendants, certifies that, to the best of its knowledge, the following is a complete list of all trial judges, all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of the particular case or this appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the parties' stock and other identifiable legal entities related to a party.

1. Adkins, Gwendolyn P. – Attorney for Defendants/Appellee Christopher Todd Sampson.

2. Armistead, William B. – Attorney for Defendant/Appellee Christopher Todd Sampson.

3. Biewend, Jennifer C. – Attorney for Defendant/Appellee Kris Bradshaw Robinson.

4. Bowden, Glennel – Defendant/Appellee.

5. Brown, Tomi, in her official capacity as Columbia County Supervisor of Elections – Defendant/Appellee.

6. City Council of Lake City Florida, individually and collectively – Defendant/Appellee.

7. Caban, Stephanie Roman – Attorney for Defendants/Appellees Tomi Brown, Columbia County Board of Commissioners, Ronald Williams and Joel Fletcher Foreman.

8. Coker, Befaithful – Plaintiff/Appellant.

9. Columbia County Board of County Commissioners – Defendant/Appellee.

10. Community Newspapers, Inc., Owner of Northeast Florida Newspapers, LLC – Defendant/Appellee.

11. Davis, Ashley – Attorney for Defendant/Appellee Florida Secretary of State.

12. Douglas, Stephen – Defendant/Appellee/Pro Se.

13. Erdelyi, Susan S. – Attorney for Defendants/Appellees Audrey Sikes, City Council of Lake City Florida, Jake Hill, Eugene Jefferson, Stephen Witt, Fred Koberlein, Jr., Christopher Todd Sampson.

14. Fina, David, in his official capacity as Judge of the Third Circuit Judicial Court – Defendant/Appellee.

15. Florida Secretary of State, Division of Elections – Defendant/Appellee.

16. Foreman, Joel, individually and in his official capacity as Attorney for Columbia County Board of County Commissioners, and Attorney for Columbia County Supervisor of Elections – Defendant/Appellee.

17. Gambles, Nathan, III – Defendant/Appellee.

18. George, Vanessa – Defendant/Appellee.

19. Hill, Jake -- Defendant/Appellee.

20. Hudson, David E. – Attorney for Northeast Florida, LLC and Todd Wilson – Defendants/Appellees.

21. Jefferson, Eugene, individually and in his official capacity – Defendant/Appellee.

22. Justice and Equality Coalition, Incorporated, collectively – Defendant/Appellee.

23. Koberlein, Jr., Fred, individually and in his official capacity for the City of Lake City Council – Defendant/Appellee.

24. Lake City, Columbia County Chamber of Commerce -- Defendant/Appellee.

25. George, Robert Bruce – Attorney for Defendants/Appellees Lake City, Columbia County Chamber of Commerce and Steve Smith.

26. Mutual Insurance Company, Ltd., insurer of Northeast Florida Newspapers, LLC – Defendant/Appellee.

27. Northeast Florida Newspapers, LLC – Defendant/Appellee.

28. Rathet, Brooks C. – Attorney for Defendants/Appellees Northeast Florida Newspapers, LLC and Todd Wilson.

29. Robinson, Kris – Defendant/Appellee.

30. Sampson, Christopher Todd, individually and in his official capacity – Defendant/Appellee.

31. Sikes, Audrey, in her official capacity as City Clerk of Lake City and Deputy Supervisor of Elections for Columbia County – Defendant/Appellee.

32. Smith, Steve – Defendant/Appellee.

33. Taylor, Lucas Jordan – Attorney for Defendants/Appellees Sylvester Warren, III, Justice and Equality Coalition, Incorporated, Glennel Bowden, Vanessa George, and Nathan Gambles.

34. Warren, Sylvester, III – Defendant/Appellee.

35. Williams, Ronald, individually and in his official capacity – Defendant/Appellee.

36. Wilson, Todd – Defendant/Appellee.

37. Witt, Stephen, individually and in his official capacity – Defendant/Appellee.

No publicly traded company or corporation has an interest in the outcome of this case or its appeal.

On this 29th day of September, 2023.

/s/*Susan S. Erdelyi*
SUSAN S. ERDELYI FL Bar No.: 0648965
**MARKS GRAY, P.A.**
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Phone: (904) 398-0900 | Fax: (904) 399-8440
serdelyi@marksgray.com
jmcduffie@marksgray.com
***Attorney for Appellees Audrey Sikes, City Council of Lake City Florida, Jake Hill, Eugene Jefferson, Stephen Witt, Fred Koberlein, and Christopher Todd Sampson (in his official capacity)***

## **Statement Regarding Oral Argument**

Defendants-Appellees, the Lake City Defendants, do not request oral argument. They submit that upon the Court's examination of the briefs and the record, oral argument is unnecessary for the reasons stated in Federal Rule of Appellate Procedure 34(a)(2).

# Table of Contents

Certificate of Interested Parties and Corporate Disclosure Statement ................C-1

Statement Regarding Oral Argument ..................................................................i

Table of Contents ...........................................................................................ii

Table of Authorities .......................................................................................iv

Statement Regarding Adoption......................................................................viii

Statement of Jurisdiction...............................................................................viii

Statement of the Issues ....................................................................................1

Statement of the Case ......................................................................................2

I. Course of Proceedings Below ......................................................................2

II. Statement of Facts .......................................................................................4

Summary of the Argument................................................................................4

Argument ...........................................................................................................5

I. Standard of Review……………………………………………………5

II. Coker Improperly Raises New Arguments for the First Time on Appeal……………………………………………………7

III. The District Court Correctly Dismissed Coker's Third Amended Complaint, in Part, for Lack of Standing…………………………….8

A. The District Court Correctly Dismissed Coker's Voting Rights Act Claims set forth in Counts VII and VIII without prejudice for Lack of Standing…………………………………………….10

B. The District Court Correctly Dismissed Coker's claims for Declaratory and Injunctive Relief without prejudice for Lack of Standing…………………………………………………....12

IV. The District Court Correctly Dismissed Coker's Third Amended Complaint, in Part, for Failure to State a Claim………………………14

A. The District Court Correctly Dismissed Coker's Claim under 42 U.S.C. § 1985 as set forth in Count IX for Failure to State a Claim ........................................................14

B. The District Court Correctly Dismissed Coker's Claim under 42 U.S.C. § 1983 as set forth in Counts II and V for Failure to State a Claim ........................................................18

C. The District Court Correctly Dismissed Coker's Claim under 42 U.S.C. § 1983's Due Process Clause as set forth in Count VI for Failure to State a Claim...........................................24

V. The District Court Correctly declined Supplemental Jurisdiction over Dismissed Coker's remaining State Claims..............................26

Conclusion ..........................................................................................27

Certificate of Type Size and Style ......................................................29

Certificate of Service ..........................................................................29

# Table of Authorities

**Cases**

Ala. Power Co. v. U.S. Dep't of Energy, 307 F.3d 1300 (11th Cir. 2002) ..............8

Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837 (11th Cir. 2011)......6

Allen v. Wright, 468 U.S. 737 (1984) .......................................................................8

Am. Postal Workers Union v. Frank, 968 F.2d 1373 (1st Cir. 1992)......................13

Bailey v. Wheeler, 843 F.3d 473 (11th Cir. 2016) ..................................................20

Baker v. McCollan, 443 U.S. 137 (1979) ................................................................19

Bennett v. Hendrix, 423 F.3d 1247 (11th Cir. 2005)..............................................20

Bischoff v. Osceloa Cnty., Fla., 222 F.3d 874 (11th Cir. 2000)................................8

Bochese v. Town of Ponce Inlet, 405 F.3d 964 (11th Cir. 2005)..........................8, 9

Bray v. Alexandria Women's Health Clinic, 506 U.S. 263 (1993).........................17

Campbell v. Air Jamaica, Ltd., 760 F.33d 1165 (11th Cir. 2014)............................6

Campbell v. Pierce Cnty., Ga., 741 F.2d 1342 (11th Cir. 1984) ...................... 24, 25

Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988) ..........................................26

Catron v. City of St. Petersburg, 658 F.3d 1260 (11th Cir. 2011)...........................24

Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349 (11th Cir. 2005).......5

Church v. City of Huntsville, 30 F.3d 1132 (11th Cir. 1994).................................13

City of Miami v. Citigroup Inc., 801 F.3d 1268 (11th Cir. 2015).............................5

Dean v. Warren, 12 F.4th 1248 (11th Cir. 2021)....................................................17

Echols v. Lawton, 913 F.3d 1313 (11th Cir. 2019) ................................................20

Edwards v. Okaloosa County, 5 F.3d 1431 (11th Cir. 1993) ....................................7

Feldman v. Am. Dawn, Inc., 849 F.3d 1333 (11th Cir. 2017) ....................................6

Galbreath v. Hale Cnty. Ala. Comm'n, 754 F. App'x 820 (11th Cir. 2018)..........25

Gennusa v. Canova, 748 F.3d 1103 (11th Cir. 2014)................................................7

GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359 (11th Cir. 1998)...........6

Grayden v. Rhodes, 345 F.3d 1225 (11th Cir. 2003) ..............................................24

Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546 (11th Cir. 1992).....................26

Hollingsworth v. Perry, 570 U.S. 693 (2013)..........................................................12

Houchens v. Beshear, 850 F. App'x 340 (6th Cir. 2021)........................................25

In re Pan Am. World Airways, Inc., 905 F.2d 1457 (11th Cir. 1990).......................7

Israel v. DeSantis, No. 4:19cv576-MW/MAF, 2020 WL 2129450 (N.D. Fla. May 5, 2020) ..........................................................................................................25

Jordan v. Mosley, 298 F. App'x 803 (11th Cir. 2008) ............................................19

JW ex rel. Williams v. Birmingham Bd. of Educ., 904 F.3d 1248 (11th Cir. 2018) ......................................................................................................................13

Kearson v. S. Bell Tel. & Telegraph Co., 763 F.2d 405 (11th Cir. 1985) ....... 16, 17

Kelly v. Harris, 331 F.3d 817 (11th Cir. 2003) .........................................................8

L.H. v. Pittston Area Sch. Dist., 666 F. App'x 213 (3d Cir. 2016).........................21

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992).................................... 8, 9, 10

Maisonet v. Comm'r, Ala. Dep't of Corr., No. 22-10023, 2022 WL 4283560 (11th Cir. Sept. 16, 2022)...........................................................................................14

Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342 (11th Cir. 1999).........13

Marrache v. Bacardi U.S.A., Inc., 17 F. 4th 1084 (11th Cir. 2021)..........................5

McKinney v. Pate, 20 F.3d 1550 (11th Cir. 1994) .................................................20

Mickens v. Tenth Judicial Circuit, 181 F. App'x 865 (11th Cir. 2006)..................16

Morast v. Lance, 807 F.2d 926 (11th Cir. 1987)....................................................15

Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559 (11th Cir. 1994)............27

Randall v. Scott, 610 F.3d 701 (11th Cir. 2010)......................................................6

Ranize v. Town of Lady Lake, Fla., No. 5:11-cv-646-Oc-32TBS, 2012 WL 4856749 (M.D. Fla. Oct. 12, 2012)...................................................................22

Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800 (11th Cir. 1993)..............................................................................................8

Smith v. Mosley, 532 F.3d 1270 (11th Cir. 2008)..................................................20

Snowden v. Hughes, 321 U.S. 1 (1944)..................................................................25

Spokeo, Inc. v. Robins, 136 S. Ct. 1540 (2016)................................................9, 10

Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998)....................................9

Stein v. TitleMax of Ga., Inc., 819 Fed. Appx. 809 (Fla. 11th Cir. 2020)...............6

Tannenbaum v. United States, 148 F.3d 1262 (11th Cir. 1998)...............................6

Taylor v. Appleton, 30 F.3d 1365 (11th Cir. 1994)..................................................8

Taylor v. Beckham, 178 U.S. 548 (1900)................................................................25

Town of Chester, N.Y. v. Laroe Estates, 581 U.S. 433 (2017)..............................13

Trawinski v. United Tech., 313 F.3d 1295 (11th Cir. 2002)............................ 16, 17

Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990 (11th Cir. 2020)...... 9, 10, 11

Univ. of S. Ala. V. Am. Tobacco Co., 168 F.3d 405 (11th Cir. 1999)................8, 9

White v. Sch. Bd. of Hillsborough Cnty., 636 F. Supp. 2d 1272 (M.D. Fla. 2007)18

Wood v. Raffensperger, 981 F.3d 1307 (11th Cir. 2020).......................................12

Worthy v. City of Phenix City, Ala., 930 F.3d 1206 (11th Cir. 2019)...................13

**Statutes**

28 U.S.C. § 1367(a) .....................................................................................6

28 U.S.C. § 1367(c) .....................................................................................26

42 U.S.C. § 1983..................................................................................... passim

42 U.S.C. § 1985..................................................................................... passim

52 U.S.C. § 10301.....................................................................................1, 2

52 U.S.C. § 10304.....................................................................................1, 2

52 U.S.C. § 10308.....................................................................................1, 2

Fla. Stat. § 112.3187 .....................................................................................2

**Rules**

11th Cir. Rule 26.1-1.....................................................................................1

Federal Rule of Appellate Procedure 32(a)(5)..............................................28

Federal Rule of Appellate Procedure 32(a)(7)(B) .........................................28

Federal Rule of Appellate Procedure 34(a)(2).............................................. i

Federal Rule of Civil Procedure 12(b)(1) .......................................................5

Federal Rule of Civil Procedure 12(b)(6) .......................................................5

**Constitutional Provisions**

Fla. Const. art. II, sec. 8 ..............................................................................25

U.S. Const. art. III, § 2, cl. 10 ..........................................................................8

## Statement Regarding Adoption of Other Briefs of Other Parties

Defendants-Appellees, the Lake City Defendants, adopt the Statement of Facts contained within the Answer Brief of co-defendants and appellees, Northeast Florida Newspapers, LLC and Todd Wilson, through the end of page 12.

## Statement of Jurisdiction

Defendants-Appellees, the Lake City Defendants, reviewed and adopt the statement of Northeast Florida Newspapers, LLC and Todd Wilson as it relates to jurisdiction.

## Statement of the Issues

1. Whether the District Court correctly dismissed without prejudice Coker's Voting Rights Act claims, pursuant to 52 U.S.C. § 10301, 10304 & 10308, in Counts VII and VIII of Coker's Third Amended Complaint for lack of standing?

2. Whether the District Court correctly dismissed without prejudice Coker's claims for declaratory and injunctive relief, to the extent any such claims were made, for lack of standing?

3. Whether the District Court properly dismissed Counts II, V, VI, and IX of Coker's Third Amended Complaint for failure to state a claim.

    a. Specifically, whether the District Court correctly dismissed Count IX by holding that Coker failed to state a claim under either 42 U.S.C. § 1985(1) or 42 U.S.C. § 1985(3)?

    b. Whether the District Court correctly dismissed Counts II and V by finding that Coker failed to state a claim pursuant to 42 U.S.C. § 1983 under either the Fourteenth or First Amendment?

    c. Whether the District Court correctly dismissed Count VI in finding that Coker failed to state a Due Process claim pursuant to 42 U.S.C. § 1983 regarding either a liberty or property interest?

4. Whether the District Court correctly declined exercising supplemental jurisdiction over the remaining State law claims asserted by Coker in Counts I and XI and properly dismissed the same without prejudice?

## Statement of the Case

The District Court docket will be referred to as "Doc(s) #" or "Doc(s) # - Pg(s). #". The Appellate Court docket will be referred to as "App. Doc(s) #" or "App. Doc(s) – Pg(s). #".

### I. Course of Proceedings Below

The Lake City Defendants were named as defendants in Befaithful Coker v. Sylvester Warren, III, et al., Case No. 3:22-cv-518-MMH-LLL. Plaintiff-Appellant, Befaithful Coker ("Coker"), filed her initial Complaint, *pro se*, on May 6, 2022, in the District Court of Orlando. (Doc 1). On May 9, 2022, Coker's lawsuit was transferred to the Jacksonville Division pursuant to local rule 1.04. (Doc 2). On May 10, Coker filed an Amended Complaint in the Orlando Division. (Doc 3). It was stricken by Order of the District Court as a "shotgun pleading," and Coker was granted permission to amend. (Doc 5). On June 2, 2022, Coker filed her Second Amended Complaint. (Doc 8). This was followed by Coker filing a Third Amended Complaint on June 7, 2022. (Doc 10).

The Third Amended Complaint alleged eleven counts, causes of action and corresponding Defendants as outlined in the following chart:

| Count | Cause of Action | Defendants |
|---|---|---|
| I | Florida Whistleblower Act, Fla. Stat. § 112.3187 | Lake City Defendants |
| II | 42 U.S.C. § 1983, Right to Participate in Meetings | Lake City Defendants |
| III | Defamation | Coalition Defendants |
| IV | Defamation | Sampson |
| V | 42 U.S.C. § 1983, Right to Hold Public Office | Lake City Defendants |
| VI | 42 U.S.C. § Due Process | |

| | | |
|---|---|---|
| VII | 42 U.S.C. §§ 10301, 10304, & 10308, Qualifying Fee | Lake City Defendants and Secretary of State |
| VIII | 52 U.S.C. §§ 10301, 10304, & 10308, Rezoned Candidate | City Council |
| IX | 42 U.S.C. § 1985, Conspiracy | All Defendants |
| X | 42 U.S.C. § 1983, Right to Seek Justice Through the Courts | Judge Fina |
| XI | Intentional Infliction of Emotional Distress | Lake City Defendants and Coalition Defendants |

All the Defendants filed Motions to Dismiss the Third Amended Complaint. (Docs 15, 49, 53, 78, 79, 80, 81, 94, 101, 102, 110, and 131). Coker filed responses to the Motions to Dismiss on August 18, 2022. (Docs 122, 123, 124, 133, 134, 136, 140, 141 and 142).

A stay of discovery was ordered by the District Court on December 2, 2022. (Doc 169).

On March 2, 2023, the District Court issued its Order granting dismissal of the case. (Doc 172). The Clerk then entered judgment dismissing the case—with certain Counts being dismissed without prejudice to reassert them "in the appropriate state court." (Doc 173).

On April 1, 2023, this Court docketed Coker's Notice of Appeal (Doc 174), in which Coker seeks to appeal the District Court's Order granting, in part, the various Motions to Dismiss. (Doc 172). The Appeal was dismissed by this Court on July 7, 2023. (Doc 177). It was reinstated by Order of this Court on July 31, 2023. (Doc 178).

## II. Statement of Facts

The Lake City Defendants adopt the Statement of Facts contained within the Answer Brief of co-defendants and appellees, Northeast Florida Newspapers, LLC and Todd Wilson, through the end of page 12.

## Summary of the Argument

The District Court correctly dismissed Coker's Third Amended Complaint for lack of standing and failure to state a claim upon which relief can be granted. The defendants, including the Lake City Defendants, provided the District Court with detailed motions to dismiss outlining Coker's various failings in standing and stating a claim. Accordingly, the District Court's Order dismissed Coker's Third Amended Complaint.

Specifically, the Lake City Defendants moved to Dismiss Counts I, II, V, VI, VII, VIII, IX, and XI of Coker's Third Amended Complaint where Coker attempted to assert various claims against the Lake City Defendants.

As to Coker's lack of standing, the District Court correctly dismissed Counts VII and VIII of Coker's Third Amended Complaint without prejudice. Similarly, the District Court correctly dismissed Coker's interspersed claims for declaratory and injunctive relief, to the extent any such claims were made.

As to failure to state a claim upon which relief can be granted, the District Court properly dismissed the federal claims in Counts II, V, VI, and IX of Coker's Third Amended Complaint. In analyzing Count IX, the District Court correctly

found that Coker failed to state a claim under either 42 U.S.C. § 1985(1) or 42 U.S.C. § 1985(3). Under Counts II and V, the District Court correctly found that Coker failed to state a claim under 42 U.S.C. § 1983. Although Coker failed to identify the constitutional provision under which she asserted these claims, in an abundance of caution, the District Court found that Coker failed to state a claim under both the Fourteenth and First Amendment. In analyzing Count VI, the District Court correctly found that Coker failed to state a Due Process claim under 42 U.S.C. § 1983. Again, although Coker failed to identify whether a liberty or a property interest was at stake, the District Court correctly addressed both and found that Coker failed to state a claim as to each.

Lastly, the District Court correctly declined to exercise supplemental jurisdiction over the remaining State law claims asserted by Coker in Counts I and XI. As such, the District Court dismissed these Counts without prejudice to allow Coker to refile in appropriate state court.

## Argument

### I. Standard of Review

When considering a dismissal for lack of standing, pursuant to Fed. R. Civ. P. 12(b)(1), federal appellate courts apply a *de novo* standard of review. Charles H. Wesley Educ. Found., Inc. v. Cox, 408 F.3d 1349, 1351 (11th Cir. 2005). Similarly, federal appellate courts apply a *de novo* standard of review when considering a dismissal for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), accepting as true the allegations in the complaint and construing them in the light most favorable to the plaintiff. City of Miami v. Citigroup Inc., 801 F.3d 1268, 1275 (11th

Cir. 2015); Marrache v. Bacardi U.S.A., Inc., 17 F. 4th 1084, 1091-1092 (11th Cir. 2021).

To survive a motion to dismiss, "[a] plaintiff must plausibly allege all the elements of the claim for relief. Conclusory allegations and legal conclusions are not sufficient; the plaintiffs must state a claim to relief that is plausible on its face." Stein v. TitleMax of Ga., Inc., 819 Fed. Appx. 809 (Fla. 11th Cir. 2020); Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339-40 (11th Cir. 2017).

Although "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall v. Scott, 610 F.3d 701, 706 (11th Cir. 2010); see also Campbell v. Air Jamaica, Ltd., 760 F.33d 1165, 1168-69 (11th Cir. 2014).

Lastly, district courts are conferred supplemental jurisdiction over State claims that are so related to the claims brought within their original jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). However, a district court "*may* decline to exercise supplemental jurisdiction over a claim...if...the District Court has dismissed all claims over which it has original jurisdiction...." 28 U.S.C. § 1367 (emphasis added). Since the District Court, here, had discretion with

respect to declining to exercise supplemental jurisdiction, federal appellate courts apply an abuse of discretion standard of to such dismissals. Edwards v. Okaloosa County, 5 F.3d 1431, 1433 (11th Cir. 1993).

## II. Coker Improperly Raises New Arguments for the First Time on Appeal

Coker's Initial Brief asserts new arguments, not properly preserved for review on appeal. See Gennusa v. Canova, 748 F.3d 1103, 1116 (11th Cir. 2014) (finding that to "preserve a claim… on appeal, [a party] must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it" (internal quotation omitted)); In re Pan Am. World Airways, Inc., 905 F.2d 1457, 1461-62 (11th Cir. 1990) ("A federal appellate court will not, as a general rule, consider an issue that is raised for the first time on appeal.").

Specifically, because Coker failed to raise the argument that she is "[e]ntitled to a jury trial under the Seventh Amendment to the United States Constitution" at the District Court level, this issue was waived and not preserved for appellate review.

Further, Coker, in Counts II and V of her Third Amended Complaint, did not plead that "deprivation" was an injury. (See Appellant's Initial Brief, App. Doc 32 – Pg. 37, ¶ 24). Nor did she plead that it caused "infliction of emotional pain, damages [to her] reputation…and injures [her] ability to benefit from the opportunity of holding public office." Id. Similarly, she failed to plead "loss of opportunity…", "loss of experience…" and "loss of benefits and training." She raises these issues for the first time on appeal. (See Appellant's Initial Brief, App. Doc 32 – Pg. 37, ¶ 24).

To the extent that Coker now asserts a defamation claim against the Lake City Defendants, Coker failed to raise these claims at the District Court level. Therefore, the claims were not preserved for appellate review. (See Appellant's Initial Brief, App. Doc 32 – Pg. 39, ¶ 26).

**III. The District Court correctly dismissed Coker's Third Amended Complaint, in part, for Lack of Standing**

Federal courts are courts of limited jurisdiction "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." See Univ. of S. Ala. V. Am. Tobacco Co., 168 F.3d 405, 409 (11th Cir. 1999) (quoting Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994)). Article III of the Constitution, by its plain language, limits the jurisdiction of federal courts (the "judicial power" of the courts) to the consideration of Cases and Controversies. Kelly v. Harris, 331 F.3d 817, 819 (11th Cir. 2003) (citing U.S. Const. art. III, § 2, cl. 10; Ala. Power Co. v. U.S. Dep't of Energy, 307 F.3d 1300, 1308 (11th Cir. 2002)). "A central component of Article III's 'case or controversy' requirement is that the litigant *must have standing* to invoke the power of the federal court." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 805 (11th Cir. 1993) (quoting Allen v. Wright, 468 U.S. 737, 750 (1984) (emphasis added)); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

Therefore, standing "is 'perhaps the most important' jurisdictional doctrine[,]" Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) (quoting Bischoff v. Osceloa Cnty., Fla., 222 F.3d 874, 877-78 (11th Cir. 2000)),

because it ensures that "federal courts do not exceed their authority". Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016), as revised (May 24, 2016). In the absence of standing, a federal court lacks subject matter jurisdiction and is "powerless to hear a case." Bochese, 405 F.3d at 974; see also Univ. of S. Ala., 168 F.3d at 410 ("Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue.").

Coker, "as the party invoking federal jurisdiction, bears the burden of establishing [the standing] elements." Lujan, 504 U.S. at 561; see also Spokeo, 136 S. Ct. at 1547. The "irreducible constitutional minimum" to establish standing consists of three elements, "the plaintiff must have suffered an injury in fact, the defendant must have caused that injury, and a favorable decision must be likely to redress it." See Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (quoting Lujan, 504 U.S. at 560-61).

The "foremost" of the three elements is the existence of an injury in fact. Id. (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998)). "An injury in fact consists of 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. (quoting Lujan, 504 U.S. at 560). To qualify as "concrete," the injury must be "real, and not abstract." Id. (quoting Spokeo, 136 S. Ct. at 1548). To be sufficiently "particularized," the injury "must affect the plaintiff in a personal and individual way." Id. To satisfy the injury element of standing, a plaintiff must establish "[e]ach subsidiary element of injury—a legally protected interest,

concreteness, particularization, and imminence…." Trichell, 964 F.3d at 996 (quoting Spokeo, 136 S. Ct. at 1545, and Lujan, 504 U.S. at 560).

### A. The District Court correctly dismissed Coker's Voting Rights Act Claims set forth in Counts VII & VIII without prejudice for Lack of Standing

The District Court correctly dismissed Counts VII and VIII of Coker's Third Amended Complaint without prejudice for lack of standing. Coker's Initial Brief does not support a finding to the contrary.

In Counts VII and VIII of the Third Amended Complaint, Coker asserts claims under various statutory provisions of the Voting Rights Act ("VRA") against the Lake City Defendants. In Count VII, Coker contends that the City Charter imposes a qualifying fee on candidates who seek a seat on the City Council and this fee places an "undue burden" on candidates and "denies disproportionately the rights of black candidates and more specifically female candidates." (Doc 10 – Pgs. 41-42, ¶¶ 80, 82). She contends the fee deprived or attempted to deprive her of a right secured under various provisions of the VRA. (Doc 10 – Pg. 43, ¶ 86).

In Count VIII, Coker alleges that on May 13, 2013, the City Council changed the zoning for District 13 "immediately following a District 13 election where a minority candidate…faced a non-minority incumbent in District 13." (Doc 10 – Pg. 45, ¶¶ 88-89). Although she does not specifically plead it in her Third Amended Complaint, Coker appears to contend that the revision violates the VRA because it is a rezoning practice that has the effect of "reducing the representation of minorities and minority women from holding public [office] in violation of constitutional liberty to due process of law." (Doc 10 – Pg. 44, ¶¶ 87).

The District Court correctly found that Coker failed to allege facts showing a particularized injury from the alleged purported wrongs relevant to Counts VII and VIII. As set forth above, Coker fails to allege the "foremost" of standing requirements: an injury in fact. See Trichell, 964 F.3d at 996. Coker's Third Amended Complaint failed to show that she suffered "an invasion of a legally protected interest" that is both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Trichell, 964 F.3d at 996 (quoting Lujan, 504 U.S. at 560). Coker's Third Amended Complaint did not contain a discernible injury ***particular to Coker*** as alleged in Counts VII and VIII.

Specifically, as to Count VII, Coker fails to allege that ***she*** was charged a qualifying fee, nor does she specify when she was charged such a fee, by whom, or whether she paid it. At best, Coker vaguely asserts that the qualifying fee cannot be waived, (Doc 10 – Pg. 41, ¶ 80), but she fails to allege whether she requested a waiver, to whom such a request was made, and whether that request was denied. Id. Further, the City Charter provisions apply equally to all potential candidates and a petition process is available in lieu of a fee. (Doc 94 – Pg. 18). Notably, Coker fails to allege whether she attempted to qualify via the petition process in lieu of paying the qualifying fee, as permitted by the City Charter. See Lake City, Fla. Charter § 508. Coker's Third Amended Complaint is devoid of any allegations that at any time Coker, herself, was unable to seek office due to the qualifying fee or that *she* faced a *particularized* undue burden in seeking office because of the fee, as opposed to candidates *generally*. (See Doc 10 - Pgs. 42-43, ¶¶ 82,84). To the contrary, Coker's Third Amended Complaint references Coker's successful selection for a vacant City

Council seat. Although Coker contends this seat was later refused, Coker does not allege that her ability or inability to pay the qualifying fee had any connection to those events. Significantly, Coker does not allege that she intends to run for office in the future or that she will be subject to a qualifying fee at that time.

Likewise, as to the VRA claims in Count VIII, the Lake City Defendants argued and the District Court correctly held that Coker does not allege an injury in fact. She does not allege that *she* was injured by the rezoning that allegedly occurred in 2013, either as an impacted candidate or as a voter in that district. Rather than particularized allegations as to her, Coker alleges undifferentiated, generalized grievances about the purportedly discriminatory effects of the City's election practices as to Counts VII and VIII. See, e.g., (Doc 10 – Pg. 43, ¶ 84, alleging that the fee gives less opportunity to "minorities, and minority women"; id. at Pg. 43, ¶ 86, alleging that the fee places an "undue burden on candidates"; id. at Pg. 45, ¶ 90 alleging that the rezoning diminishes the voting rights of "any citizens of the United States"). "[A] generalized grievance, 'no matter how sincere,' cannot support standing." See Wood v. Raffensperger, 981 F.3d 1307, 1314 (11th Cir. 2020) (quoting Hollingsworth v. Perry, 570 U.S. 693, 706 (2013)). The District Court correctly found that there was no particularized injury to Coker and therefore, she lacks standing to challenge these allegedly discriminatory practices. Thus, due to the failings in Coker's Third Amended Complaint, the District Court's dismissal without prejudice as to Counts VII and VIII was correct and should be affirmed.

### B. The District Court correctly dismissed Coker's claims for Declaratory and Injunctive Relief without prejudice for Lack of Standing

To the extent Coker sought declaratory and injunctive relief within the various counts of the Third Amended Complaint, the District Court correctly dismissed her claims for such without prejudice for lack of standing.

The majority of Coker's counts begin with a statement where she "alleges this action for injunctive and declaratory relief…." See, e.g., Doc 10 – Pgs. 17, 28, 44. Similarly, she ends several counts with a vague demand for injunctive relief. (Doc 10 – Pgs. 11, 16, 17, 20, 21, 26, 28, 33, 38, 44, 46, 60, 61). Despite the lack of clarity, to the extent that Coker seeks such relief, she lacks standing to do so.

A "plaintiff must demonstrate standing for each claim and for each form of relief that is sought." See JW ex rel. Williams v. Birmingham Bd. of Educ., 904 F.3d 1248, 1264-65 (11th Cir. 2018) (quoting Town of Chester, N.Y. v. Laroe Estates, 581 U.S. 433, 439 (2017)). "[T]o demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive relief or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that [s]he will suffer injury in the future." Worthy v. City of Phenix City, Ala., 930 F.3d 1206, 1215 (11th Cir. 2019) (quoting Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999)). Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'" Church v. City of Huntsville, 30 F.3d 1132, 1337 (11th Cir. 1994) (quoting Am. Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992)).

Here, the Lake City Defendants argued and the District Court correctly found that Coker failed to allege any facts showing a threat of future harm, much less a real

and immediate threat. (Doc 94 – Pg. 24). Any harms described in the Third Amended Complaint are entirely in the past. (See generally Doc 10). Specifically, Coker does not seek an injunction requiring the City Council to seat her. Id. Nor does Coker's Third Amended Complaint allege that she intends to seek a seat on the City Council in the future, or even attend a City Council meeting. Id.

Therefore, Coker is not entitled to prospective relief because she failed to allege facts showing that she is likely to have another encounter with any Defendant under the same or similar circumstances which gave rise to her alleged past injuries. Coker's Third Amended Complaint only allowed the District Court to speculate as to whether or when the unique circumstances which led to her lawsuit could re-occur. Since Coker failed to plead sufficient facts to show any ongoing or future harm, the District Court correctly dismissed her claims insofar as she sought declaratory or injunctive relief. See Maisonet v. Comm'r, Ala. Dep't of Corr., No. 22-10023, 2022 WL 4283560, at *2 (11th Cir. Sept. 16, 2022) ("Because declaratory and injunctive relief necessarily does not redress past harm, standing for such claims requires a showing of an ongoing or future injury.").

Accordingly, to the extent Coker sought declaratory and injunctive relief, the District Court's dismissal without prejudice as to her claims was correct and should be affirmed.

## IV. The District Court Correctly Dismissed Coker's Complaint, In Part, for Failure to State a Claim

### A. The District Court correctly dismissed Coker's claim under 42 U.S.C. § 1985 as set forth in Count IX for Failure to State a Claim

The District Court correctly dismissed Count IX of Coker's Third Amended Complaint for failure to state a claim.

In Count IX of the Third Amended Complaint, Coker asserts a claim for conspiracy under 42 U.S.C. § 1985 against all Defendants-Appellees. (Doc 10 – Pg. 46, ¶¶ 91-92). Coker's pleading is unclear under which subsection of Section 1985 it sought to proceed. Out of an abundance of caution and respect for the *pro se* nature of the filing, the District Court completed an analysis under both subsections. As evidenced through the Third Amended Complaint, and the facts presented below, Coker failed to state a claim under either 42 U.S.C. § 1985(1) or 42 U.S.C. § 1985(3) against the Lake City Defendants.

In the Third Amended Complaint, Coker quotes from the statutory language of 42 U.S.C. § 1985(1). (Doc 10 – Pg. 46, ¶ 92). Section 1985(1) prohibits, in relevant part, conspiracies by two or more persons "to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof…." Notably, "[t]he purpose of this section is to proscribe conspiracies that interfere with the performance of official duties <u>by federal officers</u>." <u>See</u> <u>Morast v. Lance</u>, 807 F.2d 926, 929 (11th Cir. 1987) (emphasis added). Here, Coker's allegations do not involve a <u>federal office</u>, but rather an insufficiently alleged conspiracy to prevent Coker from being seated on the City Council of a municipality, Lake City, Florida. As such, to the extent Coker's claim arises under § 1985(1), the District Court correctly dismissed the claims against the Lake City Defendants as set forth in Count IX. Therefore, the District Court's dismissal should be affirmed.

To the extent Coker asserts a claim for conspiracy under § 1985(3), Coker must allege facts demonstrating:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

See Trawinski v. United Tech., 313 F.3d 1295, 1299 (11th Cir. 2002) (citation omitted).

First, Coker failed to state a claim for conspiracy pursuant to § 1985(3) because she does not allege sufficient facts demonstrating a meeting of the minds between the alleged conspirators. "The core of a conspiracy claim is an agreement between the parties; thus, where the plaintiff fails to allege an agreement, the pleading is deficient and subject to dismissal." See Mickens v. Tenth Judicial Circuit, 181 F. App'x 865, 876 (11th Cir. 2006). Coker does not allege sufficient facts to establish a "meeting of the minds" on the part of the Lake City Defendants to conspire to violate her civil rights; rather the allegations in Count IX are general, conclusory and vague. See Kearson v. S. Bell Tel. & Telegraph Co., 763 F.2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint."); see also Mickens, 181 F. App'x at 876.

Nevertheless, even assuming, *arguendo*, the existence of an agreement between some Defendants, the District Court correctly held that Coker fails to state

a claim for conspiracy under § 1985(3) because she failed to allege any facts demonstrating invidious discriminatory intent.

Significantly, "a claim under § 1985(3) requires… proof of invidious discriminatory intent as well as the violation of a serious constitutional right protected not just from official, but also from private encroachment." Trawinski, 313 F.3d at 1299; Kearson, 763 F.2d at 407. Therefore, to assert a conspiracy claim under § 1985(3), Coker must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus' behind the defendant's actions taken in furtherance of the conspiracy." See Dean v. Warren, 12 F.4th 1248, 1256 (11th Cir. 2021) (quoting Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993)).

Here, without addressing whether Coker has a constitutionally protected right to hold public office, as she alleges and addressed below, Coker fails to allege that Defendants-Appellees, specifically the Lake City Defendants, were motivated by invidious discriminatory intent. She does not include any allegations in Count IX regarding any motivations of the numerous Defendants-Appellees involved in the alleged conspiracy[1]. The District Court properly assessed any potential opposition the Defendants may have had against Coker and correctly determined that any such motivations did not rise to "the requisite racial or class-based invidiously

[1] At most, Coker alleges one Defendant spoke in favor of a different candidate. (Doc. 10 – Pg. 49, ¶ 102). The District Court correctly held that this allegation alone failed to raise a plausible inference that Defendants were opposed to Coker due to class-based animus, especially as Coker does not assert this conclusion in her Third Amended Complaint.

discriminatory intent" necessary to state a claim for conspiracy under § 1985(3). See White v. Sch. Bd. of Hillsborough Cnty., 636 F. Supp. 2d 1272, 1278-79 (M.D. Fla. 2007).

Accordingly, the District Court's dismissal of Coker's claims under 42 U.S.C § 1985(3), set forth against the Lake City Defendants in Count IX, was correct and should be affirmed. Overall, the District Court correctly dismissed Counts IX of Coker's Third Amended Complaint for failure to state a claim pursuant to 42 U.S.C §§ 1985(1) and 1985(3).

### B. The District Court correctly dismissed Coker's claims under 42 U.S.C. § 1983 as set forth in Counts II & V for Failure to State a Claim

The District Court correctly dismissed Counts II and V of Coker's Third Amended Complaint for failure to state a claim.

In Counts II and V of the Third Amended Complaint, Coker asserts claims under 42 U.S.C. § 1983 against the Lake City Defendants. In Count II, Coker contends that the Defendants-Appellees deprived her of her "constitutional liberty interest into [sic] participate in democracy by attending public meetings without the threat of harm and intimidation to either herself or members of her family." (Doc 10 – Pg. 17, ¶ 31). Coker asserts that at multiple City Council meetings Defendants-Appellees failed to enforce the City Ordinance on decorum and instead allowed private citizens to "slander and defame" her publicly, and "to hurl threats to her and her minor children repeatedly…." (Doc 10 – Pgs. 18-19, ¶¶ 35-36, 38). According to Coker, the City Council allowed the private citizens to engage in this conduct "in retaliation" against her "for making protected disclosures" (Doc 10 – Pg. 19, ¶ 40).

In Count V, Coker alleges a deprivation of "her constitutional liberty interest in holding public office." (Doc 10 – Pg. 28, ¶ 56). Although in Count V, Coker does not include any allegations of Defendants'-Appellees' motivation, elsewhere in the pleading, she asserts that the City Council and Hill "denied [Coker] the public office after its selection on October 26, 2021, as retaliation for the protected disclosures of gross waste and abuse of public offices." (Doc 10 – Pg. 18, ¶ 37).

"The first task in a section 1983 suit is 'to isolate the precise constitutional violation with which [defendant] is charged.'" Jordan v. Mosley, 298 F. App'x 803, 805 (11th Cir. 2008) (quoting Baker v. McCollan, 443 U.S. 137, 140 (1979)). In her response to the Lake City Defendants' Motion to Dismiss, Coker does not identify the constitutional provision under which she asserts these claims and does not otherwise directly respond to the Lake City Defendants' argument that her claims are substantive due process claims and due to be dismissed because she has not "alleged a fundamental substantive constitutional right…." (Doc 94 – Pg. 7). Rather, in Count II, she alleges an interference with her "right to participate in public meetings" and in Count V she alleges a violation of her "right to hold public office…." (Doc 94 – Pg. 7).

To the extent that Coker's claims arise under the Fourteenth Amendment, the District Court was correct in finding that Coker failed to state a substantive due process claim under the Fourteenth Amendment.

To the extent that Coker's claims arise under the First Amendment, the District Court was correct in finding that Coker failed to state a claim under the First Amendment for retaliation. Regardless of Coker's vague references to liberty

interests and fundamental rights, the Court is required to analyze the claim for "what it actually is, not for what [Coker] would have it to be." See McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994) (giving no weight to the label the plaintiff gave his claim because the court's responsibility "is to examine [the plaintiff's] cause of action for what it actually is, not for what [the plaintiff] would have it be").

"To state a claim for First Amendment retaliation, a plaintiff must allege that [she] engaged in protected speech, that the official's conduct adversely affected the protected speech and the official's retaliatory conduct." See Echols v. Lawton, 913 F.3d 1313, 1320 (11th Cir. 2019). As to the "adverse effect" prong of the above analysis, courts consider "whether [the official's] alleged conduct 'would likely deter a person of ordinary firmness from the exercise of First Amendment rights …." Echols, 913 F.3d at 1320 (quoting Bailey v. Wheeler, 843 F.3d 473, 481 (11th Cir. 2016)). The test is objective and trivial inquiries, or those which "amount to no more than *de minimis* inconvenience in the exercise of First Amendment rights" are insufficient. Bennett v. Hendrix, 423 F.3d 1247, 1252 (11th Cir. 2005). To demonstrate a causal connection, Coker must allege facts giving rise to a plausible inference that the Lake City Defendants Defendants-Appellees were "subjectively motivated" to engage in the adverse action due to Coker's protected speech. See Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008). As evidenced through her Third Amended Complaint, she fails to do so. The District Court correctly found that Coker's allegations were insufficient to state a claim for First Amendment retaliation for Count II and V.

In Count II, Coker alleged that at "multiple meetings" over the span of nearly a year, the Councilmembers "sat quietly" while private citizens "hurl[ed] threats" at her and her children. (Doc 10 – Pg. 18, ¶ 36). She further alleged that the City Council allowed these private citizens to violate the decorum policy at public meetings and "defame, threaten, harass, and intimidate" her "in retaliation for making protected disclosures." (Doc 10 – Pg. 19, ¶ 40). In response, the District Court correctly held that the Lake City Defendants-Appellees alleged mere inaction in sitting quietly or failing to enforce a decorum policy is insufficient to establish an actionable claim for retaliation. See L.H. v. Pittston Area Sch. Dist., 666 F. App'x 213, 216 (3d Cir. 2016) ("[A]llegations of inaction are not sufficient to establish an actionable claim for retaliation.").

Further, even if allegations of inaction were sufficient to establish an actionable claim for retaliation, in Count II, Coker fails to allege what was said which she contends was threatening or defamatory, nor does she allege the frequency with which such comments were made at any given meeting. The District Court correctly held that merely conclusory allegations of purported harassment are not entitled to a presumption of truth. The District Court correctly held that Coker failed to allege sufficient facts from which the District Court could infer anything more than *de minimis* harm. Specifically, the District Court cited to the fact that Coker did not allege that she was in any way deterred from attending meetings or speaking at the same as a result of the City Council's alleged failure to enforce the decorum policy. Rather, Coker's Third Amended Complaint makes it clear that Coker continued to attend these meetings regularly and to make disclosures for months.

Assuming, *arguendo*, that Coker made sufficient allegation to establish the required "adverse effect" prong, the District Court correctly held that Coker failed to include factual allegations from which one can infer any causal connection between her "protected conduct" and the Lake City Defendants-Appellees alleged failure to enforce the decorum policy. Although close temporal proximity can give rise to an interference of causation, see Ranize v. Town of Lady Lake, Fla., No. 5:11-cv-646-Oc-32TBS, 2012 WL 4856749, at *3 (M.D. Fla. Oct. 12, 2012), here, the timing of the events alleged in the Third Amended Complaint undermines any causal connection. In support, the District Court cites to Coker's allegations that the City Council failed to enforce the decorum policy at meetings before the date of her first alleged "protected disclosures" (Doc 10 – Pg. 18, ¶ 36 alleging a failure to enforce the policy beginning in Dec. 2020 and Doc 10 – Pg. 12, ¶ 18 alleging a disclosure on January 4, 2021, the earliest identifiable date of any alleged disclosure by Coker).

Additionally, Coker failed to assert facts connecting the City Council's alleged failure to enforce the decorum policy to her specifically. She did not allege that the City Council had previously enforced the policy and stopped when she began making disclosures, or that the City Council enforced the policy as to other attendees but not her. Her allegations are too vague and conclusory to give rise to a plausible causal connection between the City Council's alleged failure to enforce the decorum policy and her "disclosures." As such, the District Court's dismissal of Coker's claims under 42 U.S.C. § 1983, set forth in Count II, was correct and should be affirmed.

Similarly, as to Count V, the sequence of events between Coker's "disclosures" and the City Council's alleged refusal to seat her undermines any inference of retaliation. This argument was not specifically raised by Coker. Rather, in an abundance of caution and in recognition of Coker's *pro se* status, the District Court considered whether Coker alleged sufficient facts to state a claim for First Amendment retaliation in Count V. Coker alleged that she began making "disclosures" in January 2021. (Doc 10 – Pg. 12, ¶ 18). Her last "disclosure" which she alleges with an identifiable date occurred in June 2021. (Doc 10 – Pgs. 13-14, ¶ 22). The City Council voted to appoint Coker to the vacant seat months later, on October 26, 2021. (Doc 10 – Pg. 29, ¶ 61.a.). It was well after Coker's disclosures that the City Council voted to appoint her to the vacant seat, therefore, undermining any inference that the disclosures motivated the same City Council to deny her the seat a few days later. Notably, Coker does not allege that she engaged in any protected speech between the date of her appointment and the date the City Council allegedly changed course and refused to seat her. Coker does not allege that any statement by Hill, or the other Lake City Defendants, was a pretext for a retaliatory motive, or that any decision of the City Council to reverse course was based on this information. Nor does this decision implicate the First Amendment. Coker's allegations fail to allege facts which sufficiently demonstrate any causal connection between her "disclosures" and the Lake City Defendants' refusal to seat her on the Council. As such, the District Court's dismissal of Coker's claims under 42 USC § 1983, set forth in Count V, was correct and should be affirmed.

### C. The District Court correctly dismissed Coker's claims under 42 U.S.C. § 1983's Due Process Clause as set forth in Count VI for Failure to State a Claim

The District Court correctly dismissed Counts VI of Coker's Third Amended Complaint for failure to state a claim.

In Counts VI of the Third Amended Complaint, Coker asserts claims under 42 U.S.C. § 1983 against the Lake City Defendants. Specifically, in Count VI, Coker contends that the Lake City Defendants deprived her of her constitutional right to due process when they refused to seat her on the City Council without allegedly following the procedures set forth in the City Charter for removing a Councilmember from office. See (Doc 10 – Pgs. 34, 36, ¶¶ 62, 67-68). She alleges she was removed "from her duly appointed official capacity," without following the process required under the City Charter. See (Doc 10 – Pg. 36, ¶ 68). The District Court interpreted this as a procedural due process claim under the Fourteenth Amendment.

As such, "[a] Section 1983 procedural due process claim requires a plaintiff to prove three elements: '(1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process.'" See Catron v. City of St. Petersburg, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003)). The type of interest implicated impacts the type of process constitutionally required. See Campbell v. Pierce Cnty., Ga., 741 F.2d 1342, 1344-45 (11th Cir. 1984).

To the extent that Coker's procedural due process claim pertains to the deprivation of a constitutionally protected liberty interest, the District Court

correctly held that such a claim is due to be dismissed as state court remedies were available and not fully utilized by Coker.

In an abundance of caution, the District Court also considered and properly dismissed Coker's claims to the extent they were premised on the deprivation of a constitutionally protected property interest, i.e., the public office which she believed she was entitled.

Significantly, "[w]here a property interest is at stake, courts have usually held that a pre-deprivation hearing may be required." See Campbell, 741 F.2d at 1344 (emphasis added); see also Galbreath v. Hale Cnty. Ala. Comm'n, 754 F. App'x 820, 827-28 (11th Cir. 2018). However, Coker's claim fails under this analysis as well, because, as noted above, the Supreme Court determined that the "unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause." See Snowden v. Hughes, 321 U.S. 1, 7 (1944); see also Taylor v. Beckham, 178 U.S. 548, 576-77 (1900) ("The view that public office is not property has been generally entertained in this country…. The decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such."); Houchens v. Beshear, 850 F. App'x 340,343 (6th Cir. 2021) ("[P]ublic officers do not have a property interest in their positions."). The Florida Constitution explicitly states "[a] public office is a public trust." See Fla. Const. art. II, sec. 8; see also Israel v. DeSantis, No. 4:19cv576-MW/MAF, 2020 WL 2129450, at *9-10 (N.D. Fla. May 5, 2020) ("In Florida law, as in federal law, public service is a privilege not a right.").

Therefore, even assuming Coker was entitled to be seated on the City Council, as she contends, the purportedly wrongful deprivation of this seat cannot form the basis of a procedural due process claim. As such, the District Court's dismissal of Coker's claims under 42 USC § 1983, set forth in Count VI, was correct and should be affirmed.

## V. THE DISTRICT COURT CORRECTLY DECLINED TO EXERCISE SUPPLEMENTAL JURISDICTION OVER COKER'S REMAINING STATE CLAIMS

The District Court correctly declined to exercise supplemental jurisdiction over Coker's remaining State claims, pursuant to 28 U.S.C. § 1367(c).

This Court has previously expressed its preference that State law claims be resolved by State courts. Hardy v. Birmingham Bd. of Educ., 954 F.2d 1546, 1553 (11th Cir. 1992); see also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims.").

In this case, Counts I, III, IV and XI of Coker's Third Amended Complaint specifically implicate State law. District courts enjoy discretion with respect to declining to exercise supplemental jurisdiction once the claims giving rise to original jurisdiction are dismissed. 28 U.S.C. § 1367(c). Upon determining that it has the discretion under § 1367(c) to decline jurisdiction, "[a district court] should consider the traditional rationales for pendent jurisdiction, including judicial economy and convenience in deciding whether or not to exercise that jurisdiction." Palmer v.

Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1569 (11th Cir. 1994). Notably, "[a]ny one of the section 1367(c) factors is sufficient to give the district court discretion to dismiss a case's supplemental state law claims."

For the reasons set forth above, the District Court correctly determined that the federal claims in Counts II and V-X of Coker's Third Amended Complaint, which gave rise to original jurisdiction, were due to be dismissed. The remaining claims in Counts I, III, IV, and XI are uniquely state law claims that due to their uniqueness would have been best addressed by the state courts. Additionally, the proceedings before the District Court did not progress past the motion to dismiss stage. Thus, the procedural posture of the case favored declining supplemental jurisdiction. Further the District Court found that judicial economy and convenience would not have been served by retaining jurisdiction over Coker's state law claims.

Therefore, the District Court's dismissal without prejudice of Counts I, III, IV, and XI should be affirmed.

## Conclusion

Here, the District Court granted Coker the benefit of the doubt by not dismissing her Third Amended Complaint as a "shotgun pleading." (Doc 172 - Pg. 9-12, fn. 7). Instead, the District Court thoroughly analyzed each of Coker's claims, and respectfully addressed each claim including those nebulous claims which *may* have been intended by Ms. Coker. Accordingly, this Court is urged to affirm the District Court because it correctly dismissed Coker's Complaint for lack of standing, failure to state a claim upon which relief can be granted and declined to extend supplemental jurisdiction to the State law claim.

## Certificate of Compliance with Rule 32(a)

I certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7)(B) because it consists of 9,605 words and complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

Respectfully submitted,

/s/ *Susan S. Erdelyi*
Susan S. Erdelyi
Florida Bar No. 0648965
MARKS GRAY, P.A.
1200 Riverplace Blvd., Suite 800
Jacksonville, Florida 32207
Phone: (904)807-0900 | Fax: (904) 399-8440
serdelyi@marksgray.com
jmcduffie@marksgray.com
**Counsel for Defendants/Appellees**
***Audrey Sikes, City Council of Lake City Florida, Jake Hill, Eugene Jefferson, Stephen Witt, Fred Koberlein, and Christopher Todd Sampson (in his official capacity)***

## CERTIFICATE OF SERVICE

I CERTIFY that I have on this 29th day of September, 2023, electronically filed the foregoing Brief of Appellees Lake City Defendants using the Court's CM/ECF system, which has effected service upon the following counsel of record pursuant to Fed. R. App. P. 25(c)(2) and 11th Circuit Rule 25-3(f):

**Lucas Jordan Taylor**
lucas.taylor@suwanneelawyers.com

**Robert Bruce George**
rgeorge@thelilesfirm.com

**David E. Hudson**
dhudson@hullbarrett.com

**Jennifer Catherine Biewend**
jcb@rkkattorneys.com

**Gwendolyn Palmer Adkins**
gadkins@coppinsmonroe.com

**Christopher Claudio Torres**
christopher.torres@ahca.myflorida.com

**Stephanie Roman Caban**
sromancaban@mcconnaughhay.com

**Ashley E. Davis**
ashley.davis@dos.myflorida.com

This is to further certify that, on this 29th day of September, 2023, an originally signed Brief of Appellees Lake City Defendants and four copies were also filed with the Clerk of the Eleventh Circuit United States Court of Appeals by First-Class Mail, postage prepaid, in accordance with Fed. R. App. P. 25(a)(2)(A)(ii) and 11th Circuit Rule 31-3

*/s/ Susan S. Erdelyi*
Attorney