UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**23-11160-B**

---

**BEFAITHFUL COKER**,
Appellant/Plaintiff

**SYLVESTER WARREN**, III, et al.,
Appellees/Defendant(s)

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
v. L.T. Case No. 3:22-cv-518-MMH-LLL

THE HONORABLE MARCIA M. HOWARD

---

# APPELLANT'S REPLY BRIEF

---

Befaithful Coker, Pro se
PO Box 15
Lake City, Florida 32056
befaithfulcoker@gmail.com
386.697.6075

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

CASE NO.: 23-11160-B

**BEFAITHFUL COKER**,
Appellant/Plaintiff,

v. L.T. Case No. 3:22-cv-518-MMH-LLL

**SYLVESTER WARREN**, III, et al.,
Appellees/Defendants.

APPELLANT'S CERTIFICATE OF INTERESTED

**PERSONS AND CORPORATE DISCLOSURE STATEMENT**

There are no updates to the Disclosure Statement previously filed Pursuant to 11th Cir. R. 26. 1-2, the following is a complete list of all trial judges, attorneys, person associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this castor appeal including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party that is known to the Appellant at this time.

Dated this 22nd day of December, 2023.

Signature: ______________________________________

Befaithful Coker, ProSe
PO Box 15
Lake City, FL 32056

# TABLE OF CONTENTS

APPELLANT'S INITIAL BRIEF........1
APPELLANT'S CERTIFICATE OF INTERESTED........2
STATEMENT REGARDING ORAL ARGUMENT........13
TABLE OF CONTENTS........14
STATEMENT OF JURISDICTION........18
STATEMENT OF THE ISSUES........18
STATEMENT OF FACTS........22
ARGUMENTS........30
Appellant is Entitled to a Jury Trial under the Seventh Amendment to the United States Constitution........30
The District Court has Jurisdiction over Supplemental State Claims........31
Appellant alleged a legal claim........32
c. Defendants Conspired to Prohibit Public Office Violated Appellant...36
e. Defendants' Gerrymandered District Violated Appellant........37
f. Defendants' Refusal to Waive Fees Violated Appellant........37
Default Judgment of Defendant Douglas Should not have been Dismissed. 38
The Appellant Has Standing to Sue........38
Appellant Suffered Injury........39
Appellant Was Deprived of Due Process........40
Appellant was Defamed........41
Defendants Caused the Defamation........41
Relief is Redressible........42
b. Injunctive Relief........43
c. Punitive Damages........43
CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS........1
CERTIFICATE OF SERVICE........1

**TABLE OF CITATIONS**


1. Cases:
    a. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ……………………....8
    b. Charles v. Florida, 988 So.2d at 1160 ………………………………………10
    c. Erickson v. Pardus, U.S. 89, 94 (2007).........................................................5
    d. MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017) ….10
    e. Walters v. Blankenship, 931 So. 2d 137, 14G (Fla 5th DCA 2006)..................9
2. Municipal Charter Provisions
    a. Section 304 ……………………………………………………………10
    b. Section 513……………………………………………………………..10
3. State Statutes
    a. FS 836.04 - Defamation……………………….……………………..15
4. Florida Rules of Civil Procedure
    a. Rule 1.140 ……………………………………………………....31
    b. Rule 1.630 ……………………………………………………....30
5. Federal Code
    a. 42 U.S.C. 1983 ………….……………………………………………..16
6. United States Constitution
    a. 7th Amendment …………………………………………………………5

## ARGUMENTS

**<u>Appellant is Entitled to a Jury Trial under the Seventh Amendment to the United States Constitution</u>**

1. Pro Se complaints must be held to less stringent standards than formal pleadings drafted by lawyers (Erickson v. Pardus, U.S. 89, 94, 2007).

2. The Seventh Amendment to the United States Constitution states, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, then according to the rules of the common law."

3. The Appellant, having paid the requisite filing fee along with her Complaint, explicitly requested a trial by jury. Additionally, the Appellant paid for the service of process to each of the twenty-six Defendants, following the process guidelines. The Appellant contends that the right to a jury trial in a civil trial is a protected right under the Seventh Amendment to the United States Constitution, unless waived.

4. Having met the requirements, filing the Final Complaint, and requesting a jury trial, the Appellant patiently awaited the opportunity to produce evidence to a jury of peers. However, she was ultimately deprived of the right to justice. The Legal Institute Information provided by Cornell Law School reasons that one of

the intended objectives of the 7th Amendment is "to preserve the historic line separating the province of the jury from that of the judge, without preventing procedural innovations that respect this boundary." Dismissing the Final Complaint and denying the right to a jury effectively gives judges total control over access to justice, undermining the fundamental purpose of the Amendment.

5. Allowing a jury trial would enable the presentation of evidence that would have been discovered had a trial been permitted. This evidence could illustrate how the conspirators profited and utilized public funds, PPP loans, campaign support, real property leases, transfers, and other items of value to further their agenda and elicit support from other involved parties who could serve as crucial witnesses during a trial (**See Exhibit A).**

6. Furthermore, the District Court has jurisdiction over supplemental state claims. In addition to the federal claims in the Complaint, the Appellant sought supplemental jurisdiction for violations of State law under the Color of Law, involving the same acts that infringed on rights protected under federal claims. These allegations, spanning both State and Federal claims, portray a complex conspiracy that a jury of peers in society should collectively hear. This would enable a broader perspective on the actions of the defendants, allowing for determination by a random group of peers, rather than solely relying on the

collective legal analysis of attorneys and judges.

**Alleged Legal Claim by the Appellant**

7. The appellant was appointed to public office as the council member representing District 14 to the Lake City Council on October 26, 2021. This appointment could not be undone by a Motion for Reconsideration, a Resolution for a Swearing-in Ceremony, or a Resolution confirming the appointment, as established by the Lake City Municipal Charter Ordinance 2-41(e), which outlines the rules for reconsideration of a motion (Lake City Municipal Charter Ordinance 2-41(e)).

8. Moreover, the appellant's appointment was upheld by the Order Nisi in Prohibition on November 8, 2021, by a court of competent jurisdiction.

9. The Appellant acknowledges the challenging situation faced by the City Defendants, having been present when the Defendants Agents of Equality directed threats, defamatory statements, and extortion attempts at City Council members. The Appellant was also aware of the physical harm suffered by Defendant Jefferson's spouse after being verbally assaulted by Defendant Warren and Agents of Equality. These threats and extortion attempts persisted even after the defendants complied with certain demands.

10. Additionally, Defendant Warren demanded placement on the Quasi-Judicial Planning and Zoning Board to the Lake City Council, submitting a false

application despite being deemed ineligible by the City Attorney. Efforts by Defendant Bowden mirrored those of Defendant Warren, both asserting their lack of eligibility for public board service due to criminal convictions. However, they urged the City Council to violate the law and uphold Defendant Warren's placement.

11. According to Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should only be granted when the plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face" (Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 2007). The Appellant has properly alleged a claim supported by factual evidence.

12. The forty-two-page Order dismissing the Final Complaint failed to consider the legally binding Order Nisi in Prohibition, disregarded by the defendants and overlooked by the District Court.

13. In its Order of Dismissal, the District Court highlighted the extensive supporting documents provided by the Appellant, revealing an elaborate conspiracy among the defendants, some of whom are members of the Florida Bar regularly practicing in the Middle District Court. These documents were intended to demonstrate the sufficiency of evidence that would be presented to the jury at trial, given the nature of the allegations.

14. The District Court seemingly found the information irrelevant when assessing

whether the defendants had the means, motive, and opportunity to conspire. However, a jury panel of regular citizens may view attorneys and individuals previously convicted of criminal activities, now associated with acts of violence and gun violence, partnering with attorneys and members of the Third Judicial Circuit of Florida as concerning. These individuals are allowed to make public threats, interfere with law enforcement investigations, and hold positions on boards without requisite qualifications.

15. The facts presented in the Final Complaint warrant consideration by a jury to determine if bias and conspiracy exist within the actions and decisions of the judicial system, particularly when constitutional officers and attorneys condone threats against citizens participating in democracy and elevate individuals with criminal histories to influential positions within City and County Commission Defendants.

**<u>Defendants Conspired to Prohibit Public Office Violated Appellant</u>.**

16. The Final Complaint sufficiently alleged and demonstrated with documentation enough evidence to establish a factual basis for the claim constituting civil conspiracy. According to legal precedent, the Appellant was only required to allege: (1) an agreement between two or more parties, (2) to perform an unlawful act or to execute a lawful act through unlawful means, (3) an overt act in furtherance of the conspiracy, and (4) damages to the plaintiff resulting from

activities conducted in furtherance of the conspiracy (Walters v. Blankenship, 931 So. 2d 137, 146 (Fla 5th DCA 2006)).

17. Furthermore, legal precedents establish that a conspirator need only possess knowledge of the scheme and assist in some manner to be held accountable for all actions undertaken by the conspirators (Charles v. Florida, 988 So.2d at 1160; MP, LLC v. Sterling Holding, LLC, 231 So. 3d 517 (Fla. 3d DCA 2017)).

18. The Appellant specifically alleges that the defendants conspired to obstruct her from assuming the public office to which she was legally appointed under Section 304, subsequent to filing her Oath of Office pursuant to Section 513 of the Lake City Municipal Charter. Notably, there exists no mandate stipulating that each co-conspirator must engage in acts furthering the scheme. It is crucial to acknowledge that the jury, as the trier of fact, holds the responsibility to assess such claims. The dismissal by the Middle District Court of Florida appears to deprive the Appellant of the due process required for access to justice.

<u>Defendants' Gerrymandered District Violated Appellant.</u>

e. Appellant alleges City Defendants previously gerrymandered the voting districts of Districts 13 and 14 as a condition in an illegal agreement between a prior candidate (Ricky Jernigan) in the race for the District 13 seat on the Lake City Council. City Defendants agreed that Jernigan would secure the

District 13 seat for Jernigan if he would reduce his campaign efforts in the District 13 race. Jernigan complied to learn the street in which he resided was removed from the map District 13 and rezoned to District 14.

Defendants' Refusal to Waive Fees Violated Appellant.

19. The Appellant contends that City Defendants engaged in gerrymandering of voting districts, specifically impacting Districts 13 and 14, as part of an unlawful agreement involving a prior candidate, Ricky Jernigan, running for the District 13 seat on the Lake City Council. The allegations suggest that City Defendants agreed to ensure Jernigan's success in securing the District 13 seat if he reduced his campaign efforts in that district. As per the Appellant's claims, Jernigan complied with this agreement, only to discover that the street on which he resided had been removed from District 13's map and rezoned to District 14.

20. Such actions, as alleged, appear to indicate a manipulation of district boundaries, a practice commonly known as gerrymandering. This manipulation allegedly occurred through a strategic agreement, resulting in the reassignment of Jernigan's residence to a different district, thereby impacting the voting composition of both Districts 13 and 14.

**Default Judgment of Defendant Douglas Should not have been Dismissed**

21. The dismissal of the Default Judgment subsequent to Defendant Douglas's failure to respond to the Final Complaint undermines the integrity of the

judicial process and deprives the Appellant of the due process entitled to her. In the Final Complaint, the Appellant alleged that Defendant Douglas, as part of a conspiracy to deny her the public office to which she was appointed, filed a frivolous claim as an Interested Party in the Appellant's action in the Trial Court. This claim was represented by co-conspirator Defendant Foreman, concurrently serving as the elected County Attorney to County Defendants. Defendant Douglas, in his Motion to Dismiss filed in the Consolidated Case No. 21-CA-268 and 21-CA-288, contended that he held no continuing interest once the Appellant was not declared the winner of the contested election .

22. This dismissal, following Defendant Douglas's failure to respond to the Final Complaint, raises concerns regarding the fairness of the judicial proceedings. The Appellant's allegations suggest a concerted effort by Defendants, involving legal maneuvers and misrepresentations, aimed at obstructing the Appellant's rightful claim to the public office.

**The Appellant Has Standing to Sue**

23. The Appellant asserts standing to sue despite the District Court's broad application of standing requirements to all defendants, including one against whom the same Court had ordered a default judgment. The District Court's reasoning, which led to the dismissal of standing, appears flawed in several

aspects:

a. The Court concluded that the Appellant lacked standing after the election took place, despite the Writ Nsi in Prohibition issued to the Appellant, prohibiting further actions to fill the seat by another candidate.

b. The Court expressed uncertainty regarding the Appellant's attendance at future city council meetings.

c. The Court cited an inability to ascertain if the Appellant would pursue candidacy for the position in the future.

24. The Court mischaracterized the entirety of the Final Complaint, asserting it solely revolved around the Appellant's seating, rather than focusing on the conspiratorial efforts that prevented the Appellant from obtaining the remedy granted in the Writ Nsi in Prohibition issued by the Third Circuit Court of Columbia County .

25. These grounds for dismissing the Appellant's standing overlook critical aspects of the case and fail to acknowledge the nuanced nature of the Appellant's claims. The Appellant contends that the focus of the complaint is not merely on securing a seat but on addressing the alleged concerted efforts that unlawfully barred the Appellant from assuming the position, a violation that necessitates legal redress.

**Appellant Suffered Injury**

26. The Dismissal Order contends that the Appellant did not suffer injury due to the defendants' actions. However, the Appellant argues that deprivation itself constitutes an injury. The methods employed by the defendants, as detailed in the Final Complaint, inflicted emotional distress, damaged the Appellant's reputation, and hindered her ability to benefit from the opportunity of holding public office .

27.

28. Despite variations in the defendants' actions in furtherance of the conspiracy, the District Court broadly applied its standing rationale to all defendants. However, the facts alleged in the Final Complaint differed among defendants. The three elements of standing - Injury in Fact, Causation, and Redressability - were met by the Appellant. The injuries suffered encompassed the loss of an opportunity to enjoy the protected public office, experience gained through campaigning, compensation, benefits, training from holding public office, and reputation damage from defamation by the defendants .

29.

30. Specifically, Defendant Douglas's role in advancing the conspiracy involved filing a frivolous lawsuit and leveraging court proceedings to induce the

delay necessary to comply with the threats from Defendants Agents for Equality. The harm inflicted directly resulted from Defendant Douglas's actions, as he attached a frivolous claim as an Interested Party to the Consolidated Trial Court Cases, prolonging the delay until the illegal election occurred. His intention was not to pursue candidacy or hold public office through the legal proceedings but to cause deliberate delays and a trial is the proceeding for the jury to hear what witnesses have explained (**Exhibit B**).

**Appellant Was Deprived of Due Process**

31. The Appellant claims a denial of due process rights as guaranteed by the Fifth Amendment to the United States Constitution . This denial allegedly occurred through actions of the City Defendants, who contravened the due process accorded by the Municipal Charter of Lake City, and by Defendant Fina, who disregarded due process rights under the Florida State Constitution . The District Court, in denying relief, is accused of further denying due process .

**Defamation of the Appellant**

32. The Defendants are accused of defaming the Appellant in violation of FS 836.04 by making false statements, including claims about criminal records, chastity, paternity of children, financial status, involvement in criminal

activities, health status, and implicating the Appellant in a brother's murder.

**Defendants' Role in Causing Defamation**

33. The Defendants are alleged to have allowed or caused the dissemination of false statements via social media platforms, local newspapers, public meetings, and interactions with individuals and businesses . Their negligence is asserted, suggesting that they either knew or should have known the falsity of the information through basic background checks.

**Appellant's Damages and Relief**

34. The Appellant claims various damages, including deprivation of public office, loss of income, legal representation costs, diminished earning potential, and expenses incurred due to the intentional infliction of emotional distress on the Appellant's children . Relief sought involves declaratory judgments to prevent the collection of election assessment fees, prevent district rezoning immediately post-election, and injunctive relief to enforce the Order Nisi in Prohibition.

**Punitive Damages**

35. The Appellant argues for punitive damages due to financial harm suffered, including loss of earnings, diminished earning potential, and expenses associated with ensuring the safety and education of her children.

## Conclusion

The Appellant, acting pro se, brings claims pursuant to 42 U.S.C. § 1983, alleging violations of federal laws and constitutional rights, along with various state law claims. The Defendants' alleged disregard for the law, lack of adherence to legal advice, and refusal to seek clarification have resulted in confusion and ethical issues within the community. The Appellant contends that matters contested in the Order of Dismissal should be determined by a jury rather than solely by judges.

Respectfully submitted on the 22nd day of December, 2023.

Signature:

Befaithful Coker, ProSe
befaithfulcoker@gmail.com
PO Box 15
Lake City, FL 32056
386.697.6075

**Exhibit A**

**<u>Defendants Justice Equality, Warren III, Bowden, Gambles, & George use the social media identity Agents Equality.</u>**

This evidence would be discoverable in a trial and presented to the jury.



**Agents Equality** is with **Denise Mayo** and **58 others**.

Sep 10 ·

Sneak Preview :Councilman Todd Sampson and Councilman Ricky Jernigan! BeFaithful they are both yours! Signed, stamped, and delivered by me to you! Monday (9/11/23) City Council Meeting at 6pm! Councilwoman Coker welcome aboard! See you at 6pm, right? They are going to have to pay you and give you the seat!!! Trust me! I hold the cards♠! In the words of mayor Witt: "you have pushed me to my limit Mr. Warren."Now, so have you city council! The New Black Code of Conduct says if you cross the Black Community or don't deliver for us as we ask then you pay the ultimate price!

**In 2021, Defendants Columbia County Board of County Commissioners managed and administered $7 million dollars in covid funds used as business stabilization grants. Defendants used these funds to distribute hundreds of thousands to eachother for ineligible businesses owned or affiliated with the Defendants. This information is discoverable and provided to a Jury.**

| VENDOR | CHECK AMOUNT |
|---|---|
| 1000 DEGREES PIZZERIA | -6,480.00 |
| 1000 DEGREES PIZZERIA | -8,920.00 |
| 1ST STREET MUSIC AND SOUND COMPANY | -37,490.00 |
| A & B CONSTRUCTION | -40,000.00 |
| A&S COMPLETE SERVICES LLC | -35,097.00 |
| A&T TRANSPORT | -40,000.00 |
| AAA AMERICAN TOWING OF NORTH FL | -14,695.00 |
| ABRAM D ROSSIN | -21,600.00 |
| ABRAM ROSSIN | -29,973.00 |
| AFG TRI STATE REALTY, INC. | -20,382.00 |
| AFG TRI STATE REALTY, INC. | -14,260.00 |
| ALIYATTA PAULLONE WESTON | -35,783.00 |
| AMERICA'S BEST VALUE INN - LC | -40,000.00 |
| ANGUS PARKER | -17,236.00 |
| ANTJUAN CAMIEL | -35,037.00 |
| ASHANTI'S BEAUTY BAR | -32,295.00 |
| ASPIRE DENTAL GROUP | -40,000.00 |
| AUM SAI INC | -40,000.00 |
| AUTO AND DIESEL REPAIR LLC | -40,000.00 |
| AUTOMOTIVE SERVICES LLC | -40,000.00 |
| AWESOME MEALS TO GO, LLC | -35,411.00 |
| AXXESS DEVELOPMENT LLC | -40,000.00 |
| B N J AFFORDABLE PARTY ENTERTAINMEN | -5,150.00 |
| B N J AFFORDABLE PARTY ENTERTAINMEN | -9,621.00 |
| BAG FARMS LLC | -5,645.00 |
| BC LOGISTICS LLC | -40,000.00 |
| BERNARD GRAHAM | -40,000.00 |
| BERT CHAPLIN TAX SERVICE | -8,540.00 |
| BETWEEN THE LINES SPORT | -2,758.00 |
| BIDS OF LAKE CITY INC. | -40,000.00 |
| BIG B'S BBQ | -31,876.00 |
| BLANCHE MASTER TENANT LLC | -40,000.00 |
| BLOW RYDERWOOD LLC | -9,981.00 |
| BOSS PALACE | -5,000.00 |
| BRENDA L JERNIGAN | -2,506.00 |
| BRIAN'S SPORTS LLC | -40,000.00 |
| BRUCE JEWELL ENTERPRISES | -14,786.00 |
| BUCKS BBQ AND FRY, LLC | -22,159.00 |
| BUDDY'S TREE SERVICE, LLC | -40,000.00 |
| C LEE ENTERPRISES LLC | -20,878.00 |
| C&V LEGACY PRESSURE WASH & DETAIL | -40,000.00 |
| CAROL CHADWICK | -23,733.00 |
| CASON'S CUSTOM WOOD WORKS AND MORE | -40,000.00 |
| CHAD OWENS | -33,860.00 |
| CHRISTA JONES | -7,121.00 |
| CINDY SANCHEZ | -15,821.00 |

| | |
|---|---|
| GLENN'S FLOOR CARE | -15,907.00 |
| GLENN'S FLOOR CARE | -16,000.00 |
| GLOBAL LIQUIDATIONS INC. | -27,830.00 |
| GOOD TIMES PARTY PLANNING & RENTALS | -547.00 |
| GRACE PEDIATRICS PL | -40,000.00 |
| GRAHAM TRANSPORT LLC | -40,000.00 |
| GROVER A. LEWIS | -6,010.00 |
| HAIR BY NICK ADAMS INC | -40,000.00 |
| HAIR GRAPHICS | -8,241.00 |
| HALPATTER BREWING COMPANY | -13,252.00 |
| HILFORD ENTERPRISES, LLC | -22,715.00 |
| HIP INNOVATIONS, LLC | -40,000.00 |
| HOLLY FRAZIER | -3,537.00 |
| HORSESHOEING PLUS, LLC | -9,084.00 |
| HUXFORD NETWORK LLC | -40,000.00 |
| IANTD | -40,000.00 |
| IMPERIAL EVENT PRODUCTIONS, LLC | -36,430.00 |
| J B MILTON CABINET SHOP | -14,992.00 |
| J&G RENTALS OF NORTH FLORIDA, LLC | -3,115.00 |
| JAMES B PARRISH | -23,995.00 |
| JAMES ENGLISH | -27,293.00 |
| JAMIE REVIS ACCOUNTING SERVICES | -7,868.00 |
| JANET BOGGS KUYKENDALL | -2,683.00 |
| JANET MOSES | -10,991.00 |
| JASMINE'S NAIL SPA AT LAKE CITY | -20,000.00 |
| JD APPAREL, LLC | -549.00 |
| JD APPAREL, LLC | -19,859.00 |
| JENNIFER MILLER | -488.00 |
| JENNIFER OWENS | -40,000.00 |
| JENNIFER SCHRAUD | -13,700.00 |
| JESSICA LYNNE KLANDERUD | -3,947.00 |
| JONATHAN D. COHEN, PH.D. | -17,566.00 |
| JOSHUA N. MCCARDLE | -10,650.00 |
| JUANITA WESTON | -16,618.00 |
| JUST DEALS LIQUIDATIONS | -38,824.00 |
| K&H FRAMING/VINYL SIDING, INC. | -40,000.00 |
| K&KD TRUCKING INC | -40,000.00 |
| KATRINA HILL DUNMORE | -15,609.00 |
| KAYS TOUR AND CRUISE CENTER | -40,000.00 |
| KELSEY LOVETTE | -7,427.00 |
| KELSTON SUND INC | -14,916.00 |
| KENDRICKS KITCHEN & BBQ | -13,574.00 |
| KENNEDY ENTERPRISES, LLC | -8,005.00 |
| KEPHARTS CUSTOM FLOOR | -24,619.00 |
| KESHAS GRAPHIC DESIGN & EVENTS | -35,460.00 |
| KILEY A WADE | -2,434.00 |
| KIMBERLY WILSON | -36,053.00 |

| | |
|---|---|
| NICE & CLEAN MEDICAL SERVICES INC. | -24,455.00 |
| NIKKI GRISWOLD | -17,850.00 |
| NORMA DIANE JORDAN | -7,099.00 |
| NORTH FL MOBILE HOME INSTALLERS | -40,000.00 |
| NORTH FLORIDA MEDIA SERVICES | -5,017.00 |
| NORTH FLORIDA SURGERY CENTER, INC. | -40,000.00 |
| OCD PRO CLEAN LLC | -40,000.00 |
| ODELLS LLC | -9,796.00 |
| ON POINT HEALTHCARE STAFFING LLC | -40,000.00 |
| ON POINT HOME HEALTHCARE LLC | -40,000.00 |
| ORGANIZE ME HAPPY | -3,059.00 |
| PAINTING WITH A TWIST | -18,050.00 |
| PAMPY'S LATIN FOOD CORP | -13,205.00 |
| PARRISH & SONS PAINTING AND | -40,000.00 |
| PARRISH MEDI-VAN | -40,000.00 |
| PATRICIA WILLIAMS | -16,420.00 |
| PEELER'S MEDICAL TRANSPORT INC. | -17,971.16 |
| PERFECT KUTZ LAWN SERVICE AND MAINT | -22,217.00 |
| PRINT CITY GRAPHICS, INC. | -838.00 |
| QUIET WHISPER ASSISTED | -28,700.00 |
| QUIET WHISPER ASSISTED | -11,300.00 |
| RAYMOND DEE HALL LLC | -40,000.00 |
| REDS TAVERN | -25,574.00 |
| REGINALD TYRONE MULLINS JR | -25,085.00 |
| REVIS GLASS SERVICE, LLC | -12,624.00 |
| RIGHT WAY AUTOMOTIVE | -16,034.00 |
| RIGHT WAY AUTOMOTIVE | -23,966.00 |
| RNK ENTERPRISES LLC | -2,690.00 |
| ROBERTA HOSTICK | -4,072.00 |
| ROBERTA HOSTICK | -5,441.00 |
| ROBERTS EQUIPMENT COMPANY, LLC | -40,000.00 |
| RODGERY BRADLEY | -13,143.00 |
| RONALD TIMMONS INC. | -6,133.00 |
| SERENITY ENTERPRISES OF N FL INC | -40,000.00 |
| SHEERS STUDIOS | -5,974.00 |
| SHEPPARDS PROSPERITY AUTO DETAILING | -20,455.00 |
| SHEP'S TRUCKING | -40,000.00 |
| SHERMS AUTO REPAIR | -19,031.00 |
| SHESHESWORLD LLC | -6,547.00 |
| SHIRLEY ANN MULLINS | -31,646.00 |
| SHIRLEY'S RESTAURANT | -40,000.00 |
| SIERRAS CREATIONS & BEYOND | -31,914.00 |
| SIGNCRAFT & MORE, INC. | -35,337.00 |
| SLEEP SOLUTIONS OF N. FLORIDA, INC. | -34,683.00 |
| STACY UDELL WILLIAMS | -11,905.00 |
| STEPHANY MULLIS | -7,539.00 |
| STEVEN A. BEACH | -9,731.00 |

| | |
|---|---|
| STEVENS RENTAL | -1,990.00 |
| SUMMERALL HOLDINGS LLC | -22,953.00 |
| SUPER B FREIGHT, LLC | -16,113.00 |
| SUPER B FREIGHT, LLC | -23,887.00 |
| SUPERIOR TIMBER & LAND MANAGEMENT | -40,000.00 |
| SUWANNEE LABORATORIES INC | -21,780.00 |
| T BRADLEY MCRAE PA | -40,000.00 |
| TED'S PAINTING UNLIMITED, LLC | -40,000.00 |
| TEEKO GRAPHICS, INC | -40,000.00 |
| TEENA RUFFO | -40,000.00 |
| TERRACE BAKER | -40,000.00 |
| THE CHICHI BOUDOIR | -40,000.00 |
| THE COUNTY CLUB OF LAKE CITY | -35,814.00 |
| THE LANDING FAMILY RESTAURANT LLC | -22,620.00 |
| THE MUSIC ACADEMY LLC | -25,812.00 |
| THE SKIN FIX, INC. | -40,000.00 |
| THE SOLOMON BUSINESS GROUP, LLC | -40,000.00 |
| THE SPA ON MARION, LLC | -40,000.00 |
| THE TAX STATION INC | -13,992.00 |
| TINA DONALDSON | -7,970.00 |
| TINA REDD | -8,080.00 |
| TNT TRANSPORT | -35,263.00 |
| TORREY WILCOXSON | -38,514.00 |
| TRULY YOU CONCIERGE AESTHETIC | -40,000.00 |
| TSCHARNA CALDWELL | -15,115.00 |
| TWENTYEIGHT FOURTEEN, LLC | -40,000.00 |
| UNDISPUTED CUTS BY DON G | -4,258.00 |
| UNDISPUTED CUTS BY DON G | -14,781.00 |
| W. BRADLEY LLC | -40,000.00 |
| W. K. U. TRUCKING LLC | -16,138.00 |
| WARREN DEVELOPMENT GROUP INC. | -6,599.00 |
| WARREN DEVELOPMENT GROUP INC. | -33,401.00 |
| WARREN FINANCIAL SOLUTIONS INC | -9,440.73 |
| WEEKLY INN | -22,710.00 |
| WEGGIES LOUNGE | -36,271.00 |
| WESTSIDE TRUCKING | -23,500.00 |
| WILLIAM HIGHLAND | -30,794.00 |
| WILLIAM SCOTT CONSTRUCTION INC. | -20,957.00 |
| WILLIE J. LUCAS | -40,000.00 |
| WISE DOGS & PAWS LLC | -1,577.00 |
| YAHS PROTECTION COMPANY | -40,000.00 |
| YOU NEED A VACATION NOW LLC | -2,962.00 |

| | |
|---|---|
| KINGDOM TAX SERVICES LLC | -36,856.00 |
| KOBERLEIN LAW OFFICES, PLLC | -11,306.00 |
| L&C DEVELOPMENT GROUP LLC | -29,984.00 |
| LADONNA D BOYETTE | -30,369.00 |
| LAFARIOUS T. MULLINS | -29,498.00 |
| LAKE CITY LABORATORY, INC | -40,000.00 |
| LAQUASHA DIXON | -34,062.00 |
| LASHONDAS BEAUTI BOTIQUE | -36,457.00 |
| LAURA A LINDBOE | -3,075.00 |
| LEATHER SHOP OF LAKE CITY, INC | -20,000.00 |
| LEONA NUNLEY | -36,850.00 |
| LEONARD DIXON | -7,110.00 |
| LEWIS TRUCKIN INC | -40,000.00 |
| LG TRANSIT LLC | -40,000.00 |
| LINDA H. ODOM | -22,601.00 |
| LOCO OCHO CLOTHING | -40,000.00 |
| LOLLIPOP CHILDREN CENTER INC | -6,459.00 |
| LOLLIPOP HANGOUT INC. | -40,000.00 |
| LORETTA REED | -13,811.00 |
| LOVETT'S LAWN AND LANDSCAPING | -19,539.00 |
| LUNAR 11 ENTERTAINMENT LLC | -14,875.00 |
| LUNAR 11 ENTERTAINMENT LLC | -25,125.00 |
| LYNN CONNELL | -4,418.00 |
| M MORGAN TRUCKING INC. | -40,000.00 |
| MAGGIES PLACE LATIN CAFE INC. | -10,471.00 |
| MAGNOLIA FAMILY CARE CORP | -15,757.00 |
| MALCOLM GRAVES | -36,790.00 |
| MAMA JEANETTE'S INC. | -2,600.00 |
| MAMA JEANETTE'S INC. | -11,118.00 |
| ME VS ME | -40,000.00 |
| MELA MAGIC LLC | -39,810.00 |
| MEXI COCINA MOBILE KITCHEN LLC | -10,992.00 |
| MICHAEL ANDREW SMITH | -11,730.00 |
| MICHAEL D. HENDON | -36,977.00 |
| MIKES ALUMINUM OF LAKE CITY, INC | -30,539.00 |
| MIKES ALUMINUM OF LAKE CITY, INC | -9,461.00 |
| MOHAMMAD A. FAISAL, MD, PA | -40,000.00 |
| MORGAN, PARNELL, AND BURGESS | -40,000.00 |
| MORGAN, PARNELL, AND BURGESS | -40,000.00 |
| MOSES CLEANERS | -10,598.00 |
| MURRAY TIRE | -40,000.00 |
| NATASHA KATINA COMBS | -33,636.00 |
| NATIONAL DREDGING SERVICES, INC. | -40,000.00 |
| NETTIE DAVIS INC | -33,394.00 |
| NEW CREATION RECORDS LLC | -19,800.00 |
| NEW MISSION FINANCIAL, LLC | -4,796.00 |
| NEW RIVER TECHNOLOGY LLC | -21,627.00 |

| | |
|---|---|
| CMS PROFESSIONAL TRANSPORT, INC. | -40,000.00 |
| COAST MULTI-SPECIALTY MEDICAL GROUP | -40,000.00 |
| COLEDEAN CONSTRUCTION, LLC | -15,036.00 |
| COLLINS TRANSPORTATION, LLC | -28,891.00 |
| COLUMBIA COUNTY CYCLES INC | -15,033.00 |
| CORNERSTONE RESTAURANT | -40,000.00 |
| CRAIG L. HEIMBUCH | -13,267.00 |
| CREATIVE CONCRETE DESIGN OF | -40,000.00 |
| CUSTOM PROMO SOLUTIONS | -27,892.00 |
| D & H SALON LLC | -15,942.00 |
| D WILLIAMS MOBILE HOME INSTALLMENTS | -40,000.00 |
| D&D TRUCKING | -12,426.00 |
| DADDY O'BRIEN'S | -30,118.00 |
| DAMARQUIS WILLIAMS | -21,240.00 |
| DARLENE E. MULLIS | -10,072.00 |
| DAWNDELLA BURCH | -25,479.00 |
| DEPENDABLE TRANSIT SERVICE, LLC | -12,359.00 |
| DONALD GILLYARD | -33,282.00 |
| D'S DESIGNS LLC | -11,252.00 |
| DYAN JEANETTE WARNER | -30,655.00 |
| ED'S BELLY BUSTIN' BBQ | -35,653.00 |
| EMPIRE GOLD & PAWN LLC | -40,000.00 |
| ERIC SPENCER HUNLEY CONTRACTING LLC | -11,833.00 |
| FAMILY & FRIENDS ENVIRONMENTAL INC | -40,000.00 |
| FIFI KOCHOVOS | -4,237.00 |
| FIFTH GNERATION FARMS | -30,683.00 |
| FIRST SOUTH INSURANCE | -40,000.00 |
| FLASH TOWING & TRANSPORT | -18,896.00 |
| FLORIDA CELL REPAIR, LLC | -40,000.00 |
| FOREST DAVIS | -31,900.00 |
| FRAMPTON'S MONUMENT COMPANY | -38,848.00 |
| FRANCENES SMITH | -18,070.00 |
| FRANCES MANDY | -22,721.00 |
| FRANKIES PLACE | -7,019.00 |
| FRANKS PLACE | -40,000.00 |
| FRIENDLY COMPANY INC. | -23,230.00 |
| FRIENDLY COMPANY INC. | -10,951.00 |
| FTS LIMOUSINE | -40,000.00 |
| FUTURE FITNESS OF NORTH FLORIDA INC | -11,371.00 |
| FUTURE FITNESS OF NORTH FLORIDA INC | -4,948.00 |
| GARNER, LLC | -12,924.00 |
| GASKINS APIARIES INC. | -16,992.00 |
| GATEWAY INN | -21,959.00 |
| GEGEE'S STUDIO DAY SPA & SALON | -4,164.00 |
| GENEVA C. GIBSON | -35,672.00 |
| GEORGE CONSTRUCTION LLC | -6,936.00 |
| GLAMOUR BY DESIGN, LLC | -6,136.00 |

**PPP Loan Data — Columbia County Board Of County Commissioners,** *Lake City, FL*

## Columbia County Board Of County Commissioners

**Entity:** Non-profit Organization

**Industry:** Administration of General Economic Programs

**Location:** Lake City, FL

Tweet This • Search All PPP Data

Columbia County Board Of County Commissioners is a non-profit organization located at 135 Ne Hernando Ave in Lake City, Florida that received a Coronavirus-related PPP loan from the SBA of **$51,000.00** in March, 2021.

Based on the standard PPP eligibility formula, it may be possible to estimate the payroll expenses represented by a company on their PPP application (see details above). In order to qualify for the PPP loan amount received, Columbia County Board Of County Commissioners' 2019 payroll expenses are estimated to be at least **$244,800**.

Based on their reported 4 jobs retained, this equals an estimated average yearly compensation of **$61,200 per employee**[1]

**Reported PPP Proceed Usage:**

On the PPP application, Columbia County Board Of County Commissioners reported intending to use the proceeds of their PPP loan for the following expenses:

- Payroll: $51,000

**Defendants have personal access to eachother in their residences despite the potential conflicts posed because they believe they are above the law.**

**Agents Equality** is with **Brenda Mccloud** and **86 others**.

Nov 1 ·

Community and Hamilton County 🚨 🚨: Shame on Sheriff Reid, Tony Man, Cornbread, and the rest of you dirty and corrupt cops who keep putting fake charges on people! Then the state attorney John Durrett who promised me in my living room and in Michael Osteen Law office he was going to be fair and not rubber stamp bad cops charges and lying reports! But he changed that tune! Stop using the state attorney office to weaponize bad cops and Sheriffs and Police Chiefs stop letting your officers weaponize their authority. My people and Black communities remember all of this at election time!

**Agents Equality** is with **Glenel Bowden** and **93 others**.
2h ·

Community: It was all good just a year ago! We talked 10 times a day! She will fall to sleep on you while on the phone! I am the same guy from day one! I am just trying to better my community and people! But those who promised to help me has gone from friend to foe! Few people and myself put it on the line everyday for the people! Now you all are allowing the other side to use you all against me and our people! It's all good! It hurts! But God built me for this and these times! Lastly, my deepest and most sincere apologies for asking you all to vote for people who promise to help but has switched out! Never again, my people!

8:05 5G

**Chevella Young**
Nov 23, 2022 ·

Warning Long Post.
Listen people! I'm making this post not to offend or defend the man in the picture but to make a statement and prayerfully answer some unasked questions and also to say THANK YOU! You either know this man, Sylvester Warren, or you've heard of him as Agents Equality, the community activist or that guy on Facebook who has made great accomplishments, him who does too much or he whose accomplishments get overlooked because of his distasteful approaches.
I most times address him as Mr. Warren, as I commonly address folks Mr. or Ms. I can't say that I know Mr. Warren but I can say that he certainly called in a host of folk to the polls in my support on the 23rd day of August, Election Day. I watched him make many phone calls and not long after, the persons (young, middle age and elder) showed up with their I.D. as he reminded them to bring. I must say that I was really impressed by how so many people adhere to his requests.
I'm learning him by watching him (especially when he approaches those public podiums) and listening to him, just as I do you and others. I do not fear him! I do not envy him! I am not intimidated by him or his ways / approaches. As a matter of fact, I learn a lot from all aspects of his deliveries because instead of me pointing Mr. Warren to the mirror, I find myself at my own self examination mirror where I can see reflections of ME that need to be either shaped up, toned down or simple thrown out. It is a know fact that each person we encounter has a lesson that can be learned. Mr. Warren is openly RAW And for the record None of us are flawless and so many of us speak "Raw", about folk! The difference is Mr. Warren, Agents Equality, the community activist speaks publicly. One is no more wrong than the other!
Folk have been hurt emotionally, physically and financially by words and deeds of those lies spoken in "private" meetings/settings, these things spoken by the same folk who bashes those who speak publicly.
The truth of the matter is, I've even tried but the words just couldn't roll from my lips; I don't because I can't, Thank

8:06 5G

**Chevella Young**
Nov 23, 2022 ·

couldn't roll from my lips; I don't because I can't, Thank You Jesus!
Yes!, At the city council meeting Mr. Warren made one of probably many remarks (CP Time) that I deem not so pleasant and also offensive. I said to him, " What's with you at that podium talking bout CP time? Don't start that foolishness!"
Him: Awe Church Lady I just got mic happy, y'all know how I do
Listen!, It's alright! The ride might get bumpy but we're going to be straight because growth is our aim. I strive daily to look to and for that which can be appreciated rather than that which can be disdained. I see much to be appreciated in Mr. Warren and pray God is working to change that which is contrary to that I've prayed with and I continuously pray for Mr. Warren, not that God will do what I want God to do through him but that the desires of God be manifested in and through him.
I love each of you and I pray God strengthens us together, to ride this journey out together! We might fail in words and in deeds but we must not fail in love! Thank You Mr. Warren



**The Defendants used the services of an unregistered lobby agency NFPS simultaneously in a manner that would be discoverable and presented to a Jury.**

NFPS

PO BOX 3823
LAKE CITY, FL 32056
PHONE (386) 752-4675
FAX (386) 752-4674
www.nfps.net

February 2, 2023

Claudia S. Vega, P.E.
Director of Engineering
EDA Consultants
cvega@edafl.com

Re: Response to Gwynn Farms Subdivision Submittal Engineering Review.

Dear Mrs. Vega:

This is the response to the Gwynn Farms Subdivision Submittal Engineering Review. The items listed in the Review are listed below. The responses are below the listed items in red font. We have uploaded a revised set of plans as with our response as well. The original page numbers are referenced below, the updated page number is called out in red.

C-1:

1. Add North Arrow
    a. A North arrow was added to cover sheet.
2. According to the location map, there are some existing trees where Daffodil Lane is being constructed and along the eastern and southeastern edges of the subdivision. How these trees will be dealt with needs to be shown in a Demolition Plan sheet. The proposed Silt Fence layout will also need to be shown on the Demolition Plan sheet as well.
    a. A demolition plan was added to the plans see C-9. Silt fence is shown on the SWMF sheets as it does not need to be utilized elsewhere on the project.
3. Please submit the Stormwater Report for review.
    a. Engineering report for each pond has been included.
4. Include a Utility Plan showing the proposed utility connections to the lots.
    a. Sheet C-68 shows proposed utility connections.
5. Include a Proposed Grading plan showing how the lots and roads will be graded. Also, to show all of the proposed stormwater structures and how stormwater runoff will be captured in the proposed basins.
    a. Roadway cross sections show proposed grading. Lots will be sold individually after platting and construction of subdivision; exact grading will fall on the homeowner. All proposed drainage structures are shown on the SWMF sheets and roadway plan & profiles. See sheets C-80 thru C-82 for special grading areas.

C-6 (C-10):

1. Add the max stage to all the basin labels.
    a. Max stage label has been added to basin labels. Max stage was also previously displayed on each SWMF sheet. See sheets C-70, C-72, C-74, C-76.

*Start to Finish Engineering Solutions for Your Community*

I hereby certify that all the above statements and statements contained in any papers or plans submitted herewith are true and accurate to the best of my knowledge and belief.

If title holder(s) are represented by an agent, a letter of designation from the title holder(s) addressed to the Town Clerk must be attached.

Dalton Kurtz (NFPS)

Applicant/Agent Name

[signature]

Signature of Applicant/Agent

Date: 9-27-2022

ATTEST: T. R. White Jr.

Print Name: Terry R. White Jr.

ATTEST: Megan Carter

Print Name: Megan Carter

FOR OFFICE USE ONLY

Signature Date for Office Use Only: Date Filed______

Fee amount **$270.00** Check No. ______

Date of Hearing______ Date Notice Published______

Newspaper______ Board Adjustment Decision______

**2** | Page

October 13, 2021

To: Town of Fort White

Subject: Authorized Agent

Dear Sir or Madam:

This letter authorizes **Dalton Kurtz of North Florida Professional Services** to sign on behalf of myself, Rocky D. Ford as "Authorized Agent" in any and all Planning and Zoning matters, with regards to parcel No. 34-6S-16-04063-010.

Respectfully,

Rocky Ford

494 SW Dortch Street

Fort White, Fl. 32038



# Bleak finances, no records at White Springs

## Audit finds misdeeds by town manager, staff, council.

By JAMIE WACHTER

…RINGS — The Town of White Springs has a widespread problem complying with state laws, town ordinances and keeping reliable records, according to a state audit report released last week.

George

The operational audit, performed by the state's Auditor General following a legislative request from Sen. Corey Simon (R-Tallahassee) in the spring, and ordered by the Joint Legislative Auditing Committee, found 16 findings according to the report.

"Our audit disclosed a pervasive lack of adequate controls necessary to promote and encourage compliance with State laws, Town ordinances and regulations, contracts, grant agreements, and other applicable guidelines; reliability of records and reports; and the safeguarding of assets," according to the audit report summary.

The report regularly states town staff blamed issues on frequent staff turnover. Although the report also indicated a number of the problems were due to staff's ignorance of the state and Town Charter requirements.

White Springs Town Manager Vanessa George did not respond to multiple calls to Town Hall seeking comment on Thursday. White Springs Town Hall is closed on Fridays.

Derek Noonan, the audit manager of local government reviews and special audits, said the Auditor General will perform a follow-up audit within the next 18 months to see how the town is complying with the recommen-

FINANCES continued on 9A




12/11/23 Joint Legislative Auditing Committee - The Florida Channel - 12 Decemb...

Mick Shea · 10 days ago



## Exhibit B

**Witnesses are anxious to be heard in this case and the information they would share would be discoverable and presented to a Jury.**

Stephen is a GOOD man that got caught up in the same Circus as you.
That's it. Thank you.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS.**

This is to certify that this brief complies with Federal Rule of Appellate Procedure 32(a)(7). This brief is submitted in 14-point Times Roman, and contains 5,345 words.

Dated this 22nd day of December, 2023.

Signature: ______________________________________

Befaithful Coker, ProSe
PO Box 15
Lake City, FL 32056
befaithfulcoker@gmail.com
386.697.6075

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
**23-11160-B**

**BEFAITHFUL COKER**,
Appellant

**SYLVESTER WARREN**, III, et al.,
Appellees.

## CERTIFICATE OF SERVICE

The Appellant does hereby attest that on December 22, 2023. the Reply Brief of the Appellant was served electronically to all parties represented by counsel and via email and first class mail to pro se litigants as indicated below:

1. Defendants
   a. Sylvester Warren III
   b. Vanessa George
   c. Glennel Bowden
   d. Nathan Gambles, III
   e. Justice And Equality Coalition, Incorporated

2. City Defendants
   a. Audrey Sikes
   b. Jake Hill
   c. Eugene Jefferson
   d. Stephen Witt
   e. Fred Koberlein
   f. Christopher Todd Sampson
   g. Lake City Council

3. Christopher Todd Sampson

4. Kris Bradshaw Robinson

5. Stephen Douglas
    a. Via first class mail and email

6. County Defendants
    a. Ronald Williams
    b. Tomi Brown
    c. Columbia County Board Of County Commissioners
    d. Joel Fletcher Foreman- County Attorney - Columbia County Board Of County Commissioners

7. Lake City Reporter
    a. Todd Wilson
    b. Northeast Florida Newspapers, LLC

8. Chamber Defendants
    a. Steve Smith
    b. Lake City, Columbia County Chamber Of Commerce

9. Secretary of State
    a. David Fina

Befaithful Coker, Pro Se
Po Box 15 - Lake City, Florida 32056
386.697.6075
Befaithfulcoker@gmail.com